DAVIDOFF HUTCHER & CITRON LLP
Robert L. Rattet, Esq.
Craig M. Price, Esq.
John D. Molino, Esq.
120 Bloomingdale Road
White Plains, New York 10605
Telephone: (914) 381-7400
Email: rlr@dhclegal.com
       cmp@dhclegal.com
       jdm@dhclegal.com
*Proposed Counsel to the Debtors and Debtors-in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| SOUND VISION CARE, INC., | Case No.: 25-72421 (LAS) |
| Debtor. | |

_____/

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| SVC OF CORAM, LLC, | Case No.: 25- 72422 (LAS) |
| Debtor. | |

_____/

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| SVC OF EAST SETAUKET, LLC, | Case No.: 25- 72423 (LAS) |
| Debtor. | |

_____/

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| SVC OF RIVERHEAD, LLC, | Case No.: 25-72426 (LAS) |
| Debtor. | |

_____/

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| SVC OF SOUTHOLD, LLC, | Case No.: 25-72428 (LAS) |
| Debtor. | |
| _____/ | |
| IN RE: | Chapter 11 Case |
| SVC OF FRESH MEADOWS, LLC, | Case No.: 25-72424 (LAS) |
| Debtor. | |
| _____/ | |
| IN RE: | Chapter 11 Case |
| SVC OF MANHASSET, LLC, | Case No.: 25-72425 (LAS) |
| Debtor. | |
| _____/ | |

## DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby submit this motion (the "Motion")[1] seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing and authorizing the joint administration of these Chapter 11 cases (the "Chapter 11 Cases") and the consolidation thereof for procedural purposes only. In support of this Motion, the Debtors rely upon the *First Day Declaration* which will be filed with the Court on the date hereof and incorporated herein by reference, and respectfully represent as follows:

---

[1]    Capitalized terms used but not yet defined herein have the meanings ascribed to them later in this Motion or First Day Declaration, as applicable.

2

**Preliminary Statement**

1.      The Debtors estimate that, among the seven (7) debtor entities, there exists approximately fifty (50) creditors and parties-in-interest in these Chapter 11 Cases. Joint administration will allow for the efficient and convenient administration of these Chapter 11 Cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm the substantive right of any party in interest. In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court. The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date. The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion. The Debtors anticipate that their principal secured and unsecured creditors would not oppose the relief requested herein, which seeks procedural relief only.

**Background**

2.      On June 23, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code.

3.      The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No trustee, examiner, creditors' committee, or other official committee has been appointed in the Debtors' Chapter 11 Cases.

5.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the court and parties-in-interest to the First Day Declaration to be filed forthwith.

3

**Jurisdiction and Venue**

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7.      Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory predicates for the relief sought herein are sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b) of the Bankruptcy Rules and Local Rules 1015-1(A), 5005(G)(1)(a) and 9013-1(C)(14).

**Relief Requested**

9.      By this Motion, the Debtors seek entry of an order, substantially in the form attached as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these Chapter 11 Cases, and (b) granting related relief.  The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for the Chapter 11 Cases under the case of Sound Vision Care, Inc., and that the cases be administered under a consolidated caption, as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| | Chapter 11 Cases |
| In re: | |
| SOUND VISION CARE, INC., *et. al.*, | Case No. 25-72421 (LAS) |
| Debtors.[1] | (Jointly Administered) |

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Riverhead, LLC (9996), (v) SVC of Southold, LLC (4232), (vi) SVC of Fresh Meadows, LLC (4333), (vii) SVC of Manhasset, LLC (7234),. The Debtors' mailing address is 1224 Ostrander Avenue Riverhead, NY 11901.

10.     The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

11.     In addition, the Debtors seek the Court's direction that separate docket entries be made on the docket of the other Debtors substantially as follows:

12.     An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Sound Vision Care, Inc., SVC of Coram, LLC, SVC of East Setauket, LLC, SVC of Riverhead, LLC, SVC of Southold, LLC, SVC of Fresh Meadows, LLC, and SVC of Manhasset, LLC. The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-72421 (LAS).

13.     The Debtors also seek authority to fulfill the monthly operating report requirements required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the United States Trustee for the Eastern District of New York (the "U.S. Trustee"), in accordance with the applicable instructions for UST Form 11-MOR: Monthly Operating Report.

### Basis for Relief

14.     Bankruptcy Rule 1015(b) provides in relevant part, as follows: "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Bankruptcy Rule 1015(b).

15.     As described in the First Day Declaration, the Debtors are "affiliates" as that term is defined section 101(2) of the Bankruptcy Code.  The Debtors operate as an integrated business with common ownership and control.  The Debtors also share a number of financial and operational

5

systems. As a result, many of the motions, hearings and orders that will arise in these cases will affect all of the Debtors.

