DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone: (914) 381-7400
Robert L. Rattet, Esq.
Craig M. Price, Esq.
John D. Molino, Esq.

*Proposed Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

| | |
|---|---|
| In re: | Chapter 11 Case |
| SOUND VISION CARE, INC, *et. al.*, | Case No.: 25-72421 (LAS) |
| Debtors.[1] | (Jointly Administered) |

———————————————————————/

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING (I) POST-PETITION RETAINER PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (the "Debtors"), by and through its proposed undersigned counsel, hereby submits this motion (the "Motion") seeking entry of an order (the "Order"), substantially in the form attached as **Exhibit A** to *Application to Employ and Retain Davidoff Hutcher & Citron LLP as Attorneys for the Debtors, Effective as of June 23, 2025* [Docket No. 35] (the "Application"), which is fully incorporated herein, authorizing the Debtors to pay a post-petition retainer of $15,000.00 (the "Retainer") to its bankruptcy counsel, Davidoff Hutcher & Citron LLP ("DHC"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Riverhead, LLC (9996), (v) SVC of Southold, LLC (4232), (vi) SVC of Fresh Meadows, LLC (), (x) SVC of Manhasset, LLC (4333). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY.

**Jurisdiction and Venue**

1.       The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 105(a) and 363(b)of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

**Background**

4.       On June 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Thereafter, the instant proceedings were referred to your Honor for joint administration under the Bankruptcy Code. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5.       Immediately prior to the Petition Date, Kristin Biggs, one of the Debtors' administrators, used funds from the Debtors to pay DHC a retainer of $15,000.00. This Motion seeks authorization to pay DHC an additional retainer of $15,000.00, for a total of $30,000.00.

6.      The Debtors have filed their Application to be retained by the Debtors contemporaneously with this Motion.  The Order attached to the Application would approve both the Application and this Motion.

## Relief Requested

7.      By this Motion, the Debtors seek entry of the Order authorizing the Debtors to pay DHC the Retainer in connection with the Application as attorneys.

## DHC's Qualifications

8.      The Debtors have determined that the retention of DHC as bankruptcy counsel is necessary for the successful administration of the Chapter 11 Cases, and that DHC's employment would be in the best interests of the Debtors' estates. The Debtors seek authorization to pay DHC the Retainer in connection with the Application because of DHC's recognized expertise and knowledge in the field of debtors' protections, creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. DHC regularly represents Chapter 11 debtors in the Southern and Eastern Districts of New York as well as other states including Texas and Florida. DHC is well qualified by its expertise and experience to serve as bankruptcy counsel to the Debtors in this proceeding.

9.      In preparing for its representation of the Debtors in these Chapter 11 Cases, DHC has become familiar with the Debtors' business and many of the potential legal issues that may arise in the context of these Chapter 11 Cases. The Debtors believe that DHC is both well-qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner. The Debtors have determined that a post-petition retainer to obtain the services of DHC as its attorneys will substantially enhance its ability to (i) operate and meet its

administrative obligations in this case; and (ii) preserve and maximize the value of all assets of the estates.

**Basis for Relief**

10.     In order to secure DHC's services to the Debtors in these Chapter 11 Cases, the Debtors hereby request authorization to pay DHC the Retainer for services to be rendered and expenses to be incurred in connection with the Debtors' Chapter 11 Cases, pursuant to sections 105 and 363 of the Bankruptcy Code.

11.     Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such action." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (requiring the debtor to show a "good business reason" for a proposed transaction under section 363(b)).

12.     Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein. Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue and order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990) (Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code). Indeed, the relief requests herein is consistent with the relief generally approved by bankruptcy courts. *In re*

4

*K.G. IM, LLC*, 620 B.R. 469, 486–87 (Bankr. S.D.N.Y. 2020) (same); *In re Nine West Holdings, Inc.*, 588 B.R. 678, 687–88 (Bankr. S.D.N.Y. 2018) (same).

13.     The decision to pay the Retainer should be authorized because it is a sound exercise of the Debtors' business judgment. As set forth in the Application, DHC has extensive experience representing debtors in Chapter 11 cases in this district. DHC has considerable experience advising companies like the Debtors through corporate restructurings, and DHC's personnel are well qualified and equipped to represent the Debtors. DHC will provide services that are in the best interests of all parties in interest in these Chapter 11 Cases.

## Notice

14.     The Debtors will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the Eastern District of New York; (b) the holders of the 20 largest unsecured claims against the Debtor; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

15.     No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally blank*]

5

**WHEREFORE**, the Debtors respectfully request authorization to pay the Retainer in accordance with the Order attached to the Application, granting the relief requested herein and granting such other relief as is just and proper.

Dated: New York, New York
 July 10, 2025

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for the Debtors*
605 Third Avenue
New York, New York 10158
(212) 557-7200


By:*/s/ Robert L. Rattet*
    Robert L. Rattet, Esq.