DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone:  (914) 381-7400
Robert L. Rattet, Esq.
Craig M. Price, Esq.
John D. Molino, Esq.

*Proposed Counsel to the Debtors and Debtors
in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case |
| SOUND VISION CARE, INC, *et. al.*, | Case No.: 25-72421 (LAS) |
| Debtors.[1] | (Jointly Administered) |

**FIRST SUUPLEMENTAL AFFIDAVIT OF DAVID P. MACDONALD,
CPA., IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND
APPROVING THE EMPLOYMENT AND RETENTION OF MACDONALD, RAND
& VOLLARO CPA'S LLP AS SPECIAL TAX ADVISORS TO THE DEBTORS**

STATE OF NEW YORK          )
                                             ) ss:
COUNTY OF SUFFOLK        )

David P. MacDonald, a certified public accountant ("CPA")[2] states the following to be

true under the penalties of perjury:

1.      I am the partner at MacDonald, Rand & Vollaro CPA LLP ("MRV"), which

maintains an office at 550 Route 25A, Rocky Point, New York 11778.

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2]    Capitalized terms not defined herein shall have the meanings as set forth in the Application.

2.      I submit this Affidavit (this "Supplemental Affidavit") to supplement the affidavit in support of the application ("Application") of the above-captioned debtors and debtors-in-possession (the "Debtors") pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), Rules 2014(a) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the retention of MRV as special tax counsel to the Debtors [ECF Docket No. 52].  Unless otherwise stated, I am fully familiar with the facts set forth in this affidavit.

3.      The Debtors have requested, and MRV has agreed, to represent and advise the Debtors pursuant to section 327(e) of the Bankruptcy Code in connection with the performance and completion of the agreed to Tax Services, as defined in the annexed Application.

4.      MRV had certain outstanding billing fees owed by the Debtors on account of MRV's pre-petition services to the Debtors.  MRV has determined to waive such amounts and as a result, does not possess any prepetition claims against the Debtors' estates.

5.      As such, to the best of my knowledge, after due inquiry, MRV does not have any additional direct or indirect relationship to, connection with or interest in the Debtors or other parties-in-interest, or represent an interest adverse to the Debtors or to their estates with respect to the matters for which MRV is to be engaged.

6.      Neither I, not any member, associate, nor employee of MRV represents any entities other than the Debtors in connection with the Chapter 11 Cases.

7.      To the best of my knowledge, neither I, nor MRV or any employees of MRV, have any connections with William Harrington, the U.S. Trustee for Region 2, nor any employees of the Office of the U.S. Trustee, Region 2.

8.      In connection with the aforementioned, MRV has reviewed a list provided by

Debtors' bankruptcy counsel setting forth Debtors' creditors as of date set forth below.  Based on the conflict search conducted to date and as described herein, to the best of my knowledge, neither I, nor any partner, associate, or staff of MRV represent and generally has not represented any of these entities in connection with the Debtors or this Chapter 11 Cases.

9.      MRV intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Orders of this Court.

10.     I know of no reason why MRV cannot act as special tax advisors to the Debtors, and respectfully request that MRV be appointed as special tax advisors on the terms described herein.

Rocky Point, New York
August 13, 2025

By:*/s/ David P. MacDonald*
David. P. MacDonald, CPA.

3