UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE:                                                                  Chapter 11 Case

SOUND VISION CARE, INC., *et. al.*,                    Case No.: 25-72421 (LAS)

        Debtors.[1]                                        (Jointly Administered)

---
    /

**FINAL ORDER (A) PROHIBITING UTILITY COMPANIES FROM
DISCONTINUING, ALTERING, OR REFUSING SERVICE,
(B) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE
ASSURANCE OF PAYMENT, AND (C) ESTABLISHING PROCEDURES
FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order"): (a) prohibiting providers of water, electricity, gas, sewer, waste management and telecommunications services directly to the Debtors (collectively, the "Utility Providers") from discontinuing, altering, or refusing service to the Debtors except as set forth in the Motion; (b) determining that the Utility Providers have been provided with adequate assurance of payment on the basis of the Utility Deposits; and (c) approving the Debtors' proposed procedures for Utility Providers to request additional assurance of payment; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a further hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors shall pay on a timely basis all postpetition utility charges in accordance with their prepetition practices for postpetition utility services rendered by the Utility Providers to the Debtors.

3.      The Debtors are deemed to have furnished the Utility Providers with adequate assurance of payment for postpetition services by providing the Utility Deposits. With respect to any Added Utility Provider, the Debtors will provide a deposit to the Added Utility Provider equal to 50% of the estimated cost of one month of such Added Utility Provider's services utilized by the Debtors, based on a yearly average.

4.      Absent any further order of this Court, and except as set forth otherwise in this Final Order, all Utility Providers are prohibited from: (a) discontinuing, altering, or refusing service to the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges; and (b) discriminating against the Debtors, or requiring the payment of a security deposit or receipt of any other security from the Debtors for continued service, as a result of the Debtors'

bankruptcy filing or any outstanding prepetition invoices, except as set forth herein.

5.      The procedures for determining requests for additional assurance of payment as described in the Motion are approved as follows:

i.      Absent any further order of this Court and except as provided in this Final Order, Utility Companies shall not (a) alter, refuse, or discontinue service to, or discriminate against, the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges, or (b) request provision of a deposit or receipt of other security in connection with any unpaid prepetition charges.

ii.     The Debtors previously served the Motion and a copy of the signed Interim Order on each of the Utility Companies identified on the list attached to the Motion as **Exhibit C**, as supplemented. If the Debtors learn that a Utility Provider was omitted from **Exhibit C**, the Debtors shall file a supplement to **Exhibit C**, adding the name of such Utility Provider (the "Added Utility Provider"), and shall promptly serve such Added Utility Provider with a copy of the Motion and this Final Order (each such service, a "Supplemental Service").

iii.    Any Utility Provider may request additional adequate assurance of payment (an "Additional Payment Request") by submitting a written request to counsel to the Debtors, Davidoff, Hutcher & Citron LLP, 605 Third Avenue, New York, NY 10158, Attn: Jack Molino.

iv.     Any Additional Payment Request must (a) be in writing; (b) set forth the location for which utility services are provided; (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (d) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth in this Final Order does not constitute satisfactory adequate assurance of payment; and (e) include a proposal for what would constitute adequate assurance of payment from the Debtors, along with an explanation of why such proposal is reasonable.

v.      If a Utility Provider makes an Additional Payment Request that the Debtors believe is reasonable, the Debtors are authorized to comply, in their sole discretion, with such request without further order of this Court.

vi.     If the Debtors believe that a Utility Provider's Additional Payment Request is unreasonable, the Debtors shall schedule a hearing within a reasonable time following the submission of such Request (a "Determination Hearing") to determine whether additional assurance of payment to such Utility Provider is necessary. If the Utility Provider reaches an agreement with the Debtors before the Determination Hearing, such agreement shall be deemed to be adequate assurance

of payment that is satisfactory to the Utility Provider.

vii.    Pending resolution of a Utility Provider's Additional Payment Request at a Determination Hearing, such party shall be prohibited from altering, refusing, or discontinuing service to the Debtors or discriminating against the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges.

viii.   Upon receipt of a Utility Deposit, a Utility Provider shall be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment.

6.    The Debtors are authorized, in their sole discretion, to amend the list of Utility Providers attached as **Exhibit C** to the Motion to add or delete any Utility Provider.

7.    Nothing in this Final Order or on **Exhibit C** constitutes a finding that any entity is or is not a Utility Provider for purposes of this Final Order or under section 366 of the Bankruptcy Code.

8.    The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

9.    Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion (including any exhibits attached thereto); (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (vii) to create any rights in favor of, or enhance the status of, any claim held by any person or entity. 10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of

Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10.     Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Final Order.

Dated: August 27, 2025
    Central Islip, New York



Louis A. Scarcella
United States Bankruptcy Judge