United States Bankruptcy Court

Eastern District of New York

In re:

Sound Vision Care, Inc.

     Debtor

Case No. 25-72421-las

Chapter 11

# CERTIFICATE OF NOTICE

| District/off: 0207-8 | User: admin | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Aug 28, 2025 | Form ID: pdf000 | Total Noticed: 13 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 30, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Sound Vision Care, Inc., 1224 Ostrander Avenue, Riverhead, NY 11901-2109 |
| cr | + | Bank of America, N.A., Buchanan Ingersoll & Rooney PC, c/o Christopher P. Schueller, 640 5th Avenue, 9th Floor, New York, NY 10019 UNITED STATES 10019-6102 |
| cr | ++ | DAVIS PROFESSIONAL PARK LLC, ATTN C/O DAMIANOS REALTY GROUP LLC, 222 MIDDLE COUNTRY ROAD SUITE 300, SMITHTOWN NY 11787-2827 address filed with court:, Davis Professional Park LLC, c/o /Damianos Realty Group LLC, 222 Middle Country Road Suite 300, Smithtown, NY 11787, UNITED STATES |
| cr | + | Flushing Bank, c/o Certilman Balin Adler & Hyman, LLP., 90 Merrick Avenue, East Meadow, NY 11554-1571 |
| intp | + | Kapitus Servicing Inc., as authorized sub-servicin, c/o Rivkin Radler LLP, 926 RXR Plaza, Uniondale, NY 11556-0926 |
| cr | + | Leaf Capital Funding, LLC, c/o Goetz Platzer LLP, One Penn Plaza, Suite 3100, New York, NY 10119-3100 |
| jtadmdb | + | SVC of Coram, LLC, 1721 North Ocean Ave., Suite A, Medford, NY 11763-2684 |
| jtadmdb | | SVC of East Setauket, LLC, 215 Hallock Rd, Suite 2, Stony Brook, NY 11790-3077 |
| jtadmdb | + | SVC of Fresh Meadows, LLC, 61-30A 190th St., Suite A, Fresh Meadows, NY 11365-2700 |
| jtadmdb | | SVC of Manhasset, LLC, 433 Plandome Road, Manhasset, NY 11030-1942 |
| jtadmdb | + | SVC of Riverhead, LLC, 1224 Ostrander Avenue, Riverhead, NY 11901-2109 |
| jtadmdb | | SVC of Southold, LLC, 44210 County Rd 48,, Suite 1, Southold, NY 11971-5032 |
| cr | + | US Eagle Federal Credit Union, c/o Moritt Hock & Hamroff LLP, 400 Garden City Plaza, Garden City, NY 11530-3322 |

TOTAL: 13

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: Generalcounsel@drgrealty.com | Aug 28 2025 18:14:00 | Davis Professional Park LLC, c/o /Damianos Realty Group LLC, 222 Middle Country Road Suite 300, Smithtown, NY 11787, UNITED STATES |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | CFG Merchant Solutions, LLC |
| cr | | Street Retail, LLC |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the**

**complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 30, 2025            Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 28, 2025 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Christopher P Schueller | on behalf of Creditor Bank of America  N.A. christopher.schueller@bipc.com, donna.curcio@bipc.com;joseph.roadarmel@bipc.com;eservice@bipc.com |
| James B. Glucksman | on behalf of Jointly Administered Debtor SVC of Southold  LLC jbg@dhclegal.com, ch11esq@yahoo.com |
| James B. Glucksman | on behalf of Jointly Administered Debtor SVC of Manhasset  LLC jbg@dhclegal.com, ch11esq@yahoo.com |
| James B. Glucksman | on behalf of Jointly Administered Debtor SVC of Coram  LLC jbg@dhclegal.com, ch11esq@yahoo.com |
| James B. Glucksman | on behalf of Jointly Administered Debtor SVC of East Setauket  LLC jbg@dhclegal.com, ch11esq@yahoo.com |
| James B. Glucksman | on behalf of Jointly Administered Debtor SVC of Fresh Meadows  LLC jbg@dhclegal.com, ch11esq@yahoo.com |
| James B. Glucksman | on behalf of Debtor Sound Vision Care  Inc. jbg@dhclegal.com, ch11esq@yahoo.com |
| James B. Glucksman | on behalf of Jointly Administered Debtor SVC of Riverhead  LLC jbg@dhclegal.com, ch11esq@yahoo.com |
| Jonathan S Pasternak | on behalf of Debtor Sound Vision Care  Inc. jsp@dhclegal.com, ms@dhclegal.com;rlr@dhclegal.com;jdm@dhclegal.com;jbg@dhclegal.com;cmp@dhclegal.com |
| Laurel D Roglen | on behalf of Creditor Street Retail  LLC roglenl@ballardspahr.com, lanoc@ballardspahr.com;carbonej@ballardspahr.com |
| Matthew V Spero | on behalf of Interested Party Kapitus Servicing Inc.  as authorized sub-servicing agent of Kapitus LLC matthew.spero@rivkin.com |
| Michael Kwiatkowski | on behalf of Creditor US Eagle Federal Credit Union mkwiatkowski@moritthock.com  crodriguez@cullenllp.com |
| Patricia C Delaney | on behalf of Creditor Davis Professional Park LLC pdelaney@drgrealty.com |
| Richard J McCord | on behalf of Creditor Flushing Bank rmccord@certilmanbalin.com afollett@certilmanbalin.com;cfollett@certilmanbalin.com;rnosek@certilmanbalin.com;CBAHECM@gmail.com;mmccord@certilmanbalin.com |
| Robert L Rattet | on behalf of Debtor SVC of Riverhead  LLC rlr@dhclegal.com, rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com |
| Robert L Rattet | on behalf of Debtor SVC of Fresh Meadows  LLC rlr@dhclegal.com, rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com |
| Robert L Rattet | on behalf of Jointly Administered Debtor SVC of Fresh Meadows  LLC rlr@dhclegal.com, rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com |
| Robert L Rattet | on behalf of Debtor SVC of Coram  LLC rlr@dhclegal.com, rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com |
| Robert L Rattet | on behalf of Debtor SVC of Southold  LLC rlr@dhclegal.com, rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com |

