UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:                                                      Chapter 11 Case

SOUND VISION CARE, INC., *et al*.,              Case No.: 25-72421-las

        Debtors.[1]                                  (Jointly Administered)

_____/

### ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF DAVIDOFF HUTCHER & CITRON LLP AS ATTORNEYS FOR THE DEBTOR, EFFECTIVE AS OF JUNE 23, 2025

UPON the Application (the "Application"),[2] of the above-captioned debtors and debtors-in-possession (the "Debtors"), seeking to retain Davidoff Hutcher & Citron LLP ("DHC") as counsel for the Debtors pursuant to § 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and upon the accompanying Declaration of Robert L. Rattet attached to the Application; and the Court having found that DHC neither holds nor represents an interest adverse to the Debtors or their estates, is disinterested within the meaning of § 101(14) of the Bankruptcy Code, and that its employment is necessary and would be in the best interests of the Debtors' estates; and no additional notice being required; it is hereby

ORDERED, that the Application is granted as set forth herein; and it is further

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

ORDERED, that pursuant to § 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain DHC as their counsel in this case, effective as of June 23, 2025; and it is further

ORDERED, that DHC shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in this Chapter 11 case; and it is further

ORDERED, that DHC will not seek to use affiliates, independent contractors, subcontractors or subsidiaries of DHC to perform services without separate Court approval; and it is further

ORDERED, notwithstanding anything to the contrary to the terms of its engagement, professionals from DHC will bill time in 6-minute increments and will bill at 50% its rate for travel time and comply with the United States Trustee guidelines regarding fee entries and billing; and it is further

ORDERED, that compensation to DHC shall be sought upon, and compensated and reimbursed only following a noticed hearing and further order granting a proper application pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

ORDERED, that DHC shall apply any remaining amounts of its pre-petition retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved by the Court; and it is further

ORDERED, that at least ten (10) days before implementing any increases in DHC's rates for professionals in this case, DHC shall file a supplemental affidavit with the Court that shall

explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order; and it is further

ORDERED, that if there is any inconsistency between the terms of this Order, the Application, and the Declaration of Robert L. Rattet in support thereof, the terms of this Order shall govern.

Dated: Central Islip, New York
          September 3, 2025

No Objection

/s/ William J. Birmingham
Trial Attorney
Office of the United States Trustee

Dated: September 8, 2025
          Central Islip, New York



_Louis A. Scarcella_
Louis A. Scarcella
United States Bankruptcy Judge