DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone:  (914) 381-7400
Robert L. Rattet, Esq.
Craig M. Price, Esq.
John D. Molino, Esq.

*Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 Case |
| SOUND VISION CARE, INC, *et. al*., | Case No.: 25-72421 (LAS) |
| Debtors. [1] | (Jointly Administered) |

/

### SVC OF RIVERHEAD, LLC'S MOTION FOR EXTENSION OF TIME TO ASSUME OR REJECT ITS UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY UNDER SECTION 365(d)(4) OF THE BANKRUPTCY CODE

SVC of Riverhead, LLC ("SVC of Riverhead"), one of the above captioned debtors and debtors in possession (the "Debtor") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), by their undersigned counsel, hereby files this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, enlarging the time (the "Assumption/Rejection Period") for SVC of Riverhead to assume or reject the Riverhead Lease (as defined below) under which SVC of Riverhead is a lessee pursuant to section 365(d)(4) of the

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

Bankruptcy Code (as defined below), without prejudice to SVC of Riverhead's right to seek additional extensions thereof.  In support of this Motion, SVC of Riverhead respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## SUMMARY OF RELIEF REQUESTED

2.      By this Motion, SVC of Riverhead is seeking entry of the Proposed Order enlarging the Assumption/Rejection Period pursuant to section 364(d)(4) of the Bankruptcy Code, without prejudice to SVC of Riverhead's right to seek additional extensions thereof.

## GENERAL BACKGROUND

3.      On June 23, 2025 (the "Petition Date") the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.      The Debtors have continued in possession of their property and management of their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee, committee, or examiner has been appointed heretofore.

6.      As set forth in the *Declaration of Dr. Jeffrey Williams Jr. Pursuant to Local Bankruptcy Rule 1007-4* [ECF Docket No. 15], the Debtors operates retail optometry offices at six (6) locations in Long Island and New York City (collectively the "Premises").

2

7.     **Riverhead Location:**  SVC of Riverhead operates one of these locations at 1224 Ostrander Avenue, Riverhead, New York, pursuant to a lease (the "Riverhead Lease") with MadisonOne (the "Riverhead Landlord").

8.     SVC of Riverhead is current on all post-petition amounts outstanding under the Riverhead Lease.

**REQUEST TO EXTEND TIME TO ASSUME**
**OR REJECT LEASES AND EXECUTORY CONTRACTS**

9.     The Debtors' Chapter 11 Cases were filed recently, on June 23, 2025, in response to actions taken by merchant cash advance lenders, and was a "free-fall" bankruptcy.  The Debtors have, with the assistance of counsel and their financial advisors, CBIZ Forensic Consulting Group, LLP ("CBIZ"), used the past several weeks to organize and review the Debtors' finances and stabilize their business.  As such, the Debtors, their management, and their attorneys are still in the process of formulating a Chapter 11 plan and still in the process of determining whether to assume, reject, modify and/or extend their various leases, including the Riverhead Lease with the Riverhead Landlord.

10.     Section 365(d)(4) requires that:

(4)(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lease shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

(i)     the date that is 120 days after the date of the order for relief; or
(ii)    the date of the entry of an order confirming a plan.

11.     SVC of Riverhead's current Assumption/Rejection Period expires on October 21, 2025.  SVC of Riverhead therefore seeks entry of an order further extending its time to assume or reject the Riverhead Lease through January 19, 2026. This represents an enlargement of the

3

Assumption Rejection Period by approximately ninety (90) days in accordance with the limit proscribed by section 365(d)(4)(B)(i) of the Bankruptcy Code. 11 U.S.C. § 365(d)(4).

12.     Pursuant to section 365(d)(4) of the Bankruptcy Code, a debtor has an initial one hundred twenty (120) day period following the filing of a bankruptcy petition in which to elect to assume or reject unexpired leases of non-residential real property under which it is a lessee. *Id*. Such period may be extended by an additional ninety (90) days upon a motion for "cause", with any further extensions requiring the prior written consent of the lessors under such leases. *Id*.

13.     Courts have recognized that "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs.*, 989 F.2d 682, 689 (3d Cir. 1993).

