**Hearing Date and Time: October 30, 2025 at 10:00 a.m.**

Theresa A. Driscoll, Esq.
Michael Kwiatkowski, Esq.
MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City, New York 11530
T: (516) 873-2000
tdriscoll@moritthock.com
mkwiatkowski@moritthock.com

*Attorneys for U.S. Eagle Federal Credit Union*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In re:                                                                    Chapter 11

    Sound Vision Care, Inc., *et al*.[1]                   Case No. 25-72421 (LAS)
                                                 (Jointly Administered).
                        Debtors.

------------------------------------------------------------------------X

**STATEMENT AND RESERVATION OF RIGHTS OF
U.S. EAGLE FEDERAL CREDIT UNION IN RESPONSE TO
(I) DEBTORS' MOTION TO USE CASH COLLATERAL, AND
(II) DEBTOR SVC OF RIVERHEAD, LLC'S MOTION FOR
<u>RELIEF TO MODIFY THE AUTOMATIC STAY</u>
(Related to ECF No. 7 and 123)**

      U.S. Eagle Federal Credit Union ("**U.S. Eagle**"), prepetition lender and secured creditor of

the Debtors, respectfully submits this statement and reservation of rights concerning (i) *Motion*

*Pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the*

*Federal Rules of Bankruptcy Procedure for Interim and Final Order (A) Authorizing Debtor's Use*

*of Cash Collateral and Providing Adequate Protection, and (B) Approving Proposed Interim*

*Order Authorizing Use of Cash Collateral* dated June 26, 2025 [ECF No. 7] ("**Cash Collateral**

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232) (collectively, the "**Debtors**").

**Motion**"), and (ii) *Debtor's Motion for Relief Modifying Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code to Allow Jeffrey Williams to Answer State Court Complaint and Bring Third-Party Claims Against Debtor SVC of Riverhead, LLC* dated October 7, 2025 [ECF No. 123] ("**Stay Relief Motion**"),[2] and sets forth and respectfully represents as follows:

1.    U.S. Eagle is a prepetition lender and secured creditor of each of the Debtors and holds liens against substantially all of the Debtors' personal property, including, but not limited to, Debtors' cash collateral.

### A.    Cash Collateral Motion

2.    In connection with the Cash Collateral Motion, on October 21, 2025, this Court entered *Third Interim Order Authorizing Use of Cash Collateral by Debtors Pursuant to 11 U.S.C. § 363* [ECF No. 154] ("**Third Interim Cash Collateral Order**").[3] Pursuant to the Third Interim Cash Collateral Order, the Debtors agreed to and were required to, among other things, (i) make their monthly adequate protection payment to U.S. Eagle in the amount of $45,457.76 on or before October 1, 2025 ("**October Payment**"); and (ii) pay any and all arrears for property taxes due with respect to the property located at 1224 Ostrander Avenue, Riverhead, New York 11901 on or before October 3, 2025 ("**October Tax Payment**" and together with the October Payment, the "**Payments**"). *See* Third Interim Cash Collateral Order, ¶¶ 2, 13. As of the date hereof, the Debtors have not made the required Payments. Based on discussions with Debtors' counsel, it is U.S. Eagle's understanding that Debtors' failure to make the Payments is based on the fact that Debtors'

---

[2] The Stay Relief Motion was initially filed with notice of presentment [*see* ECF No. 123]. Subsequently, the Debtors filed a notice of hearing in connection with the Stay Relief Motion and scheduled a hearing on the Stay Relief Motion for October 30, 2025.

[3] On July 24, 2025, the Court entered *Interim Order Authorizing Use of Cash Collateral by Debtor Pursuant to 11 U.S.C. Section 363* [ECF No. 63] and, on August 27, 2025, the Court entered *Second Interim Order Authorizing Use of Cash Collateral by Debtors Pursuant to 11 U.S.C. § 363* [ECF No. 99].

accounts at Wells Fargo have been frozen and the Debtors have been unable to release the funds in those accounts which, according to Debtors' counsel, total approximately $500,000.[4]

3.  Despite Debtors' failure to make the Payments, Debtors' counsel has advised U.S. Eagle's counsel that he would request a further consensual agreement of Debtors' use of cash collateral and that the funds frozen in Debtors' accounts with Wells Fargo may be released soon so that the Debtors can make the Payments prior to parties' potential entry into any such consensual agreement. To the extent that the Debtors make the Payments, U.S. Eagle is hopeful that between now and the hearing on October 30, 2025, the parties may be able to reach a further agreement on Debtors' continued use of cash collateral. However, until the parties reach such consensual agreement, U.S. Eagle reserves the right to raise objections to the Cash Collateral Motion and the Debtors' continued use of U.S. Eagle's cash collateral at the time of the October 30, 2025 hearing.

