United States Bankruptcy Court

Eastern District of New York

In re:                                                                                                          Case No. 25-72421-las

Sound Vision Care, Inc.                                                                            Chapter 11

      Debtor

# CERTIFICATE OF NOTICE

| District/off: 0207-8 | User: admin | Page 1 of 4 |
|---|---|---|
| Date Rcvd: Nov 26, 2025 | Form ID: pdf000 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol          Definition**

+                          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 28, 2025:**

**Recip ID                      Recipient Name and Address**
aty                          + Davidoff Hutcher & Citron LLP, 120 Bloomingdale Road, Suite 100, White Plains, NY 10605-1519

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 28, 2025                                    Signature:              /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 26, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Christopher P Schueller | on behalf of Creditor Bank of America  N.A. christopher.schueller@bipc.com, donna.curcio@bipc.com;joseph.roadarmel@bipc.com;eservice@bipc.com |
| Enid Nagler Stuart | on behalf of Creditor New York State Department Of Taxation & Finance enid.stuart@ag.ny.gov  leo.gagion@ag.ny.gov |
| Erin L. Williamson | on behalf of Creditor Street Retail  LLC williamsone@ballardspahr.com, weidmanb@ballardspahr.com |
| Geoffrey J Peters | on behalf of Creditor Amur Equipment Finance  Inc. colnyecf@weltman.com |
| James B. Glucksman | on behalf of Jointly Administered Debtor SVC of Southold  LLC jbg@dhclegal.com, ch11esq@yahoo.com |
| James B. Glucksman | |

on behalf of Jointly Administered Debtor SVC of Manhasset  LLC jbg@dhclegal.com, ch11esq@yahoo.com

James B. Glucksman

on behalf of Plaintiff Sound Vision Care  Inc. jbg@dhclegal.com, ch11esq@yahoo.com

James B. Glucksman

on behalf of Jointly Administered Debtor SVC of Coram  LLC jbg@dhclegal.com, ch11esq@yahoo.com

James B. Glucksman

on behalf of Jointly Administered Debtor SVC of East Setauket  LLC jbg@dhclegal.com, ch11esq@yahoo.com

James B. Glucksman

on behalf of Jointly Administered Debtor SVC of Fresh Meadows  LLC jbg@dhclegal.com, ch11esq@yahoo.com

James B. Glucksman

on behalf of Debtor Sound Vision Care  Inc. jbg@dhclegal.com, ch11esq@yahoo.com

James B. Glucksman

on behalf of Jointly Administered Debtor SVC of Riverhead  LLC jbg@dhclegal.com, ch11esq@yahoo.com

John D. Molino

on behalf of Plaintiff Sound Vision Care  Inc. jdm@dhclegal.com

Jonathan S Pasternak

on behalf of Debtor Sound Vision Care  Inc. jsp@dhclegal.com,
ms@dhclegal.com;rlr@dhclegal.com;jdm@dhclegal.com;jbg@dhclegal.com;cmp@dhclegal.com

Joseph H. Lemkin

on behalf of Creditor De Lage Landen Financial Services  Inc. jlemkin@stark-stark.com

Laurel D Roglen

on behalf of Creditor Street Retail  LLC roglenl@ballardspahr.com, lanoc@ballardspahr.com;carbonej@ballardspahr.com

Leo V. Gagion

on behalf of Creditor New York State Department Of Taxation & Finance Leo.Gagion@ag.ny.gov  Enid.Stuart@ag.ny.gov

Matthew R. Yogg

on behalf of Jointly Administered Debtor SVC of Southold  LLC mry@dhclegal.com

Matthew R. Yogg

on behalf of Jointly Administered Debtor SVC of East Setauket  LLC mry@dhclegal.com

Matthew R. Yogg

on behalf of Jointly Administered Debtor SVC of Coram  LLC mry@dhclegal.com

Matthew R. Yogg

on behalf of Debtor Sound Vision Care  Inc. mry@dhclegal.com

Matthew R. Yogg

on behalf of Jointly Administered Debtor SVC of Manhasset  LLC mry@dhclegal.com

Matthew R. Yogg

on behalf of Jointly Administered Debtor SVC of Riverhead  LLC mry@dhclegal.com

Matthew R. Yogg

on behalf of Jointly Administered Debtor SVC of Fresh Meadows  LLC mry@dhclegal.com

