DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone:  (914) 381-7400
Robert L. Rattet, Esq.
Craig M. Price, Esq.
John D. Molino, Esq.

*Counsel to the Debtors and Debtors in
Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case |
| SOUND VISION CARE, INC, *et. al*., | Case No.: 25-72421 (LAS) |
| Debtors.[1] | (Jointly Administered) |

**AFFIDAVIT OF JARED VOLLARO
IN SUPPORT OF THE FIRST INTERIM APPLICATION
FOR ALLOWANCE OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF MACDONALD, RAND & VOLLARO CPA LLP, ACCOUNTANTS
FOR THE DEBTORS, AND IN RESPONSE TO THE STATEMENT AND
<u>RESERVATION OF RIGHTS OF U.S. EAGLE FEDERAL CREDIT UNION</u>**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF SUFFOLK | ) |

Jared Vollaro, a certified public accountant, being duly sworn, deposes and says:

1.      I am the partner at Macdonald, Rand & Vollaro CPA LLP ("<u>MRV</u>"),[2] which maintains an office at 550 Route 25A, Rocky Point, New York 11778, accountants for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in these Chapter 11 cases

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2]    Capitalized terms not defined herein shall have the meanings as set forth in the Application.

(the "Chapter 11 Cases"). I have personal knowledge of the facts set forth herein based on my direct involvement in the services provided by MRV to the Debtors, my review of MRV's records, and my discussions with other MRV professionals. If called as a witness, I could and would testify competently to these facts.

2.      I submit this Affidavit in support of MRV's F*irst Interim Application for Allowance of Professional Compensation and Reimbursement of Expenses* (the "Fee Application") [ECF No. 157], which seeks approval of $63,953.13 in fees for services rendered from June 23, 2025, through August 31, 2025. This Affidavit also addresses the concerns raised in the *Statement and Reservation of Rights of U.S. Eagle Federal Credit Union* ("U.S. Eagle") in *Response to (i) Debtors' Motion to Use Cash Collateral, and (ii) First Interim Fee Application for Allowance of Professional Compensation and Reimbursement of Expenses of MacDonald, Rand & Vollaro CPA, LLP, as Accountants for the Debtors* (the "Statement") [ECF No. 200], filed on November 25, 2025.

3.      MRV has served as the Debtors' accountants and principal tax advisors since 2021, well before the commencement of these Chapter 11 Cases on June 23, 2025 (the "Petition Date"). In that capacity, MRV has handled tax preparation, bookkeeping, and related financial services for the Debtors and their affiliated entities on a consolidated basis. The Debtors operate as part of a closely integrated group of optical care businesses, with shared ownership, management, and operational interdependencies. The Debtors consist of Sound Vision Care, Inc. and six LLC subsidiaries (SVC of Coram, LLC; SVC of East Setauket, LLC; SVC of Fresh Meadows, LLC; SVC of Manhasset, LLC; SVC of Riverhead, LLC; and SVC of Southold, LLC). These entities are affiliated with other non-debtor entities, including those operating stores in locations such as Bensonhurst, Elmhurst, and Murray Hill. Due to the interrelated nature of the businesses—

including shared tax reporting obligations, consolidated financial records, and common ownership—MRV has historically prepared tax returns, maintained books and records, and provided advisory services for all entities together as a single, cohesive unit. This approach is efficient and necessary because the entities' financials are intertwined, with intercompany transactions, shared expenses, and consolidated tax filings that cannot be fully separated without significant additional effort and cost.

4.     The services detailed in the Application, including those in the invoices attached thereto, were performed primarily for the benefit of the Debtors and their estates, even where certain tasks incidentally involved or referenced non-debtor affiliates. For example:

(a)     The entry on the August 29, 2025 invoice for "Consulting – DK – 8/16/25 – Upload June financials for Bensonhurst, Elmhurst & Murray Hill (1 hour at rate of $225/hour for fee of $225)" involved uploading financial data that was part of a larger consolidated financial review requested by the Debtors' financial advisors, CBIZ Forensic Consulting Group LLC, to assist in preparing the Debtors' Monthly Operating Reports and other bankruptcy-related filings. Although these specific locations are operated by non-debtor affiliates, the data was necessary to reconcile intercompany accounts and ensure accurate reporting for the Debtors' estates, as the affiliates' operations impact the Debtors' cash flows and tax positions.

(b)     The entry for "Consulting – DK – 8/24/25 – Pull Elmhurst Bank Statement (0.75 hours at rate of $225.00/hour for fee of $168.75)" was similarly part of the same consolidated review process to verify intercompany transactions and support the Debtors' financial reporting obligations in these Chapter 11 Cases.

3

(c)    The entry for "Tax Return Preparation – DK – Prepare 2024 books and records for tax returns – Sound Vision Care, et al. (21 separate business entities) (133 hours at rate of $225.00/hour for fee of $29,925.00)" refers to preparing consolidated books and records for 2024 tax returns. While this encompasses 21 entities (including the 7 Debtors and 14 non-debtor affiliates), the work was essential for the Debtors' compliance with their tax obligations, including filing accurate returns for the Debtors themselves. The entities are treated as a group for tax purposes due to common ownership and pass-through taxation structures, meaning the Debtors' tax liabilities cannot be isolated without reviewing the entire group's records. This preparation directly benefited the Debtors by addressing their pending New York State tax audit, completing delinquent returns for 2022 and 2023, and advancing 2024 and 2025 returns—all of which are critical to the Debtors' reorganization efforts. Allocating time strictly by entity would have increased costs without adding value, as the work is inherently integrated.

5.    Regarding the June 23, 2025 invoice referenced in the Statement, which appears to include pre-Petition Date work, this invoice was issued on the Petition Date and reflects services rendered immediately leading up to and on the Petition Date. MRV's retention as special tax advisors was authorized effective as of June 23, 2025, by Order dated October 9, 2025 [ECF No. 137]. The services on this invoice, such as initial consultations and data gathering for tax compliance, were integral to the Debtors' "First Day" motions and post-petition operations, and thus qualify for compensation under the retention order. No pre-petition fees are being sought outside the approved effective date.

4

6.      In all instances, the services provided by MRV were necessary, reasonable, and beneficial to the Debtors' estates. The integrated nature of the entities' operations means that work touching on affiliates directly supports the Debtors' financial stability, tax compliance, and ability to reorganize. MRV did not perform services solely for non-debtors; any incidental involvement was in service of the Debtors' needs. The fees requested in the Application are consistent with MRV's pre-petition practices and the rates approved by this Court, and they represent efficient, consolidated work that avoided duplication and minimized costs to the estate.

7.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Rocky Point, New York
December 1, 2025

By:*/s/ Jared Vollaro, CPA*
Jared Vollaro, CPA.