DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone:  (914) 381-7400
Robert L. Rattet, Esq.
Craig M. Price, Esq.

*Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In re: | Chapter 11 Case |
| SOUND VISION CARE, INC., *et. al.*, | Case No.: 25-72421 (LAS) |
| Debtors.[1] | (Jointly Administered) |

_____/

### DEBTORS' OBJECTION TO THE MOTION OF MASTIC ASSOCIATES OF NEW YORK LLC FOR ORDER GRANTING STAY RELIEF, TO TERMINATE OR MODIFY THE AUTOMATIC STAY, AND FOR OTHER RELIEF

Debtor SVC of Murray Hill LLC (the "Murray Hill Debtor") and the other above-captioned Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors") respond to the motion of Mastic Associates of New York LLC (the "Landlord") for an order granting stay relief, to terminate or modify the automatic stay, and for other relief (the "Motion") [ECF Docket No. 263] with respect to a lease (the "Lease") for non-residential real estate at 458 Third Avenue, New York, New York, and respectfully state as follows:

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold, LLC (4232), and (viii) SVC of Murray Hill LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

**OBJECTION**

The Landlord's Motion is premature. The Murray Hill Debtor commenced its bankruptcy case not quite two months ago, on December 17, 2025 (the "Petition Date"), and since that time, the Murray Hill Debtor has been paying its rent current, has the required insurance on the location, and filed its schedules and statements of financial affairs [ECF Docket Nos. 24 & 25]. While it is certainly true that the Murray Hill Debtor's case was filed, in large part, to stay the Landlord's eviction proceeding, staying eviction proceedings is among the very purposes of bankruptcy and the automatic stay.

Prior to the Petition Date, the Murray Hill Debtor was unable to generate sufficient cash flow to pay the rent, and the remaining debtors were unable to contribute to the payment of the rent of a non-debtor. The Murray Hill Debtor has been attempting to increase cash flow, and now has an optimist in place to operate the location. As such, the Debtors believe that the Murray Hill Debtor is a valuable asset of the Debtors' estates and will be part of the Debtors' Chapter 11 plan to be filed in the near term. As such, the Debtors assert that the Lease is necessary to the Debtors' effective reorganization.

Contrary to the assertions in the Motion, that the Murray Hill Debtor's filing was made in bad faith, the entire purpose of the Chapter 11 process is to grant debtors a breathing spell so that a debtor may make decisions about, among other things, its leases. Section 365(d)(4)(A) specifically grants Chapter 11 debtors 120 days to decide whether to assume or reject a lease, provided that a debtor is making post-petition payments. Moreover, this section of the Bankruptcy Code also allows such period to be extended.

Moreover, while the Landlord makes clear that a Notice of Eviction dated December 3, 2025, was filed by the New York City Marshal, and that it listed an earliest eviction date

2

("EED") of December 18, 2025, and the eviction was scheduled to take place on January 12, 2026, these events never occurred, owing to the commencement of the Murray Hill Debtor's Chapter 11 case. Moreover, the Debtors are aware that to assume the Lease that they would be required to cure any and all prepetition defaults under the Lease.

Goven that the Murray Hill Debtor is current (or substantially current) on its post-petition rental obligations, and intends to file a plan in the near term for all of the Debtors, the Debtors assert that lifting the stay at this time, on the basis set forth in the Motion, is premature.  As such, the Debtors request that the Motion be denied, and such other relief as warranted be granted.

Dated:   February 5, 2026
      White Plains, New York            Respectfully submitted,

           /s/ *Robert L. Rattet*
           Robert L. Rattet, Esq.
           Craig M. Price, Esq.
           John D. Molino, Esq.

           **DAVIDOFF HUTCHER & CITRON LLP**
           120 Bloomingdale Road, Suite 100
           White Plains, New York 10605
           Telephone:   (914) 381-7400
           Email:   rlr@dhclegal.com
                 cmp@dhclegal.com
                 jdm@dhclegal.com

           *Counsel to the Debtors and Debtors in*
           *Possession*