DAVIDOFF HUTCHER & CITRON LLP                    **HEARING DATE: 2/12/2026**
120 Bloomingdale Road, Suite 100                        **HEARING TIME: 10:00 A.M.**
White Plains, New York 10605
Telephone:  (914) 381-7400
Robert L. Rattet, Esq.
Craig M. Price, Esq.
James B. Glucksman, Esq.

*Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:                                                              Chapter 11 Case

SOUND VISION CARE, INC., *et. al.*,                Case No.: 25-72421 (LAS)

    Debtors.[1]                                              (Jointly Administered)

_____/

### DEBTORS' SUPPLEMENTAL OBJECTION TO THE MOTION OF MASTIC ASSOCIATES OF NEW YORK LLC FOR ORDER GRANTING STAY RELIEF, TO TERMINATE OR MODIFY THE AUTOMATIC STAY, AND FOR OTHER RELIEF

Debtor SVC of Murray Hill LLC (the "Murray Hill Debtor") and the other above-captioned

Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors") as and for its

supplemental response (the original response dated February 5, 2026 is docketed at ECF Docket

No. 282) to the motion of Mastic Associates of New York LLC (the "Landlord") for an order

granting stay relief, to terminate or modify the automatic stay, and for other relief (the "Motion")

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold, LLC (4232), and (viii) SVC of Murray Hill LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[ECF Docket No. 263] with respect to a lease (the "Lease") for non-residential real estate at 458 Third Avenue, New York, New York, and respectfully state as follows:

**PRELIMINARY STATESMENT**

1.      The Landlord's Motion is premature. The Murray Hill Debtor commenced its bankruptcy case not quite two months ago, on December 17, 2025 (the "Petition Date"), and since that time, the Murray Hill Debtor has been paying its rent current, has the required insurance on the location, and filed its schedules and statements of financial affairs [ECF Docket Nos. 24 & 25]. While it is certainly true that the Murray Hill Debtor's case was filed, in large part, to stay the Landlord's eviction proceeding, staying eviction proceedings is among the very purposes of bankruptcy and the automatic stay.

2.      Prior to the Petition Date, the Murray Hill Debtor was unable to generate sufficient cash flow to pay the rent, and the remaining debtors were unable to contribute to the payment of the rent of a non-debtor. The Murray Hill Debtor has been attempting to increase cash flow, and now has an optimist in place to operate the location. As such, the Debtors believe that the Murray Hill Debtor is a valuable asset of the Debtors' estates and will be part of the Debtors' Chapter 11 plan to be filed in the near term. As such, the Debtors assert that the Lease is necessary to the Debtors' effective reorganization.

3.      The Debtors operate retail optician and eyeglass boutiques in Long Island and New York City and provide optometry services to the public. In the course of their operations, the Debtors utilize certain optical and other equipment.

4.      A description of the Debtors' business, the reasons for commencing these Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into Chapter 11 are

set forth in the *Declaration of Jeffrey Williams, Jr. to Local Bankruptcy Rule 1007-2 and 9077* [Docket No. 15] (the "Williams Declaration"), incorporated herein by reference.

## OBJECTION

5.      Upon information and belief, on or about March 5, 2025, the Landlord commenced a summary nonpayment proceeding against the Murray Hill Debtor in Civil Court, New York County.

6.      Upon information and belief, on May 5, 2025, the Court issued a judgment of possession and a monetary judgment in the amount of $47,549.92.

7.      Upon information and belief, the warrant issued and a Notice of Eviction, dated December 3, 2025, was served by the Marshall on The Murray Hill Debtor. The eviction was stayed by the Debtors' bankruptcy petitions.

8.      In order to preserve the Debtors' business, on December 17, 2025, the Debtors filed voluntary petitions for reorganization in this Court under Chapter 11 of the Bankruptcy Code.

9.      The Debtors have paid all post-petition rent. Upon information and belief, the Debtors paid post-petition rent for February 2026..

