DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
James B. Glucksman
jbg@dhclegal.com
*Attorneys for Sound Vision Care, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                          Chapter 11

SOUND VISION CARE, INC., *et. al.*,                             Case No. 25-72421 (LAS)

                        Debtors.[1]
--------------------------------------------------------X


**MOTION OF DEBTORS FOR ORDER DIRECTING: (I) EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004 AND § 105(a) OF THE BANKRUPTCY CODE, (II) THE EXAMINATION OF LEAD BANK. AND (III) THE PRODUCTION OF DOCUMENTS, ALONG WITH RELATED RELIEF**

**TO THE HONORABLE LOUIS A. SCARCELLA,**
**UNITED STATES BANKRUPTCY JUDGE:**

Sound Vision Care, Inc., the above captioned debtors and debtors-in-possession (the

"Debtors" or "Movants"), by their undersigned counsel, Davidoff Hutcher & Citron LLP, as and

for its motion, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and section105(a) of Title 11 of the United States Code, as amended, for an

order directing the examination of Lead Bank (including its affiliates "Lead Bank") for the

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

production of documents and deposition on oral examination (this "Rule 2004 Examination"), represents and says:

## PRELIMINARY STATEMENT

On September 17, 2025, Vamshi Reddy Madagula ("Madagula"), Nagabhushanam Chalagalla ("Chalagalla"), Bhargav S Roy Sagi ("Sagi"), Faheem Mohmmed ("Mohmmed"), Sure-H (UK) Ltd. ("Sure-H"), and John Doe Nos. 1-10 (Madagula, Chalagalla, Sagi, Mohmmed, Sure-H, and John Doe Nos. 1-10 collectively, the "Alleged Fraudsters") and other parties not affiliated with the Debtors perpetrated a conspiracy to defraud the Debtors, with the unwitting or witting assistance of Lead Bank. The Alleged Fraudsters, by themselves or through other individuals, elicited from the Debtors' representative confidential banking and bank account information concerning Plaintiffs' accounts maintained at Flagstar Bank, N.A. ("Flagstar") by means of false representations, and then using such confidential banking and bank account information to withdraw or otherwise surreptitiously extract from Debtors' Flagstar bank accounts no less than $500,000.00 without the Debtors' authorization. These funds were then conveyed through unauthorized wire transfers to Lead Bank and other banks. In particular, on September 17, 2025 the amount of $80,000.00 was wired from Debtor SVC of Riverhead LLC, Acct. No. #6933m to Sure-H, whose account was at Lead Bank, ABA No. ⬛redacted⬛9644, Lead Bank Acct No. xxxxxxxx3899 (the "Lead Bank Transfer"). Through this Rule 2004 Examination, the Debtors seek information in order to recover these wrongfully converted funds (to the extent not already recovered), including but not limited to the Lead Bank Transfer, and hold accountable all persons and entities that engaged in the malfeasance or misfeasance that resulted in the foregoing theft.

## JURISDICTION

2

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Reference" of the United States District Court for the Eastern District of New York issued pursuant to 28 U.S.C. § 157 Administrative Order 601, (the "Order of Reference") (Amon, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Rule 2004 Examination is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein Rule 2004 of the Bankruptcy Rules and section 105 of the Bankruptcy Code. The Chapter 11 proceedings are currently pending before Hon. Louis A. Scarcella, U.S.B.J., of the United States Bankruptcy Court for the Eastern District of New York.

## BACKGROUND

### The Bankruptcy Case

2.      Debtors Sound Vision Care, Inc. ("SVC"), (ii) SVC of Coram, LLC ("SVC Coram"), (iii) SVC of East Setauket, LLC ("SVC East Setauket"), (iv) SVC of Riverhead, LLC ("SVC Riverhead"), (v) SVC of Southold, LLC ("SVC Southold"), (vi) SVC of Fresh Meadows, LLC ("SVC Fresh Meadows") and, (vii) SVC of Manhasset, LLC ("SVC Manhasset") (SVC, SVC Coram, SVC East Setauket, SVC Riverhead, SVC Southold, SVC Fresh Meadows, and SVC Manhasset, collectively, "Debtors"), filed their Chapter 11 petitions on June 23, 2025 (the "Petition Date").

3.      The Debtors are operating as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

4.      On June 26, 2025, this Court ordered the Debtors' Chapter 11 proceedings to be jointly administered for procedural purposes only under Case No.: 25-72421. *See* ECF Dkt. No. 10.