16.    Courts in this District routinely order joint administration of related chapter 11 cases for procedural purposes. *See, e.g.*, *In re Global Aviation Holdings Inc.*, Case No. 12- 40783 (CEC) (Bankr. E.D.N.Y. February 6, 2012) [Docket No. 30]; *In re The Brown Publishing Co.*, Case No. 10-73295 (AST) (Bankr. E.D.N.Y. May 5, 2010) [Docket No. 27]; *In re Changing World Technologies, Inc.*, Case No. 09-71487 (AST) (Bankr. E.D.N.Y. April 16, 2009) [Docket No. 42]; *In re Caritas Health Care, Inc.*, Case No. 09-40901 (CEC) (Bankr. E.D.N.Y. Feb. 10, 2009) [Docket No. 28]; *In re the Brooklyn Hospital Center*, Case No. 05-26990 (CEC) (Bankr. E.D.N.Y. Sept. 30, 2005) [Docket No. 21]. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

17.    The Debtors submit that joint administration of their Chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings, and orders, and will therefore save considerable time and expense for the Debtors and their estates.

18.    The rights of respective creditors of the Debtors will not be adversely affected by joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified. Given the foregoing,

6

joint administration of these Chapter 11 Cases will not give rise to any conflict of interest among the estates in these cases and will allow for a more cost effective and streamlined process.

19.     Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors, their estates, and other parties-in-interest.

Notice

20.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Eastern District of New York; (d) the Internal Revenue Service; (e) the offices of the New York Attorney General; (f) the Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

No Prior Request

21.     No prior motion for the relief requested herein has been made to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: June 23, 2025
      New York, New York            Respectfully submitted,


By: *<u>/s/Robert L. Rattet</u>*
     Robert L. Rattet, Esq.
 New York Bar No. 1674118
Craig M. Price
  New York Bar No. 3894268
John D. Molino
 New York Bar No. 5793435
**DAVIDOFF HUTCHER & CITRON LLP**
605 Third Avenue
New York, New York 10158
Telephone:  (212) 557-7200
Email:   rlr@dhclegal.com
       cmp@dhclegal.com
       jdm@dhclegal.com

*Proposed Counsel for the Debtors and Debtors-in Possession*

8

**EXHIBIT A**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

IN RE:                                                          Chapter 11 Case

SOUND VISION CARE, INC.,                         Case No.: 25-72421 (LAS)

      Debtor.

_____/

IN RE:                                                          Chapter 11 Case

SVC OF CORAM, LLC,                                 Case No.: 25-72422 (LAS)

      Debtor.

_____/

IN RE:                                                          Chapter 11 Case

SVC OF EAST SETAUKET, LLC,                   Case No.: 25-72423 (LAS)

      Debtor.

_____/

IN RE:                                                          Chapter 11 Case

SVC OF RIVERHEAD, LLC,                          Case No.: 25-72426 (LAS)

      Debtor.

_____/

IN RE:                                                          Chapter 11 Case

SVC OF SOUTHOLD, LLC,                           Case No.: 25-72428 (LAS)

      Debtor.

_____/

IN RE:                                                          Chapter 11 Case

SVC OF FRESH MEADOWS, LLC,                 Case No.: 25-72424 (LAS)

      Debtor.

_____/

IN RE:                                                                    Chapter 11 Case

SVC OF MANHASSET, LLC,                                   Case No.: 25-72425 (LAS)

     Debtor.

_____/

**ORDER DIRECTING (I) JOINT ADMINISTRATION OF
THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding and venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes

only and shall be jointly administered by the Court under Case No. 25-72421 (LAS).

3.      The Caption of the jointly administered cases should read as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____/

IN RE:

SOUND VISION CARE, INC, *et. al.*,                    Chapter 11 Cases

                                                      Case No. 25-72421  (LAS)

        Debtors.[1]                                   (Jointly Administered)
_____/

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of

the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket

of each of the other debtors' dockets to reflect the joint administration of these chapter 11 cases:

22.      An order has been entered in accordance with Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure directing the procedural consolidation and joint administration of the

chapter 11 cases of Sound Vision Care, Inc., SVC of Coram, LLC, SVC of East Setauket, LLC,

SVC of Riverhead, LLC, SVC of Southold, LLC, SVC of Fresh Meadows, LLC, and SVC of

---

[1]     The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Riverhead, LLC (9996), (v) SVC of Southold, LLC (4232), (vi) SVC of Fresh Meadows, LLC (4333), (vii) SVC of Manhasset, LLC (7234). The Debtors' mailing address is 1224 Ostrander Avenue Riverhead, NY 11901.

3

Manhasset, LLC. The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-72421 (LAS).

6. The Debtors shall maintain, and the Clerk of the Court shall keep one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. The Debtors shall file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for the Debtors in Possession and Trustees, issued by the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules of this Court are satisfied by such notice.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Central Islip, New York
Dated: _____, 2025

THE HONORABLE LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE

4