District/off: 0207-8                                  User: admin                                      Page 3 of 3

Date Rcvd: Aug 28, 2025                            Form ID: pdf000                               Total Noticed: 13

Robert L Rattet

on behalf of Debtor Sound Vision Care  Inc. rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet

on behalf of Jointly Administered Debtor SVC of East Setauket  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet

on behalf of Debtor SVC of Manhasset  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet

on behalf of Jointly Administered Debtor SVC of Southold  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet

on behalf of Jointly Administered Debtor SVC of Coram  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet

on behalf of Jointly Administered Debtor SVC of Riverhead  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet

on behalf of Debtor SVC of East Setauket  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet

on behalf of Jointly Administered Debtor SVC of Manhasset  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Shanna M Kaminski

on behalf of Interested Party CFG Merchant Solutions  LLC skaminski@kaminskilawpllc.com

Stephen M. Lasser

on behalf of Creditor Fresh Meadows Place West Street Retail  LLC slasser@lasserlg.com

Teresa Sadutto-Carley

on behalf of Creditor Leaf Capital Funding  LLC tsadutto@platzerlaw.com, mkaplan@platzerlaw.com

Theresa A Driscoll

on behalf of Creditor US Eagle Federal Credit Union tdriscoll@moritthock.com

Thomas J McNamara

on behalf of Creditor Flushing Bank tmcnamara@certilmanbalin.com

United States Trustee

USTPRegion02.LI.ECF@usdoj.gov

William J. Birmingham

william.birmingham@usdoj.gov


TOTAL: 34

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:                                              Chapter 11 Case

SOUND VISION CARE, INC., *et. al.*,                 Case No.: 25-72421 (LAS)

       Debtors.[1]                                  (Jointly Administered)

_____/

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO
OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN
PREPETITION AND POSTPETITION OBLIGATIONS RELATED THERETO,
(C) MAINTAIN EXISTING BUSINESS FORMS AND (D) CONTINUE TO PERFORM
INTERCOMPANY TRANSACTIONS,  (II) GRANTING SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY
BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the Motion dated June 26, 2025 (the "Motion")[2] of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") for, inter alia, entry of a final order (this "Final

Order"): (a) authorizing the Debtors to continue to (i) maintain their existing Cash Management

System, (ii) honor certain prepetition and postpetition obligations related thereto, (iii) use existing

business forms, and (iv) perform certain Intercompany Transactions, and (b) granting related

relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, and this Court having the power to enter a final order

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

---

[1]   The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Riverhead, LLC (9996), (v) SVC of Southold, LLC (4232), (vi) SVC of Fresh Meadows, LLC (4333), and (vii) SVC of Manhasset, LLC (7234). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2]   Terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

Debtors' notice of Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED**, on a final basis.

2. The Debtors are authorized to: (a) maintain their Cash Management System, in each case consistent with prepetition practice, (b) honor certain prepetition and post-petition obligations related thereto, (c) use existing business forms and books and records, and (d) continue Intercompany Transactions consistent with historical practice and honor prepetition and post-petition obligations related thereto.

3. The Debtors are authorized to: (a) continue to use, with the same account numbers, their Bank Accounts in existence as of the Petition Date, (b) use, in their present form, all correspondence and forms (including letterhead) without reference to the Debtors' status as debtors in possession, (c) treat the Debtors' Bank Accounts for all purposes as an account of the Debtors as debtors in possession, (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits, and (e) pay bank fees, including any prepetition amounts and to otherwise perform their obligations under the documents governing their Bank Accounts including, without limitation, to reimburse any bank, including the Bank, for any checks deposited with such bank that have been dishonored or returned for insufficient funds, and any reimbursement or other obligations, such as overdrafts. The Bank is

hereby authorized, without further order of this Court, to charge to the Debtors and deduct from the Bank Accounts any claims that are incurred in connection therewith in the ordinary course of business, whether such items are dated prior to, on, or subsequent to the Petition Date.