14.     While "cause" is not defined in the Bankruptcy Code, the Second Circuit looks at a variety of factors to determine whether "cause" for extending 120-day period exists, including the following:

a.     whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a plan of reorganization;

b.     whether reversion will produce a windfall to the landlord;

c.     whether the cases are complex and involve a large number of leases;

d.     whether the debtor's continued occupation could damage the lessor beyond compensation available under the Bankruptcy Code;

e.     whether the lessor continues to receive postpetition rental payments;

f.     whether the debtor has had insufficient time to develop a plan; and g. any other facts showing a lack of reasonable time to decide whether to assume or reject.

See S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 760–61 (2d Cir. 1996); In re 611 Sixth Avenue Corp., 191 B.R. 295, 298 (Bankr. S.D.N.Y. 1996); In re Wedtech Corp., 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987).

15.    These factors are non-exhaustive and bankruptcy courts may consider other factors based on the particular facts of the case. See In re Wedtech, 72 B.R. at 472. Indeed, the decision to grant or deny a motion to extend the 120-day period is within the bankruptcy court's discretion based on the particular facts of the case. See In re Adelphia Commc'ns Corp., 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003) (citing In re Burger Boys, 94 F.3d at 760).

16.    The Debtors' Chapter 11 Cases are still in its early stages and the Debtors have been focused on the Debtors' transition into bankruptcy and stabilizing their business.  Accordingly, SVC of Riverhead believes that the requested extension of the Assumption/Rejection Period is warranted. Moreover, the extension will not prejudice the landlords, including the Riverhead Landlord, as SVC of Riverhead is current with all post-petition lease payments.

17.    The Debtors have acted in good faith, have been diligent in its prosecution of these Chapter 11 Cases, have fully complied with all operating guidelines of the Court and the U.S. Trustee and is current in the payment of all post-petition rent on leases, including the Riverhead Lease, as well as the filing of all monthly operating reports.

18.    It is therefore respectfully submitted that the relief requested herein is made in good faith, is reasonable under the circumstances at bar and is clearly in the best interests of the Debtors and their estates.

**NOTICE**

5

19.    SVC of Riverhead will provide notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for the Eastern District of New York; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Eastern District of New York; (d) the Internal Revenue Service; (e)  the Riverhead Landlord; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20.    No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE,** SVC of Riverhead respectfully requests entry of the proposed Order annexed hereto as **Exhibit A** extending SVC of Riverhead's time to assume or reject the Riverhead Lease through January 19, 2026, pursuant to section 365(d)(4) of the Bankruptcy Code, together with such other and further relief as is just and proper under the circumstances.

Dated:   October 7, 2025
         White Plains, New York                    Respectfully submitted,

                                                   */s/* Robert L. Rattet
                                                      **DAVIDOFF HUTCHER & CITRON LLP**
                                                      Robert R. Rattet, Esq.
                                                      Craig M. Price, Esq.
                                                      John D. Molino, Esq.
                                                      120 Bloomingdale Road, Suite 100
                                                      White Plains, New York 10605
                                                      Telephone: (914) 381-7400
                                                      Email:  rlr@dhclegal.com
                                                              cmp@dhclegal.com
                                                              jdm@dhclegal.com

                                                   *Counsel to the Debtors and Debtors in*
                                                   *Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In re: | Chapter 11 Case |
| SOUND VISION CARE, INC, *et. al*., | Case No.: 25-72421 (LAS) |
| Debtors. [1] | (Jointly Administered) |

_____/

**ORDER ENLARGING SVC OF RIVERHEAD, LLC'S TIME
TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY PURSUANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE**

Upon consideration of the motion (the "Motion")[2] [ECF Docket No. __] of SVC of Riverhead LLC ("SVC of Riverhead"), one of the above captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an Order, pursuant to sections 105(a) and 365 of Title 11, the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), enlarging the time for SVC of Riverhead to assume or reject the Riverhead Lease under which SVC of Riverhead is a lessee pursuant to section 365(d)(4) of the Bankruptcy Code through and including January 19, 2026, without prejudice to SVC of Riverhead's right to seek additional extensions thereof, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and appropriate notice of the Motion having been provided under the circumstances of this case and as set forth in the Motion, and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Debtor, its estate and all parties in interest; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.　　The Motion is hereby granted to the extent provided herein.

2.　　SVC of Riverhead's time to assume or reject the Riverhead Lease under which SVC of Riverhead is a lessee pursuant to section 365 of the Bankruptcy Code is enlarged through and including January 19, 2026, without prejudice to SVC of Riverhead's right to seek further extensions thereof.

3.　　SVC of Riverhead is authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4.　　This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.