### B.    Stay Relief Motion

4.  Separately, debtor SVC of Riverhead, LLC ("**SVC Riverhead**") filed the Stay Relief Motion.  The Stay Relief Motion seeks to modify the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to allow non-debtor Jeffrey Williams ("**Williams**") to file an answer, including a third-party claim against SVC Riverhead, in state court action titled *Kapitus Servicing, Inc. v. Jeffrey S. Williams Jr.* pending in State of Virginia, Chesterfield County ("**Virginia Action**"). Further, the Stay Relief Motion indicates that upon Williams' filing of the third-party claim against SVC Riverhead in the Virginia Action, SVC Riverhead would seek to remove the Virginia Action to this Court to allow this Court, "on removal, to fix the amount of Mr. Williams third-party claim for contribution" and "determin[e] Williams' indemnification

---

[4] On the morning of October 23, 2025, Debtors' financial advisor, Mark D'Agostino of CBIZ, advised U.S. Eagle's counsel that "Wells Fargo has unfrozen the funds" and that "the Debtors will be making payments pursuant to the Cash Collateral Order in the very near future."

rights." Stay Relief Motion, ¶¶ 8, 28.

5.      In furtherance of this Stay Relief Motion, Debtors attach a self-serving *Stipulation and Order Modifying Automatic Stay Pursuant to 11 U.S.C. § 362(d)* between Williams, who is the principal of the Debtors, and the Debtors ("**Stay Relief Stipulation**"). *See* Stay Relief Motion, Ex. A (Stay Relief Stipulation).

6.      While the Stay Relief Stipulation asserts that "[t]he Debtors have a legal duty to indemnify and hold Williams harmless for any obligations arising from his role as officer/owner/director/member/manager of the Debtor, or any of them," Stay Relief Stipulation, ¶ E, the Stay Relief Stipulation and the Stay Relief Motion lack any explanation as to this alleged indemnification duty or any basis that Williams may have for a claim of contribution against SVC Riverhead.

7.      Moreover, in light of the current precarious financial state of the Debtors' estate, at least in terms of cash flow, as indicated by, among other things, Debtors' failure to make the Payments directed by this Court under the Third Interim Cash Order, U.S. Eagle is concerned that granting the Stay Relief Motion will effectively result in SVC Riverhead utilizing limited resources of the Debtors' estate to litigate and defend on behalf of Debtors' principal, Williams. Relatedly, the plaintiff in the Virginia Action, Kapitus Servicing, Inc., filed a proof of claim against the Debtors in this bankruptcy case. *See* Claims Register No. 14. As such, any claims by Kapitus Servicing, Inc. as against SVC Riverhead will be adjudicated through the claim objection process in this case with the use of resources of the Debtors' estate. Allowing SVC Riverhead to become a party in the Virginia Action and subsequently removing and litigating that action in this Court will needlessly increase costs to the Debtors' estate while seemingly only benefitting Williams by effectively defending him on the guaranty claim brought by Kapitus Servicing, Inc. in the Virginia

4

Action.

8.     As such, to the extent the Stay Relief Motion is granted, any stay relief granted in connection with the Stay Relief Motion should be, at minimum, conditioned on a litigation budget agreeable to U.S. Eagle with respect to any fees and expenses which may be incurred by the Debtors' estate in connection with the Virginia Action.

Dated:  Garden City, New York
         October 23, 2025

MORITT HOCK & HAMROFF LLP

By:        */s/ Michael Kwiatkowski*
           Theresa A. Driscoll
           Michael Kwiatkowski
400 Garden City Plaza
Garden City, NY  11530
T: (516) 873-2000
tdriscoll@moritthock.com
mkwiatkowski@moritthock.com

*Attorneys for US Eagle Federal Credit Union*

4088984