Matthew V Spero

on behalf of Interested Party Kapitus Servicing Inc.  as authorized sub-servicing agent of Kapitus LLC matthew.spero@rivkin.com

Michael Kwiatkowski

on behalf of Creditor US Eagle Federal Credit Union mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Michael Kwiatkowski

on behalf of Defendant U.S. Eagle Federal Credit Union mkwiatkowski@moritthock.com  crodriguez@cullenllp.com

Patricia C Delaney

on behalf of Creditor Davis Professional Park LLC pdelaney@drgrealty.com

Richard J McCord

on behalf of Defendant Flushing Bank rmccord@certilmanbalin.com
afollett@certilmanbalin.com;cfollett@certilmanbalin.com;rnosek@certilmanbalin.com;CBAHECM@gmail.com;mmccord@certil
manbalin.com

Richard J McCord

on behalf of Creditor Flushing Bank rmccord@certilmanbalin.com
afollett@certilmanbalin.com;cfollett@certilmanbalin.com;rnosek@certilmanbalin.com;CBAHECM@gmail.com;mmccord@certil
manbalin.com

Robert Jerome Malatak

on behalf of Interested Party Kapitus Servicing Inc.  as authorized sub-servicing agent of Kapitus LLC
rmalatak@windelsmarx.com

District/off: 0207-8                                     User: admin                                      Page 3 of 4
Date Rcvd: Nov 26, 2025                                  Form ID: pdf000                                  Total Noticed: 1

Robert L Rattet
on behalf of Jointly Administered Debtor SVC of Fresh Meadows  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Debtor SVC of Coram  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Debtor SVC of Southold  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Debtor Sound Vision Care  Inc. rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Jointly Administered Debtor SVC of East Setauket  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Debtor SVC of Manhasset  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Jointly Administered Debtor SVC of Southold  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Jointly Administered Debtor SVC of Coram  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Plaintiff Sound Vision Care  Inc. rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Jointly Administered Debtor SVC of Riverhead  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Debtor SVC of East Setauket  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Jointly Administered Debtor SVC of Manhasset  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Debtor SVC of Riverhead  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Robert L Rattet
on behalf of Debtor SVC of Fresh Meadows  LLC rlr@dhclegal.com,
rattetrr89983@notify.bestcase.com;jsp@dhclegal.com;jdm@dhclegal.com;ms@dhclegal.com;cmp@dhclegal.com

Shanna M Kaminski
on behalf of Interested Party CFG Merchant Solutions  LLC skaminski@kaminskilawpllc.com

Stephen M. Lasser
on behalf of Creditor Fresh Meadows Place West Street Retail  LLC slasser@lasserlg.com

Teresa Sadutto-Carley
on behalf of Creditor Leaf Capital Funding  LLC tsadutto@platzerlaw.com, mkaplan@platzerlaw.com

Theresa A Driscoll
on behalf of Defendant U.S. Eagle Federal Credit Union tdriscoll@moritthock.com

Theresa A Driscoll
on behalf of Creditor US Eagle Federal Credit Union tdriscoll@moritthock.com

Thomas J McNamara
on behalf of Creditor Flushing Bank tmcnamara@certilmanbalin.com

Thomas J McNamara
on behalf of Defendant Flushing Bank tmcnamara@certilmanbalin.com

United States Trustee
USTPRegion02.LI.ECF@usdoj.gov

William J. Birmingham
william.birmingham@usdoj.gov

District/off: 0207-8                       User: admin                       Page 4 of 4
Date Rcvd: Nov 26, 2025                     Form ID: pdf000                    Total Noticed: 1
TOTAL: 54

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:                                          Chapter 11 Case

SOUND VISION CARE, INC., *et. al.*,             Case No.: 25-72421 (LAS)

                        Debtors.[1]             (Jointly Administered)

_____

### FOURTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL BY DEBTORS PURSUANT TO 11 U.S.C. § 363

Upon the motion dated June 26, 2025 [ECF No. 7] (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for, *inter alia*, entry of an interim order (this "Fourth Interim Order"): (a) authorizing use of Cash Collateral (as defined below) in which U.S. Eagle Federal Credit Union ("U.S. Eagle"), Bank of America, N.A. ("BA"), and Flushing National Bank ("Flushing" and together with U.S. Eagle and BA, the "Prepetition Lenders" and each, a "Prepetition Lender"), and any other secured creditors who have asserted an interest in Cash Collateral (together with the Prepetition Lenders, the "Secured Parties" and each, a "Secured Party") pursuant to Sections 363(c)(2) and 361 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4001; and interim hearings having been held on July 2, 2025, July 10, 2025, August 21, 2025, September 25, 2025, and October 30, 2025 (the "Interim Hearings"); and *Interim Order Authorizing Use of Cash Collateral by Debtor Pursuant to 11 U.S.C. Section 363* having been entered on July 24, 2025 [ECF No. 63] (the "First Interim Order"); *Second Interim Order Authorizing Use of Cash Collateral by Debtors Pursuant to 11*

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2] Capitalized terms used but not herein defined shall have the meanings ascribed to them in the Motion.

*U.S.C. § 363* having been entered on August 27, 2025 [ECF No. 99] (the "Second Interim Order"), and *Third Interim Order Authorizing Use of Cash Collateral by Debtors Pursuant to 11 U.S.C. § 363* having been entered on October 21, 2025 [ECF No. 154] (the "Third Interim Order", and together with the First Interim Order and Second Interim Order, the "Prior Interim Orders"); and no opposition having been interposed to the entry of this Fourth Interim Order; and upon the record taken at the Interim Hearings including the stated consent of the Prepetition Lenders to the granting of the relief in the Motion on an interim basis, subject to the terms of this Fourth Interim Order, and all of the pleadings heretofore filed in this proceeding, it is hereby found and determined as follows:

A.      On June 23, 2025 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") and have continued in possession of their property and the management of their businesses pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B.      This Fourth Interim Order is made in reference to the budget attached hereto (the "Budget").

C.      As of the date hereof, the Bankruptcy Court has not authorized the appointment of a creditors' committee as provided for in Section 1102 of the Bankruptcy Code. No trustee or examiner has been heretofore appointed in these proceedings.

D.      Prior to the Petition Date, the Debtors entered into a number of loan agreements, including with each Prepetition Lender. The Debtors acknowledge that each of the Prepetition Lenders holds perfected security interests in certain of the Debtors' assets, including accounts, to secure the Debtors' indebtedness due to each Prepetition Lender.

E.      The Debtors further acknowledge, solely on their behalf and not on behalf of any creditors or other parties in interest, that subsequent to the security interests granted by the Debtors to the Prepetition Lenders, multiple merchant cash advance lenders (collectively, the

2

"MCA Parties"), whom the Debtors made further agreements with, filed UCC-1 financing statements regarding the Debtors. The Debtors contend that the MCA Parties do not have valid, perfected liens against the Debtors' assets, including as to any interest in Debtors' Cash Collateral (as defined below). The prepetition liens of the Prepetition Lender (collectively, the "Prepetition Lender Liens") and the disputed liens of the MCA Parties (together with the Prepetition Lender Liens, the "Secured Parties Prepetition Liens") are set forth on the Schedule of UCC-1 Filings attached to the Motion as Exhibit C.

F.      The term "Cash Collateral" shall mean and include all "cash collateral," as that term is defined by 11 U.S.C. § 363, in or on which the Secured Parties have liens that attach and/or a security interest.

G.      The Debtors represent that all of the Debtors' income, profits, revenues, deposits, and other benefits that the Debtors receive from their operations in the form of cash and cash equivalents, including the cash in the Debtors' deposit accounts, wherever located, whether as original collateral or proceeds of the collateral subject to the Prepetition Lender Liens, constitute "cash collateral" of the Prepetition Lenders (as such term is defined in section 363(a) of the Bankruptcy Code) (*i.e.*, the Cash Collateral) and constitute prepetition collateral of the Prepetition Lenders.

H.      The Debtors' use of Cash Collateral is essential to the continued preservation and maximization of the Debtors' estates.

I.      The Secured Parties are entitled to receive adequate protection within the meaning of, and pursuant to Section 363(e) of the Bankruptcy Code, for any decrease in the value of a Secured Party's interest since the Petition Date in the Cash Collateral as set forth in this Fourth Interim Order.

J.      Continued use of the Cash Collateral on an interim basis, pending a final hearing, is necessary to prevent immediate and irreparable harm to the Debtors' estates in

3

that without authorization to use the Cash Collateral, the Debtors' ability to sustain their operations and meet their current, necessary, and integral business obligations will be impossible.

K.    The value of Debtors' estates will be maximized by the continuation of the Debtors as a going business, and the use of the Cash Collateral is essential to such operation.

**BASED UPON THE FOREGOING,** it is hereby ORDERED as follows:

1.    The Motion is GRANTED on an interim basis. Effective immediately and continuing through and including **December 5, 2025 at 5:00 p.m.** (the "Fourth Interim Period"), the Debtors are authorized to use the Cash Collateral on an interim basis subject to the terms of this Fourth Interim Order and limited to the payment of the authorized expenses reflected in the Budget, subject to a 10% variance or further order of this Court.

2.    In return for the authorization to use Cash Collateral, as reflected in the Budget, the Debtors shall make the following monthly adequate protection payments ("Adequate Protection Payments") to the Prepetition Lenders on the first day of the month, starting with October 1, 2025 and thereafter:

      a.    U.S. Eagle: $45,457.76;

      b.    BA: $1,822.00; and

      c.    Flushing: $4,331.40.

3.    This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this Court pursuant to 28 U.S.C. § 1408. Notice of relief sought herein was adequate and appropriate in the current circumstances of these Chapter 11 Cases as contemplated by 11 U.S.C. § 102(1)(A) and Federal Rule of Bankruptcy Procedure 4001(b)(2).

4.    In addition to the existing rights and interests of the Secured Parties in the

4

Cash Collateral, and any and all rights and interests granted to the Secured Parties in the Prior Interim Orders, and for the purpose of adequately protecting Secured Parties from Collateral Diminution,[3] notwithstanding anything in Section 552 of the Bankruptcy Code to the contrary, the Secured Parties shall have, and are hereby granted, effective as of the Petition Date, valid, binding, enforceable, and automatically fully-perfected, security interests (the "Replacement Liens"), to the extent that the Secured Parties Prepetition Liens were valid, binding, enforceable, and perfected as of the Petition Date, and such Replacement Liens shall be in the same continuing order of priority that existed as of the Petition Date, to the extent of, and as security for, any Collateral Diminution since the Petition Date in, to and upon, all existing and hereafter-acquired property of the Debtors of any kind or nature including, but not limited to, Debtors' real, personal, tangible and intangible property, as well as any and all proceeds, products, offspring, rents and profits thereof, in the same validity, order, and priority as the Secured Parties Prepetition Liens.[4]

5.    The Secured Parties shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Secured Parties with respect to proceeds, products, offspring, or profits of any of the collateral secured by the Secured Parties Prepetition Liens.

6.    The Replacement Liens are junior only to: (i) United States Trustee fees pursuant to 28 U.S.C. Section 1930, together with interest, if any, pursuant to 31 U.S.C.

---

[3]  For purposes of this Fourth Interim Order, "Collateral Diminution" shall mean any diminution in value of a Secured Party's interest in Debtors' assets as of the Petition Date by reason of Debtors' use of Cash Collateral in accordance with this Fourth Interim Order.

[4]  Notwithstanding the foregoing, the Replacement Liens shall not include: (1) the Debtors' real property leases (but shall include all proceeds of such leases) and no liens granted pursuant to this Fourth Interim Order shall attach to the Debtors' leasehold interests and  (2) any security deposits (in possession of the landlord) or the Debtors' interests, if any, in pre-paid rent, unless liens on such security deposits or pre-paid rent are expressly permitted pursuant to the underlying lease documents.

Section 3717 and any Clerk's filing fees; and (ii) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $10,000 (collectively, the "Carve-Outs"). The Replacement Liens granted hereby shall exclude any liens on avoidance actions under Chapter 5 of the Bankruptcy Code and the proceeds thereof. The Replacement Liens shall otherwise be senior to all other security interests in, liens on, or claims against any of the prepetition Cash Collateral (including any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code). Subject to the terms of this Fourth Interim Order, the Replacement Liens shall be enforceable against and binding upon the Debtors, their estates, any subsequently appointed trustee under either Chapter 7 or 11 and any successors thereto.

7.      To the extent the Replacement Liens granted to the Secured Parties in this Fourth Interim Order do not provide any individual Secured Party with adequate protection of its interests in the Cash Collateral, such Secured Party is granted, and shall have, pursuant to sections 503(b) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim to the extent of any Collateral Diminution (the "Superpriority Claim"). The Superpriority Claim shall be senior and have priority over any and all claims against the Debtors under Section 507(a) of the Bankruptcy Code, whether in these Chapter 11 Cases or any superseding proceeding(s), including all other administrative expense claims and unsecured claims against the Debtors' estates, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kind specified in or ordered pursuant to Sections 105, 326, 328, 330, 331, 364, 503(a), 507(a), 507(b), 546(d), 726, 1113 and 1114 of the Bankruptcy Code. Additionally, the Superpriority Claim will not be junior to or *pari passu* with any claims or administrative expenses.

8.      For avoidance of doubt, the Replacement Liens and security interests granted herein are automatically deemed perfected upon entry of this Fourth Interim Order without

6

the necessity of the Secured Parties taking possession, filing financing statements, mortgages, or other documents. Although not required, upon request by any Secured Party (with notice to the other Secured Parties), the Debtors shall execute and deliver to the requesting Secured Party any and all UCC Financing Statements, UCC Continuation Statements, or other instruments or documents considered by such requesting Secured Party to be necessary in order to perfect the security interests and liens in Debtors' post-petition collateral and proceeds granted by this Fourth Interim Order, and such requesting Secured Party is authorized to receive, file, and record the foregoing at such requesting Secured Party's own expense, which actions shall not be deemed a violation of the automatic stay.

9.      All of the Debtors' expenditures shall be specifically accounted for in detailed monthly operating reports which the Debtors shall file with the Bankruptcy Court. The Debtors shall promptly provide to the Secured Parties any and all financial information reasonably requested, including year to date financial statements through September 30, 2025, and shall permit the Secured Parties, upon prior reasonable notice, to review their books and records with respect to the subject matter of this Fourth Interim Order, and make copies thereof during normal business hours.

10.      The Debtors shall provide, if requested, a weekly budget reconciliation and updated 13-week cash flow to the Secured Parties on the Monday morning of each week. Additionally, the Debtors will provide to the Secured Parties monthly year-to-date financial statements, with the Budget through December 31, 2025, updated monthly, if requested, as well as an updated aging report for accounts receivable and accounts payable.

11.      An updated Budget will be filed prior to any hearing, including the Final Hearing (defined below) on extending the use of Cash Collateral further as a supplemental pleading.

12.      The Debtors will provide a line item in the Budget for U.S. Trustee fees. The

7

Debtors are required, on a monthly basis, to set aside the monthly budget amount in Debtors' counsel's trust account. The distribution of the proceeds of those funds will be subject to further order of the Court and binding on all parties.  The Secured Parties, the Debtors, and the U.S. Trustee are reserving all their rights hereunder.

13.     As reflected in the Budget, beginning November 1, 2025, the Debtors shall, on the first day of each month, deposit into escrow maintained by Debtors' counsel amounts equal to one-twelfth (1/12) of the estimated (a) annual property taxes for the property located at 1224 Ostrander Avenue, Riverhead, New York 11901 ("Riverhead Property"), and (b) annual insurance premiums for property and general liability insurance policies for the Riverhead Property. In addition, whereas, pursuant to the Third Interim Order, on or about October 24, 2025, the Debtors paid certain arrears for property taxes due in respect of the Riverhead Property and are disputing certain penalties and interest assessed in connection with those property taxes, beginning November 1, 2025, the Debtors shall, on the first (1st) day and the fifteenth (15th) day of each month, provide counsel for U.S. Eagle (via email as set forth below in paragraph 31) an update on the status of release of the related property tax liens asserted against the Riverhead Property.

14.     The security interests and liens herein granted and regranted, including the Replacement Liens: (i) are and shall be in addition to, and not in substitution of, all security interests, liens, encumbrances, and rights of set-off existing in favor of the Secured Parties on the Petition Date, or other rights of theirs currently existing or hereinafter arising; (ii) shall secure, in whole or in part, the payment of indebtedness to the Secured Parties; and (iii) shall be deemed to be perfected without the necessity of any further action by the Secured Parties, or the Debtors.  Without limitation, therefore, the Secured Parties shall not be required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted by this Fourth Interim

Order. This Fourth Interim Order shall be sufficient and conclusive evidence of the validity of the Replacement Liens.

15.     The Adequate Protection Payments authorized by this Fourth Interim Order to be made to the Secured Parties shall be applied to reduce Debtors' indebtedness to each Prepetition Lender receiving such payment and may be applied to such indebtedness in each Prepetition Lender's sole and absolute discretion.

16.     Nothing contained herein shall be deemed or construed to (a) limit any Secured Party to the relief granted herein; (b) bar any Secured Party from seeking other and further relief (including, without limitation, relief from the terms of this Fourth Interim Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same; or (c) require any Secured Party to make any further loans or advances to the Debtors. In addition, each Secured Party expressly reserves the right to seek additional adequate protection as such Secured Party deems necessary and appropriate.

17.     The Debtors shall maintain all necessary insurances, including, without limitation, liability and workmen's compensation as may be required, and obtain such additional insurances in an amount as is appropriate for the businesses in which the Debtors are engaged. The Debtors shall provide evidence of such insurances, including the policies, all schedules and endorsements, to the Secured Parties and the United States Trustee upon request.

18.     Notwithstanding anything to the contrary herein, this Fourth Interim Order is without prejudice to the rights of the Debtors, on behalf of Debtors' estates, or creditors' committee(s), if any, or if no creditors' committee is appointed, then any party in interest (other than the Debtors) to challenge the type, nature, validity, perfection, priority, extent, enforceability or amount of the prepetition claims or liens of any Secured Party in the collateral subject to the Secured Parties Prepetition Liens (a "Challenge"). Any Challenge

9

must be made on or before the date that is the later to occur of (a) the sixtieth (60th) day following entry of a final order authorizing use of Cash Collateral, and (b) the sixtieth (60th) day following the date of appointment of an official committee of unsecured creditors in the Chapter 11 Cases (the "Challenge Period"), after which time any such Challenge shall be deemed finally and conclusively barred; provided, further, if one or more claims are timely made under this paragraph and properly filed in this Court in connection with the Chapter 11 Cases, then except for such timely and properly filed claim(s), all other potential claims and causes of action of any kind or nature against any Secured Party are hereby deemed forever waived and relinquished.

19.     The right of Debtors to use the Cash Collateral shall terminate immediately upon the occurrence of any of the following events:

a)     the entry of an order of the Court converting or dismissing the Chapter 11 Cases;

b)     the entry of an order of the Court confirming a plan of reorganization in the Chapter 11 Cases;

c)     the failure of the Debtors: (i) to perform any of its obligations under this Fourth Interim Order (a "Default"), and (ii) to cure such Default within ten (10) business days after the giving of written notice thereof to the Debtors, the Prepetition Lenders, the MCA Parties, the United States Trustee, and any official committee appointed in the Chapter 11 Cases (the "Cure Period");

d)     the amendment, supplementation, waiver, or other modification of all or part of this Fourth Interim Order without U.S. Eagle, BA, and Flushing, having been given at least five (5) business days' advance, written notice, by overnight service upon them (unless otherwise prescribed by the Bankruptcy Court having jurisdiction over the Chapter 11 Cases).  However, in no event shall the Debtors seek emergency relief concerning this Fourth Interim Order from the Court without U.S. Eagle, BA, and Flushing having been given at least seventy-two (72) hours' advance, actual notice (via telephone and electronic mail); or

e)     the termination of all or substantially all of the operations of the Debtors, whether by voluntary act(s) or omission(s) of the Debtors, or otherwise.

20.     No Cash Collateral may be used during the term of this Fourth Interim Order to: (i) object to or contest in any manner, or raise any defenses to the validity, perfection, priority or enforceability of the claims and liens of the Prepetition Lenders; (ii) object to or contest in any manner, or raise any alleged defenses to the validity, perfection, priority or enforceability of the liens securing the indebtedness owed by the Debtors to the Prepetition Lenders; (iii) assert any claims or causes of action against any Prepetition Lender, including, without limitation, any avoidance actions under Chapter 5 of the Bankruptcy Code, or any claim or cause of action related to the loan documents with any Prepetition Lender or otherwise; or (iv) prepare or prosecute any adversary proceeding in which any Prepetition Lender is named defendant. For the avoidance of doubt, such prohibitions shall not apply to the use of Cash Collateral to challenge the claims of the MCA Parties.

21.     Nothing contained in this Fourth Interim Order shall be construed to create rights of third parties for or against any of the Secured Parties not otherwise provided by law.

22.     The Secured Parties may, in their discretion, file a certified copy of this Fourth Interim Order in any jurisdiction in which the Debtors have or come to have real or personal property, and in such event, the subject filing/recording officer is hereby authorized and directed to file/record such certified copy.

23.     The provisions of this Fourth Interim Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of each Secured Party and the Debtors.

24.     If any or all of the provisions of this Fourth Interim Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification, or vacatur shall not affect the validity and enforceability of any lien, priority, or benefit with respect to any indebtedness of the Debtors to the Secured Parties.

11

25.    The findings contained in this Fourth Interim Order are binding upon the Debtors and all parties in interest (including, but not limited to, any statutory committee subsequently appointed in the Chapter 11 Cases).

26.    This Fourth Interim Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Bankruptcy Code.

27.    The automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be, and hereby is, modified to the extent necessary to implement and effectuate the terms and conditions of this Fourth Interim Order.

28.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Fourth Interim Order.

29.    A final hearing (the "Final Hearing") to consider the relief requested in the Motion shall be held on **December 2, 2025 at 10:00 a.m. (prevailing Eastern Time)** and any objections to the Motion shall be raised at the Final Hearing.

30.    By no later than **November 26, 2025**, the Debtors shall serve (i) by email, if address is known, and (ii) if email address is not available, by overnight mail, notice of the Final Hearing, together with copies of this Fourth Interim Order, the proposed Final Order and the Motion, on: (a) Office of the United States Trustee, Attn: William Birmingham; (b) the Prepetition Lenders; (c) the MCA Parties; (d) any party that has previously received notice of the Interim Hearings [*see* ECF No. 28]; and (e) any party which has filed a request for notices with this Court.

31.    Except as otherwise provided herein, or by order of the Court, all demands, notices, requests, consents, reports, or other communications provided for hereunder shall be made in writing, and shall be deemed to have been given either upon: (i) personal delivery, by courier or messenger service, and acknowledgment, by any officer (or authorized recipient of deliveries to the office) of the party to whom given, as of the date and time so acknowledged,

12

or (ii) due deposit into the United States mail, by first class mail.  In all cases, such demands, notices, requests, consents, reports, or other communications shall be dispatched to the following addresses (or such other addresses as may be furnished hereafter, by written notice given in accordance with the terms of this paragraph):

In the case of the U.S. Trustee:

United States Attorney's Office, Eastern District
560 Federal Plaza
Central Islip, New York 11722
Attn: William Birmingham
Email: William.birmingham@usdoj.gov

In the case of U.S. Eagle:

Theresa Driscoll, Esq.
Michael Kwiatkowski, Esq.
Moritt Hock & Hamroff LLP
400 Garden City Plaza, 2nd Floor
Garden City, NY 11530T: (516) 873-2000
Email: tdriscoll@moritthock.com
         mkwiatkowski@moritthock.com

In the case of BA:

Christopher Schueller, Esq.
Buchanan Ingersoll & Rooney P.C.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
T: 412 562 8432
Email:       christopher.schueller@bipc.com

In the case of Flushing:

Richard J. McCord, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, New York 11554
T: (516) 296-7000
Email: rmccord@certilmanbalin.com

In the case of Debtors:

Robert L. Rattet, Esq.

13

Davidoff Hutcher & Citron LLP
120 Bloomingdale Road, Suite 100
White Plains, NY 10605
T: (914) 381-7400
Fax: (914) 381-7406
Email: rlr@dhclegal.com

**Dated: November 26, 2025**
    **Central Islip, New York**



Louis A. Scarcella
United States Bankruptcy Judge

14