10.     The Court has the discretion to deny the Motion, and direct current performance under the Lease. See, e.g. *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 753, 754 (Bankr. S.D.N.Y. 1986) ("With these cases as a backdrop we cannot help but conclude that it would be inappropriate for the judiciary to fashion a harsh rule of forfeiture where Congress did not provide one. Thus, we hold that the failure to meet a lease obligation required by section 365(d)(3) within the first 60[2] days after the date of the order for relief does not effect an automatic termination of the lease. Rather, the appropriate remedy for such a failure is one which should be formulated by

---

[2] Now 120 days

the court after a review of the facts of the particular case…. This case is a good example of why it would be inappropriate to read into § 365(d)(3) a deemed rejection of a lease upon failure to make a post-petition payment within the first 60 days); *In re Great Atl. & Pac. Tea Co., Inc.*, 472 B.R. 666, 674–75 (S.D.N.Y. 2012) (citing *Westview, Id.)*("A debtor need not provide "an absolute guarantee of performance"; rather, "[i]t must simply appear that the rent will be paid and other lease obligations met.... The emphasis is on protection." *Id.* at 573 (alteration and internal quotation marks omitted); *see In re Westview 74th St. Drug Corp.,* 59 B.R. 747, 754 (Bankr.S.D.N.Y.1986) ("As designed by Congress, the phrase does not mean absolute insurance that the debtor will thrive and make a profit.")). The Court must direct that such payments be made; lifting the stay or denying a motion to extend the time to assume or reject the Lease is not required. The Court should exercise its discretion to deny the Motion and otherwise fashion appropriate relief.

11. The Debtors have acted in good faith, have been diligent in their prosecution of the Chapter 11 Cases, have complied with all operating guidelines of the Court and the U.S. Trustee and is current in the payment of all post-petition rent on the Lease.

12. If the stay is lifted, the Debtors and their creditors will be irreparably harmed and the Debtors' chances of a successful reorganization jeopardized.

13. It is therefore respectfully submitted that the relief requested herein is made in good faith, is reasonable under the circumstances at bar, and is clearly in the best interests of the Debtors and their estates.

14. Contrary to the assertions in the Motion, that the Murray Hill Debtor's filing was made in bad faith, the entire purpose of the Chapter 11 process is to grant debtors a breathing spell so that a debtor may make decisions about, among other things, its leases. Section 365(d)(4)(A) specifically grants Chapter 11 debtors 120 days to decide whether to assume or reject a lease,

4

provided that a debtor is making post-petition payments. Moreover, this section of the Bankruptcy Code also allows such period to be extended.

15.    Moreover, while the Landlord makes clear that a Notice of Eviction dated December 3, 2025, was filed by the New York City Marshal, and that it listed an earliest eviction date ("EED") of December 18, 2025, and the eviction was scheduled to take place on January 12, 2026, these events never occurred, owing to the commencement of the Murray Hill Debtor's Chapter 11 case. Moreover, the Debtors are aware that to assume the Lease that they would be required to cure any and all prepetition defaults under the Lease.

16.    The Landlord stands in a similar posture to other pre-petition contra-parties to agreements with the Debtors, and the Debtors seek an opportunity to reorganize. The premises from which it operates are essential.

17.    Goven that the Murray Hill Debtor is current on its post-petition rental obligations and intends to file a plan in the near term for all of the Debtors, the Debtors assert that lifting the stay at this time, on the basis set forth in the Motion, is premature.  As such, the Debtors request that the Motion be denied, and such other relief as warranted be granted.

**WHEREFORE**, the Debtors seek the denial of the Motion of the Murray Hill Landlord,

together with such other and further relief as is just under the circumstances.

Dated:   February 9, 2026
          White Plains, New York                    Respectfully submitted,

                                                     /s/ James B. Glucksman
                                                     Robert L. Rattet, Esq.
                                                     Craig M. Price, Esq.
                                                     John D. Molino, Esq.
                                                     James B. Glucksman

                                                     **DAVIDOFF HUTCHER & CITRON LLP**
                                                     120 Bloomingdale Road, Suite 100
                                                     White Plains, New York 10605
                                                     Telephone:   (914) 381-7400
                                                     Email:   rlr@dhclegal.com
                                                              cmp@dhclegal.com
                                                              jdm@dhclegal.com

                                                     *Counsel to the Debtors and Debtors in*
                                                     *Possession*