3

5.      On September 8, 2025, this Court entered an Order Granting Application to Employ the undersigned law firm, Davidoff Hutcher & Citron LLP ("DHC") as attorneys for the Debtors, effective as of June 23, 2025. *See* ECF Dkt. No. 105.

## THE ALLEGED FRAUDSTERS

6.      Upon information and belief, Madagula is a natural person who resides in a jurisdiction outside of the United States.

7.      Upon information and belief, Chalagalla is a natural person who resides in a jurisdiction outside of the United States.

8.      Upon information and belief, Sagi is a natural person who resides in a jurisdiction outside of the United States.

9.      Upon information and belief, Mohmmed is a natural person who resides in a jurisdiction outside of the United States.

10.      Upon information and belief, Sure-H is a limited corporation organized under the laws of the United Kingdom with a principal address located at 10 Meadway Precinct, Tilehurst, Reading, England, RG30 4AA.

11.      The Fraudsters engineered the transfer of the Debtors' funds (the "Transferred Funds"), the details of which the Debtors are investigating. The Alleged Fraudsters, upon information and belief, are outside of the United States and are not readily accessible to the Debtors.

12.      Certain of the Transferred Funds are, upon information and belief, currently held by Lead Bank and are or should be "frozen."

## THE FRAUDULENT TRANSFERS

4

13.    Shortly after the Petition Date, and in accordance with section 346 of the Bankruptcy Code and the United States Trustee operating guidelines, the Debtors transferred the substantial entirety of the contents of their bank accounts maintained at Wells Fargo to new debtor-in-possession accounts maintained at Flagstar.

14.    As of September 17, 2025, Plaintiffs maintained the following initial account balances in the corresponding bank accounts (collectively, the "SVC Accounts") at Flagstar:

SVC held a balance $143,718.92 of in its account ending in 6917;

SVC Coram held a balance of $64,831.03 in its account ending in 6925 ;

SVC East Setauket held a balance of $43,063.56 in its account ending in 6941;

SVC Riverhead held a balance of $191,558.72 in its account ending in 6933;

SVC Southold held a balance of $33,050.67 of in its account ending in 6968;

SVC Fresh Meadows held a balance of $32,510.66 in its account ending in 7137; and

SVC Manhasset held a balance of $80,293.27 in its account ending in 7145.

15.    On September 17, 2025, the Alleged Fraudsters caused the Transferred Funds, believed to be in the aggregate amount of approximately $589,000.00 from the Debtors' debtor in possession accounts at Flagstar.

16.    According to a police report filed by Kristin Biggs and Jeffrey A. Williams Jr., a copy of which is annexed hereto as **Exhibit 1**, these funds were removed from the Debtors' Flagstar debtor in possession business accounts ending in 6917, 6925, **6933**, 6941, 7137, 7145, 6938, and 6968 in over sixteen (16) wire transfer transactions (the "Transfers" or individually "Transfer").

17.    Ms. Biggs reported receiving a phone call (the "Fraud Call") from a male who presented themselves as "Simon Larson" from Wells Fargo's Fraud department. Mrs. Biggs was

then introduced to a second man via a phone call who presented himself as "Grant" from Flagstar's fraud department. Both subjects gave Ms. Biggs a web address to use to login to the Debtors' Flagstar business account. After logging in to the web address given, the two unknown subjects removed the funds via wire transfers and debit transfers. The Debtors recorded the phone call with the Alleged Fraudsters. A transcript of the Fraud Call is available from Debtors' counsel on request.

18.     Over the course of the three-hour telephone call, Simon Larson successfully gained the trust of Ms. Biggs, who came to falsely believe that defendant Simon Larson was, in fact, a Wells employee and who was, in fact, investigating "suspicious" activity involving the Debtors' accounts.

19.     As a result of this false belief, and in response to his solicitations thereof, Ms. Biggs was fraudulently induced into orally divulging to Simon Larson certain confidential information concerning the Debtors' accounts, including information that could be, and which later was, used to authorize the transfer of funds within the Debtors' accounts to third-party bank accounts held by Alleged Fraudsters without the Debtors' authorization.

20.     As discussed above, on September 17, 2025 the Lead Bank Transfer, in the amount of $80,000.00 was wired from Debtor SVC of Riverhead LLC, Acct. No. #6933 to Sure-H, whose account was at Lead Bank, ABA No. [redacted]9644, Lead Bank Acct No. xxxxxxxx3899.

21.     In order for the Debtors and its counsel, as officers of the Court, to perform their respective duties, the Debtors are requesting the following information with regard to each and every transfer involving Lead Bank, including but not limited to the Lead Bank Transfer, made on or after September 17 and 18, 2025:

a) Any and all written records of each Transfer;
b) The Lead Bank account from which each Transfer was made;

6

c)  Any information identifying the transferor of each Transfer;

d)  Any information identifying the recipient of each Transfer;

e)  The name of the person or institution receiving the Transfer or Transfers;

f)  The account application at Lead Bank for Lead Bank Acct No. xxxxxxxx3899;

g)  The account application at Lead Bank for Lead Bank Acct No. xxxxxxxx3899;

h)  The history of transfers from Lead Bank Acct No. xxxxxxxx3899;

i)  The history of transfers to Lead Bank Acct No. xxxxxxxx3899;

j)  The account number of the transferee of each Transfer, including but not limited to the Lead Bank Transfer.

k)  The amount of each Transfer, including but not limited to the Lead Bank Transfer;

l)  Any other information in possession of or known to Lead Bank with respect to each Transfer or Transferee.

m)  Any agreements that the Debtors entered into with Lead Bank and

n)  With respect to any communication to BofA requesting each Transfer, including but not limited to the Lead Bank Transfer:

  i.  The time such communication was received;

  ii.  Whether the communication was oral, written or otherwise received; and

  iii.  Whether any request was made to the Debtors for oral or written confirmation of authority for the Transfer.

22.    In addition, the Debtors seek a copy of any agreements that any of the alleged Fraudsters, including but not limited to Sure H, entered into with Lead Bank.

23.    There are, upon information and belief, other funds that have been removed from the Debtors' Accounts that will be the subject of additional requests under Rule 2004 of the Bankruptcy Rules.

24.    These thefts have caused serious consequences to the Debtors' business operations. The Debtors are under mandate, by both bankruptcy court orders and by the provisions of the Bankruptcy Code, to remain current on post-petition obligations, pay rent, and make other payments pursuant to court orders.

25.    The Debtors require these funds to pay post-petition obligations and ultimately fund a plan of reorganization.

26.    Similarly, the Debtors may face difficulty in purchasing needed inventory and compensating their employees and other parties providing services to the Debtors.

27.     In short, the absence of liquidity is seriously and perhaps irreparably harming the Debtors.

28.     The Debtors require an examination under Rule 2004 of the Bankruptcy Rules to streamline the administration of the estates and determine which litigation alternatives are appropriate.

## RELIEF REQUESTED

29.     Movants seek to examine Lead Bank pursuant to Bankruptcy Rule 2004.

30.     Prior to this examination, Lead Bank should be required to produce the documents as listed in **Exhibit "2"** and as may be amended.

31.     Accordingly, Movants request the entry of an Order directing Lead Bank (i) to produce documents and (ii) to appear for an examination, under oath, upon reasonable notice.

32.     Specific areas of examination will include but not be limited to:

   a.   The identity of the Alleged Fraudsters; and

   b.   Transactions involving the Alleged Fraudsters.

33.     Bankruptcy Rule 2004 empowers this Court to order the examination of any person, including the debtor, upon written motion as "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004. The scope of inquiry under Rule 2004 is intended to be very broad, unfettered and in the nature of a fishing expedition. *See, e.g.* In re Orion Healthcorp, Inc., 596 B.R. 228, 235 (Bankr. E.D.N.Y. 2019) ("The scope of a Bankruptcy Rule 2004 examination is 'unfettered and broad.'") (citing In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (internal citations and quotations omitted). "Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing

expedition' into general matters and issues regarding the administration of the bankruptcy case." Id. (internal citations and quotations omitted); St. Clair v. Cadles of Grassy Meadows II, L.L.C., 550 B.R. 655, 668 (E.D.N.Y. 2016) ("As a general proposition, Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate, ..., and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'"); In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (same); In re Hughes, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) (same);  In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("The scope of an examination permitted by Rule 2004 may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the bankruptcy estate. Fed. R. Bankr.P. 2004(b)."); In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984) (same); In re GHR Cos., 41 B.R.. 655, (Bankr., D. Mass, 1983) (same);  In re Vantage Petroleum Corp, 34. B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (same). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."  In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

34.    Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

35.    Movant submits that the relief request, pursuant to Rule 2004 and as supplemented by § 105(a), is reasonable and proper and well within Movants' rights.  The relief requested also is in the best interests of the Debtors' estates.

**Proposed Order**

9

36.     A proposed Order is annexed as **Exhibit 3**.

37.     Inasmuch as the Debtors are continually gathering more information, the proposed Order permits the Debtors to amend the list of documents sought.

38.     The Debtors will serve an appropriate subpoena with this Order, and requests that the Court grant leave to serve this Order and Subpoena by electronic mail and/or overnight courier addressed to Jackie Reses, Co-Founder, CEO & Chair, Leads Bank, 1801 Main St, Kansas City, MO 64108. This is the address associated with the ABA number of Leads Bank used for this transaction. The remaining service information is gathered from publicly available information provided by Leads Bank.

**WHEREFORE,** the Debtors request that this motion be granted, for which no previous request has been made, and for such other and further relief this Court deems just and proper.

Dated: New York, New York
        February 4, 2026

DAVIDOFF HUTCHER & CITRON LLP

/s/ James B. Glucksman

By: _____

        James B. Glucksman
605 Third Avenue
New York, New York 10158
(212) 557-7200
jbg@dmlegal.com

*Attorneys for the Debtors*

10

EXHIBIT "1"




# Riverhead Town Police Department
## ACCREDITED LAW ENFORCEMENT AGENCY
### As of Thu Sep 18 17:17:14 EDT 2025
## *Incident Report*

| CC#<br>RV25029481 | Pct<br>RPD | Sector<br>602 | Car<br>RVDESK | Incident Type - Grand Larceny<br>Larceny - Grand Larceny | | Classification<br>Incident GEF |
|---|---|---|---|---|---|---|

## INCIDENT

| Report Date<br>09/17/2025 | Report Time<br>21:13 | Report Day<br>Wed | Date (Occurred on/from)<br>09/17/2025 | Time<br>13:00 | Day<br>Wed | Date (Occurred to) | Time |
|---|---|---|---|---|---|---|---|

| Business name and type<br>- - | | Town Code<br>T/RIVERHEAD - 5255 |
|---|---|---|

Incident address
1224 OSTRANDER AVE, RIVERHEAD, SUFFOLK NY USA 11901

## OFFENSES

| No. | Law | Name of offense | Deg | Art/Section | Sub | Cat | Att |
|---|---|---|---|---|---|---|---|
| 1 | PL | Grand Larc-2nd:Property Value Exceeds $50,000 | 2 | 155.40 | 01 | F | C |

## ASSOCIATED PERSONS

Person Type: C=Complainant V=Victim E=Aided A=Arrested S=Suspect M=Missing Person W=Witness P=Person Interviewed O=Other

| Per | Type | Name | D.O.B. | Sex | Race | | Offense |
|---|---|---|---|---|---|---|---|
| 1 | C | JEFFREY SLANEY WILLIAMS | redacted | M | WhiteNon-Hispanic | | |

| Address | Home Tel # | Work Tel # | Cell Tel # |
|---|---|---|---|
| 175 1ST ST, LAUREL, New York, 11948 | redacted | | redacted |

| Per | Type | Name | D.O.B. | Sex | Race | | Offense |
|---|---|---|---|---|---|---|---|
| 2 | C | KRISTIN BIGGS | redacted | F | WhiteNon-Hispanic | | |

| Address | Home Tel # | Work Tel # | Cell Tel # |
|---|---|---|---|
| 175 1ST ST, LAUREL, New York, 11948 | redacted | | redacted |

## PROPERTY

| Per # | Quantity | Description | Property Status | Drug Type | Value | Damage Value |
|---|---|---|---|---|---|---|
| | | ELETRONIC FUNDS | Stolen | - | 500,000.00 | N/A |

## NARRATIVE

Kristin Biggs and Jeffrey Williams reports on September 17th 2025 between 1300 and 1700 hours approx $500,000 was removed from the Flagstar Bank D.I.P Business accounts ending in 6917, 6925, 6941, 7137, 7145, 6938, and 6968 over 16 wire transfer transaction.
Mrs. Biggs reports receiving a phone call from 209-853-8513 from a male who presented themselves as "Simon Larson" from Well Fargo fraud department. Mrs. Biggs was then introduced to a second man via a phone call who presented himself as "Grant" from Flagstar fraud department. Both subjects gave Mrs. Biggs a web address to use to login to the Sound Vision Flagstar business account. After logging into the web address given the two unknown subjects removed the funds via wire transfers and debit transfers. All business financial accounts have since been frozen, no further personal information was compromised. Same wishes to pursue charges.

Victim did receive information on Victim's Rights and Services pursuant to NYS Law    ☐ Yes  ☒ No

## OFFICERS

| Name<br>TRIVELLI, JOSEPH | Rank<br>Police Officer | Badge #<br>PO/246 | Classification<br>Reporting officer; Dispatched officer |
|---|---|---|---|
| Name<br>RPD PATROL - SQUAD 5 | Rank | Badge # | Classification<br>Reporting unit |

## ADMINISTRATIVE

| Teletype No | Connected CC #'s |
|---|---|

| Status<br>Closed/cleared | Status Date<br>09/17/2025 | Confidential ☐ |
|---|---|---|

| CC#<br>RV25029481 | Reporting / Investigating Officer<br>PO/246 TRIVELLI, JOSEPH | Supervisor<br>SGT/46 CONYERS, KARLI Sergeant<br>Electronically approved |
|---|---|---|

EXHIBIT "2"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                 Chapter 11 Case

SOUND VISION CARE, INC., *et al*.,                     Case No.: 25-72421 (LAS)

                        Debtors. [1]                   (Jointly Administered)

------------------------------------------------------------------    x

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AUTHORIZING DEBTORS TO ISSUE
SUBPOENAS DIRECTING EXAMINATION AND PRODUCTION OF
DOCUMENTS**

Upon the application, dated October 10, 2025  (the "Application"), of the above-captioned Debtors (the "Movant") for an order pursuant to Fed. R. Bankr. P. 2004 seeking authorization to issue subpoenas directing (i) the production of documents by Wells Fargo Bank, N.A. (the "Discovery Party"), responsive to the requests set forth on the schedule attached as Exhibit "3" to the Application (the "Requests") and (ii) the oral examination, under oath, of the Discovery Party; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a); and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

1.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination, under oath, of the Discovery Party.

2.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents responsive to the Requests and attendance for the foregoing examination without prejudice to the right of the Discovery Party to object in accordance with the applicable rules.

3.      Unless otherwise agreed by the Movant and the Discovery Party, or subsequently ordered by the Court, the Discovery Party shall produce documents (including electronically stored information) in its possession, custody or control responsive to the Requests not later than twenty (20) days after the service of such subpoena, the Application, and a copy of this Order. Responsive documents shall be delivered to Movant's counsel, Davidoff Hutcher & Citron LLP, Attn: James B. Glucksman, Esq., 605 Third Avenue, New York, NY 10158, email: jbg@dhclegal.com.

4.      The Discovery Party shall appear for the foregoing examination at the offices of Movant's counsel, or via remote procedures acceptable to the parties, not later than thirty (30) days after the date of service of such subpoena, the Application, and a copy of this Order.

5.      The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld based on an asserted privilege, the Discovery Party shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6.      The Discovery Party shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

7.      All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding

five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the parties of the argument date.

8.      This Order is without prejudice to the right of Movant to seek further discovery pursuant to Fed. R. Bankr. P. 2004 or otherwise of the Discovery Party or any other person or entity.

9.      The terms and conditions of this Order shall be effective immediately and enforceable upon entry.

10.     Debtors' counsel shall serve this Order and the motion upon which it is based by Federal Express Overnight Courier upon Jackie Reses, Co-Founder, CEO & Chair, Leads Bank, 1801 Main St, Kansas City, MO 64108.

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

EXHIBIT "3"

**EXHIBIT "3"**

**DOCUMENT LIST FOR RULE 2004 ORDER (Lead Bank)**

1) Any and all written records of each Transfer;
2) The Lead Bank account from which each Transfer was made;
3) Any information identifying the transferor of each Transfer;
4) Any information identifying the recipient of each Transfer;
5) The name of the person or institution receiving the Transfer or Transfers;
6) The account application at Lead Bank for Lead Bank Acct No. xxxxxxxx3899;
7) The account application at Lead Bank for Lead Bank Acct No. xxxxxxxx3899;
8) The history of transfers from Lead Bank Acct No. xxxxxxxx3899;
9) The history of transfers to Lead Bank Acct No. xxxxxxxx3899;
10) The account number of the transferee of each Transfer, including but not limited to the Lead Bank Transfer.
11) The amount of each Transfer, including but not limited to the Lead Bank Transfer;
12) Any other information in possession of or known to Lead Bank with respect to each Transfer or Transferee;
13) Any agreements that the Debtors entered into with Lead Bank and
14) With respect to any communication to BofA requesting each Transfer, including but not limited to the Lead Bank Transfer:
   i. The time such communication was received;
   ii. Whether the communication was oral, written or otherwise received; and
   iii. Whether any request was made to the Debtors for oral or written confirmation of authority for the Transfer.

648051v.1