4.    The Bank is authorized to (a) continue to maintain, service, and administer their Bank Accounts as an account of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and credit card payments issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be and (b) without further order of this Court, charge and deduct all applicable fees (the "Bank Fees") from the Bank Accounts consistent with historical practice, whether such fees were incurred prior to, on, or subsequent to the Petition Date.

5.    The Debtors and the Bank may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business, including, without limitation, the closing of their Bank Accounts, or the opening of new accounts; *provided that* the Debtors will give timely notice to the U.S. Trustee and counsel to any statutory committee appointed in these Chapter 11 Cases of the closing of any Bank Account, the opening of new accounts, or any other material changes to the Cash Management System.

6.    The Debtors are authorized to open new accounts so long as any such new account is with the Debtors' existing Bank or with a bank that is (a) insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (b) designated as an authorized depository by the U.S. Trustee pursuant to the UST Guidelines, and (c) with a bank that agrees to be bound by the terms of this Order. As required herein, to the extent the Debtors open a new account, they shall provide

3

timely notice to the U.S. Trustee, and counsel to any statutory committee appointed in these Chapter 11 Cases.

7.  Subject to the terms set forth herein, any bank, including the Bank, may accept, honor and rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, or wires and other withdrawals are dated prior to, on, or subsequent to the Petition Date, and shall have no duty to independently inquire as to whether such payments are authorized by an order of this Court; and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored or (c) as a result of a good faith error made despite implementation of reasonable item-handling procedures shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored post-petition, or otherwise deemed to be in violation of this Order.

8.  Any banks, including the Bank, are: (a) further authorized to (i) honor the Debtors' directions with respect to the opening and closing of any Bank Account and (ii) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; and (b) have no duty to independently inquire as to whether such payments are authorized by an order of this Court; *provided that* the Bank shall not have any liability to any party for relying on the Debtors' directions or instructions regarding any of the foregoing.

9.  The Debtors are authorized to deposit funds in accordance with their established deposit practices in effect as of the Petition Date and, to the extent that such deposit practice is

4

inconsistent with the requirements of section 345(b) of the Bankruptcy Code or the UST Guidelines, such requirements are waived, on a final basis, without prejudice to the Debtors' right to seek a further waiver.

10.    The Debtors are authorized to continue to enter into and engage in the Intercompany Transactions in the ordinary course of business on a post-petition basis and settle any prepetition Intercompany Claims discovered during a post-petition intercompany true-up that are related to costs not previously posted to the balances for each entity; *provided that* the Debtors shall not be authorized to undertake any Intercompany Transactions that are not on terms materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period. All post-petition payments from a Debtor to another Debtor under any post-petition Intercompany Transaction are hereby accorded administrative expense status. In connection with the Intercompany Transactions, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts. The Debtors shall make such records available upon request by the U.S. Trustee and any official statutory committee appointed in these Chapter 11 Cases.

11.    Nothing contained in the Motion of this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtors that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any interest or encumbrance on the property of any Debtors or its estate that existed as of the Petition Date.

12.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including an administrative claim status granted on account of intercompany

5

transactions), nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of any Debtors' or other party in interest's right to dispute any claim against, or interest in, any Debtors, its property, or its estates on any grounds; (c) a promise or requirement to pay any claim; (d) an assumption, adoption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion, or any order granting the relief requested by the Motion; (f) an implication, admission, or finding as to (i) the validity, enforceability, or perfection of any interest or encumbrance on the property of any Debtors or its estates or (ii) a waiver or limitation on any party's ability to challenge, recharacterize as equity, void, claw back, or seek other relief with respect to prepetition intercompany transactions or any particular payments authorized hereunder; (g) an impairment or waiver of any claims or causes of action which may exist against any entity; or (h) a waiver of any Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

13.    The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or funds transfer requests that re dishonored as a consequence of these Chapter 11 Cases, with respect to prepetition amounts owed where such payments are authorized by an order of this Court.

14.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on

6

the Debtors' designation of any particular check or electronic payment request as approved by this Order.

15.     The relief requested in the Motion satisfies the requirements of Bankruptcy Rule 6003(b) or are otherwise deemed waived.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order are immediately effective and enforceable upon its entry.  As soon as practicable after the entry of this Order, the Debtors shall serve this Order on the Bank.

18.     The Debtors are authorized to take all actions necessary and appropriate to effectuate the relief granted in this Order.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 28, 2025
    Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge