DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone:  (914) 381-7400
Robert L. Rattet, Esq.
Craig M. Price, Esq.
John D. Molino, Esq.

HEARING DATE: March 19, 2026
HEARING TIME: 10:00 a.m. (EST)

*Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

SOUND VISION CARE, INC, *et. al.*,

Debtors.[1]

/

Chapter 11 Case

Case No.: 25-72421 (LAS)

(Jointly Administered)

## NOTICE OF HEARING
## TO CONSIDER DEBTORS' MOTION FOR AN ORDER ASSUMING THE UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY OF DEBTOR SVC OF FRESH MEADOWS LLC LOCATED AT 61-38 190TH STREET, FRESH MEADOWS, NEW YORK 11365 UNDER SECTION 365(b) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE**, that upon the annexed Motion[2] of the above-captioned

debtors and debtors in possession (the "Debtors") a hearing shall be held before the Honorable

Louis A. Scarcella, United States Bankruptcy Judge, at the United States Bankruptcy Court, 290

Federal Plaza, courtroom 970, Central Islip, New York 11722, on the **March 19, 2026**, at **10:00**

**a.m. (EST)**, or as soon thereafter as counsel may be heard on the Debtors' motion to compel

compliance with a certain Subpoena pursuant to Fed.R.Bankr.P. Rule 2004(c), together with

---

1    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

2    Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Motion.

such other an further relief as is just under the circumstances;

PLEASE TAKE FURTHER NOTICE, that the Motion will be on file with the Office of the Clerk of the Bankruptcy Court at the address stated above and may be examined on the Court's website www.nyeb.uscourts.gov (a PACER password and login are required) or may be obtained from the undersigned upon written request.

PLEASE TAKE FURTHER NOTICE, that objections to the Motion, if any, shall be made in writing, filed with the United States Bankruptcy Court and served upon the undersigned so as to be received no later than **March 12, 2026,** at **5:00 p.m. (EST)**.

Dated:  White Plains, New York
        February 24, 2026

By: */s/ Robert L. Rattet*
       Robert L. Rattet., Esq,

DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone: (914) 381-7400
Email: rlr@dhclegal.com
       cmp@dhclegal.com
       jdm@dhclegal.com

*Counsel for the Debtors and Debtors-in Possession*

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
James B. Glucksman
jbg@dhclegal.com
*Attorneys for SDebtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                    Chapter 11

SOUND VISION CARE, INC., *et. al.*,                      Case No. 25-72421 (LAS)

                                    Debtors.[1]              (Jointly Administered)
--------------------------------------------------------X


**MOTION OF DEBTORS FOR ORDER DIRECTING COMPLIANCE WITH
SUBPOENA PURSUANT TO BANKRUPTCY RULE 2004 AND § 105(a) OF THE
BANKRUPTCY CODE DIRECTED TO LEAD BANK FOR (I) THE PRODUCTION OF
DOCUMENTS; (II) ATTENDANCE AT DEPOSITION; AND (III) RELATED RELIEF**

**TO THE HONORABLE LOUIS A. SCARCELLA,
UNITED STATES BANKRUPTCY JUDGE:**

Sound Vision Care, Inc., and the other above captioned debtors and debtors-in-possession

(collectively, the "Debtors" or "Movants"), by their undersigned counsel, Davidoff Hutcher &

Citron LLP, as and for their motion (this "Motion") for Directing Compliance with Subpoena (the

"Subpoena") pursuant to Bankruptcy Rule 2004 (the "Bankruptcy Rules") and § 105(A) of the

Bankruptcy Code Directed to Lead Bank for (I) the Production of Documents; (II) Attendance at

Deposition; and (III) Related Relief, represents and says:

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care,
Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows,
LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold,
LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

647893v.1

## PRELIMINARY STATEMENT

On September 17, 2025, Vamshi Reddy Madagula ("Madagula"), Nagabhushanam Chalagalla ("Chalagalla"), Bhargav S Roy Sagi ("Sagi"), Faheem Mohmmed ("Mohmmed"), Sure-H (UK) Ltd. ("Sure-H"), and John Doe Nos. 1-10 (Madagula, Chalagalla, Sagi, Mohmmed, Sure-H, and John Doe Nos. 1-10 collectively, the "Alleged Fraudsters") and other parties not affiliated with the Debtors perpetrated a conspiracy to defraud the Debtors, with the unwitting or witting assistance. Such parties include Revolut Technologies, Inc. ("Revolut")..

The Alleged Fraudsters, by themselves or through other individuals, elicited from the Debtors' representative confidential banking and bank account information concerning Debtors' accounts maintained at Flagstar Bank, N.A. ("Flagstar") by means of false representations, and then using such confidential banking and bank account information,  withdrew or otherwise surreptitiously extracted from Debtors' Flagstar bank accounts no less than $500,000.00 without the Debtors' authorization. These funds were then conveyed through unauthorized wire transfers to Lead Bank, Revolut, and other banks. In particular, on September 17, 2025, the amount of $80,000.00 was wired from Debtor SVC of Riverhead LLC, Acct. No. #6933 to Sure-H, whose account was at Lead Bank, ABA No. xxxxxxx9644, Lead Bank Acct No. xxxxxxxx3899 (the "Lead Bank Transfer"). The Debtors obtained the entry of an Order allowing 2004 examination of Lead Bank. Lead Bank's in-house counsel, Jeff Spector, advised, using passive tense language, that the Lead Bank account was a "virtual account" maintained by Revolut Bank, and, also using passive tense, that the moneys were "swept" by Revolut, converted to crypto and further transferred (the "Revolut Transfer"). Mr. Spector further advised the information was maintained by "Lead Bank's third-party service provider, Revolut Technologies, Inc. ("Revolut")."

2

Through this Rule 2004 Examination, the Debtors seek information in order to recover these wrongfully converted funds (to the extent not already recovered), including, but not limited to, the Lead Bank Transfer and the Revolut Transfer, and hold accountable all persons and entities that engaged in the malfeasance or misfeasance that resulted in the foregoing theft.

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Reference" of the United States District Court for the Eastern District of New York issued pursuant to 28 U.S.C. § 157 Administrative Order 601, (the "Order of Reference") (Amon, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Rule 2004 Examination is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 2004 of the Bankruptcy Rules and section 105 of the Bankruptcy Code. The Chapter 11 proceedings are currently pending before Hon. Louis A. Scarcella, U.S.B.J., of the United States Bankruptcy Court for the Eastern District of New York.

## BACKGROUND

### The Bankruptcy Case

2. Debtors Sound Vision Care, Inc. ("SVC"), (ii) SVC of Coram, LLC ("SVC Coram"), (iii) SVC of East Setauket, LLC ("SVC East Setauket"), (iv) SVC of Riverhead, LLC ("SVC Riverhead"), (v) SVC of Southold, LLC ("SVC Southold"), (vi) SVC of Fresh Meadows, LLC ("SVC Fresh Meadows") and, (vii) SVC of Manhasset, LLC ("SVC Manhasset") (SVC, SVC Coram, SVC East Setauket, SVC Riverhead, SVC Southold, SVC Fresh Meadows, and SVC Manhasset, collectively, "Debtors"), filed their Chapter 11 petitions on June 23, 2025 (the "Petition Date"). On December 17, 2025 SVC of Murray Hill LLC filed its Chapter 11 petition.

3

3.      The Debtors are operating as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

4.      On June 26, 2025, this Court ordered the Debtors' Chapter 11 proceedings to be jointly administered for procedural purposes only under Case No.: 25-72421. *See* ECF Dkt. No. 10.

5.      On September 8, 2025, this Court entered an Order Granting Application to Employ the undersigned law firm, Davidoff Hutcher & Citron LLP ("DHC") as attorneys for the Debtors, effective as of June 23, 2025. *See* ECF Dkt. No. 105.

## THE ALLEGED FRAUDSTERS

6.      Upon information and belief, Madagula is a natural person who resides in a jurisdiction outside of the United States.

7.      Upon information and belief, Chalagalla is a natural person who resides in a jurisdiction outside of the United States.

8.      Upon information and belief, Sagi is a natural person who resides in a jurisdiction outside of the United States.

9.      Upon information and belief, Mohmmed is a natural person who resides in a jurisdiction outside of the United States.

10.     Upon information and belief, Sure-H is a limited corporation organized under the laws of the United Kingdom with a principal address located at 10 Meadway Precinct, Tilehurst, Reading, England, RG30 4AA.

11.     The Fraudsters engineered the transfer of the Debtors' funds (the "Transferred Funds"), the details of which the Debtors are investigating. The Alleged Fraudsters, upon

4

information and belief, are outside of the United States and are not readily accessible to the Debtors.

12.     Certain of the Transferred Funds are, upon information and belief, currently held by Lead Bank and/or Revolut and are, or should be, "frozen."

13.     The Debtors obtained the entry of an order pursuant to Fed.R.Bankr.P. Rule 2004 (the "2004 Order") on February 9, 2026, directing Lead Bank to produce certain documents (the "Document Production Order") by no later than March 2, 2026, and to attend a live deposition on March 9, 2026. A copy of the Subpoena, with the 2004 Order annexed, is annexed hereto as Exhibit "1".[2]

## THE FRAUDULENT TRANSFERS

14.     Shortly after the Petition Date, and in accordance with section 346 of the Bankruptcy Code and the United States Trustee operating guidelines, the Debtors transferred the substantial entirety of the contents of their bank accounts maintained at Wells Fargo to new debtor-in-possession accounts maintained at Flagstar.

15.     As of September 17, 2025, Plaintiffs maintained the following initial account balances in the corresponding bank accounts (collectively, the "SVC Accounts") at Flagstar:

SVC held a balance of $143,718.92 of in its account ending in 6917;

SVC Coram held a balance of $64,831.03 in its account ending in 6925 ;

SVC East Setauket held a balance of $43,063.56 in its account ending in 6941;

SVC Riverhead held a balance of $191,558.72 in its account ending in 6933;

SVC Southold held a balance of $33,050.67 in its account ending in 6968;

SVC Fresh Meadows held a balance of $32,510.66 in its account ending in 7137; and

---

[2] This exhibit is an extract of the Subpoena as served.

SVC Manhasset held a balance of $80,293.27 in its account ending in 7145.

16. On September 17, 2025, the Alleged Fraudsters caused the Transferred Funds, believed to be in the aggregate amount of approximately $589,000.00, to be moved from the Debtors' debtor in possession accounts at Flagstar.

17. According to a police report filed by Kristin Biggs and Jeffrey A. Williams Jr., these funds were removed from the Debtors' Flagstar debtor in possession business accounts ending in 6917, 6925, 6933, 6941, 7137, 7145, 6938, and 6968 in over sixteen (16) wire transfer transactions (the "Transfers" or individually "Transfer").

18. Ms. Biggs reported receiving a phone call (the "Fraud Call") from a male who presented themselves as "Simon Larson" from Wells Fargo's Fraud department. Mrs. Biggs was then introduced to a second man via a phone call who presented himself as "Grant" from Flagstar's fraud department. Both subjects gave Ms. Biggs a web address to use to login to the Debtors' Flagstar business account. After logging in to the web address given, the two unknown subjects removed the funds via wire transfers and debit transfers. The Debtors recorded the phone call with the Alleged Fraudsters. A transcript of the Fraud Call is available from Debtors' counsel on request.

19. Over the course of the three-hour telephone call, Simon Larson successfully gained the trust of Ms. Biggs, who came to falsely believe that defendant Simon Larson was, in fact, a Wells Fargo employee and who was, in fact, investigating "suspicious" activity involving the Debtors' accounts.

20. As a result of this false belief, and in response to his solicitations thereof, Ms. Biggs was fraudulently induced into orally divulging to Simon Larson certain confidential information concerning the Debtors' accounts, including information that could be, and which later was, used

6

to authorize the transfer of funds within the Debtors' accounts to third-party bank accounts held by Alleged Fraudsters without the Debtors' authorization.

21.    As discussed above, on September 17, 2025, the Lead Bank Transfer, in the amount of $80,000.00, was wired from Debtor SVC of Riverhead LLC, Acct. No. #6933 to Sure-H, whose account was at Lead Bank, ABA No. xxxxxxx9644, Lead Bank Acct No. xxxxxxxx3899.

22.    On February 10, 2026 Debtors counsel served a Rule 2004 subpoena on Lead Bank (the "Lead Bank Subpoena").

23.    On February 12, 2026, Mr. Rosie Torres sent an email to Debtors' counsel acknowledging receipt of the Lead Bank Subpoena and requesting the full, unredacted account number to which the Lead Bank Transfer was allegedly made. Debtors' counsel replied with the full account information that it possessed.

24.    As set forth in an email sent by Mr. Spector, identified as in-house counsel to Lead Bank  sent an email to Debtors' counsel on February 17, 2026 (the "February 17, 2026 Email"), a copy of which is annexed hereto as Exhibit "2." The February 17, 2026 Email advised as follows:

> Thank you for that information.  To the extent non-privileged documents exist that are responsive to your subpoena, they would be maintained by Lead Bank's third-party service provider, Revolut Technologies, Inc. ("Revolut").  Revolut has its own systems of record and custodians; their records are not within Lead Bank's possession, custody, or control. If you would like to serve the subpoena to Revolut, you can do so via the following address:
>
> Revolut Technologies Inc.
> c/o Cogency Global Inc.
> 850 New Burton Road, Suite 201
> Dover, DE 19904
>
> By furnishing this response, Lead Bank is not waiving any objections, defenses, arguments, and/or privileges available to it in connection with the court order or any pending or future administrative, state, or federal proceedings. All rights, objections,

7

defenses, arguments and/or privileges are expressly reserved.

Please confirm receipt of this email.  Thank you in advance.

25.     Debtors' counsel thereupon called Mr. Spector. Mr. Spector advised that the Lead Bank account was a "virtual account." maintained by Revolut Bank, and, also using passive tense that the moneys were "swept" by Revolut Bank, converted to crypto and further transferred overseas. Mr. Spector further advised the information was maintained by "Lead Bank's third-party service provider, Revolut."

26.     All of Mr. Spector's statements were in passive tense. When Debtors' counsel requested information as to who was responsible for and controlled the "sweeping", Mr. Spector stated, in words to the effect of "obviously (we, meaning Debtors' counsel) don't understand the world of crypto currency." Debtors' counsel then stated that the Debtors did not lose $80,000 in crypto or virtual money, and that it lost $80,000 in real, actual U.S. dollars.

27.     On February 18, 2026, Debtors' counsel forwarded a letter, a copy of which is annexed hereto as Exhibit "3" which stated in part:

> In your discussion (the previous day) you stated "the money's gone" and "that's the way it works in crypto." My clients did not lose $80,000 in crypto by the illicit transfer to Lead bank Account No. xxxxxxx3899; they lost actual dollars, the loss of which the Debtors assert that Lead Bank is accountable. You stated that the subject accounts at Lead are "virtual accounts" or "virtual account numbers." We consider Lead Bank to be under obligation to know the actual identities of their account holders.

28.     Within three hours, Mr. Spector responded by email (the "February 18, 2026 Email") which stated in relevant part:

> Per our discussion, if you need a name for the Revolut subpoena, use Dan Ryan. Further, Lead has provided you with all of the information you need to get the documentation you requested.  It is frustrating the way this is playing out.  As mentioned multiple times, if after servicing Revolut and they are unwilling to give you the

8

information you seek, we can certainly chat again. Also, per our conversation, Lead will be unable to attend on March 9, 2026 and in the future if an appearance is necessary from a representative of the bank, it will need to be held in Kansas City, MO.

At this time Lead is considering this matter closed on our end.

29.     Debtors' counsel responded to the effect that the matter was not closed. Mr. Spector responded by email on February 18, 2026, at 2:33 p.m.: "Please note that Lead will not be taking any further action at this time and considering this matter closed internally."

30.      Mr. Spector's response is not fully candid and, upon information and belief, furthers the obvious "shell game" underway between and among the Fraudsters, Lead Bank and Revolut.

31.     While Mr. Spector describes Revolut as a "third party service provider", apparently Lead Bank and Revolut have an extensive relationship. An extract of Revolut's web page is annexed hereto as Exhibit "4." On Page 4 of Exhibit "4", Revolut states:

> The Revolut Prepaid Visa® and Revolut Prepaid Mastercard® cards are issued by **Lead Bank**, Member FDIC, pursuant to respective licenses from Visa U.S.A. Inc. and Mastercard International and may be used everywhere Visa or Mastercard respectively are accepted. Banking services offered through the Revolut Prepaid Card are provided **by Lead Bank**, and are subject to the terms of a Cardholder Agreement. Revolut Technologies Inc. (Revolut) is a technology services provider and program manager of the card program. Funds in your Revolut Prepaid Card Account will be transferred to and held by **Lead Bank**, an FDIC insured institution. Funds loaded onto your Lead Bank issued card will be insured up to the applicable limits whether your funds are held directly by **Lead Bank** or through one of its networked FDIC insured institutions (emphasis supplied).

32.     This statement on Revolut's web page makes clear that the operations of Lead Bank and related and indeed intertwined.

9

33.     The Debtors must therefore examine both Lead Bank and Revolut, in order to learn the nature, extent, and location of assets of the Debtors' estates. See, e.g., In re Historic & Trophy Buildings Fund FCP-SIF, No. 22-11461 (DSJ), 2023 WL 5525044, at *4 (Bankr. S.D.N.Y. Aug. 25, 2023) ("The Liquidator represents and the Movants do not dispute that the Liquidator seeks the information in question to assess possible estate entitlement to commence civil actions that could generate recoveries for the benefit of the Debtor's estate, and, thus, for the benefit of its creditors. This constitutes a paradigmatic use of Rule 2004."); In re Metiom, Inc., 318 B.R. 263, 271 (S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a trustee in a bankruptcy proceeding to 'learn quickly about the debtor entity' so that he or she may 'maximize the realization of the debtor's estate' and '**discover the existence and location of assets of the estate**.'" Emphasis supplied). In this case, learning the "existence and location of assets of the estate" is crucial since the assets in question, i.e., money resident in the Debtors' bank accounts, are the subject of apparent fraud and theft.

34.     One thing is clear; dollars that were transferred to the Lead Account are missing and must be recovered. This "shell game" seeks to obfuscate the party or parties that participated in the concealment of approximately $589,000 of the Debtors' assets, of which this $80,000 transfer to Lead Bank is a small but important part.

35.     In order for the Debtors and its counsel, as officers of the Court, to perform their respective duties, the Debtors are requesting that the Court compel the delivery of the following information with regard to each and every transfer involving Lead Bank, including, but not limited to, the Lead Bank Transfer, made on or after September 17 and 18, 2025:

   a) Any and all written records of each Lead Bank Transfer;
   b) Any and all written records of each Revolut Transfer;
   c) The Lead Bank account from which each Transfer was made;
   d) The Revolut account to, and from, any Revolut Transfer was made

10

e)  Any information identifying the transferor of each Lead Bank Transfer;

f)  Any information identifying the transferor of each Revolut Transfer;

g)  Any information identifying the recipient of each Lead Bank Transfer;

h)  Any information identifying the recipient of each Revolut Transfer;

i)  The name of the person or institution receiving the Lead Bank Transfer or Lead Bank Transfers;

j)  The name of the person or institution receiving the Revolut Transfer or Revolut Transfers;

k)  The account application at Lead Bank for Lead Bank Acct No. xxxxxxxx3899;

l)  The account application at Revolut Bank for any accounts receiving sweeps or transfers from Lead Bank during September or October 2025;

m) The history of transfers from Lead Bank Acct No. xxxxxxxx3899;

n)  The history of transfers to Lead Bank Acct No. xxxxxxxx3899;

o)  The account application at Revolut for any account which received the Revolut Transfer;

p)  The account application at Lead Bank for Lead Bank Acct No. xxxxxxxx3899;

q)  The account application at Revolut Bank for any accounts receiving sweeps or transfers from Lead Bank during September or October 2025;

r)  The account application at Lead Bank for Lead Bank Acct No. xxxxxxxx3899;

s)  The history of transfers from Lead Bank Acct No. xxxxxxxx3899;

t)  The history of transfers to Lead Bank Acct No. xxxxxxxx3899;;

u)  The history of transfers from Lead Bank Acct No. xxxxxxxx3899;

v)  The history of transfers to Lead Bank Acct No. xxxxxxxx3899;;

w) The history of transfers from Revolut Bank for any accounts receiving sweeps or transfers from Lead Bank during September or October 2025;

x)  The history of transfers to Revolut Bank for any accounts receiving sweeps or transfers from Lead Bank during September or October 2025;

y)  The account number of the transferee of each transferee of the Revolut Transfer, including but not limited to the Lead Bank Transfer;

z)  The amount of each Revolut Transfer, including but not limited to the Lead Bank Transfer;

aa) Any other information in possession of or known to Lead Bank with respect to each Transfer or Transferee.

bb) Any other information in possession of or known to Revolut with respect to each Transfer or Transferee.

cc) Any agreements that the Debtors entered into with Lead Bank and

dd) With respect to any communication to Revolut requesting each Transfer, including but not limited to the Lead Bank Transfer:

   i.   The time such communication was received;

   ii.  Whether the communication was oral, written or otherwise received; and

   iii. Whether any request was made to the Debtors for oral or written confirmation of authority for the Transfer.

11

36.     In addition, the Debtors seek a copy of any agreements that any of the alleged Fraudsters, including but not limited to Sure H, entered into with Lead Bank.

37.     There are, upon information and belief, other funds that have been removed from the Debtors' Accounts that will be the subject of additional requests under Rule 2004 of the Bankruptcy Rules.

38.     These thefts caused serious consequences to the Debtors' business operations. The Debtors are under mandate, by both bankruptcy court orders and by the provisions of the Bankruptcy Code, to remain current on post-petition obligations, pay rent, and make other payments pursuant to court orders.

39.     The Debtors also require these funds to pay post-petition obligations and ultimately fund a plan of reorganization.

40.     Similarly, the Debtors may face difficulty in purchasing needed inventory and compensating their employees and other parties providing services to the Debtors.

41.     The Debtors require liquidity to confirm the Plan or Reorganization (ECF Docket No. 311) or any amendments thereto.

42.     In short, the absence of liquidity is seriously, and perhaps irreparably, harming the Debtors.

43.     The Debtors require an examination under Rule 2004 of the Bankruptcy Rules to streamline the administration of the estates and determine which litigation alternatives are appropriate.

**RELIEF REQUESTED**

44.     Movants seek to examine to compel Lead Bank's compliance with the subpoena pursuant to Bankruptcy Rule 2004.

45.     Federal Rule of Civil Procedure 45(d)(2)(B)(i), made applicable herein by Bankruptcy Rule 9016, provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed R. Civ. P. 45(d)(2)(B)(i). A person who has been served with a subpoena who "fails without adequate excuse to obey the subpoena or an order related to it" may be held in contempt. Fed R. Civ. P. 45(g). A failure to timely object to a subpoena constitutes a waiver of any objection. See, e.g., Application of Sumar, 123 F.R.D. 467, 472 (S.D.N.Y. 1988). Also, section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). It is well settled that, pursuant to §105 of the Bankruptcy Code, bankruptcy courts possess the inherent power to hold parties in civil contempt for violating bankruptcy court orders. See BNY Fin. Corp. v. Masterwear Corp. (In re Masterwear Corp.), 229 B.R. 301, 310 (Bankr. S.D.N.Y. 1999). The issuance of civil contempt orders generally serves one or both of two goals: (a) to compel or coerce obedience of a court order; and/or (b) to compensate parties for losses resulting from the contemnor's noncompliance with an order of the court. See In re Ionosphere Clubs, Inc., 171 B.R. 18, 21 (S.D.N.Y. 1994); see also Stockschaleder v. Kittay (In re Stockbridge Funding Corp.), 145 B.R. 797, 804 (Bankr. S.D.N.Y. 1993), aff'd, 158 B.R. 914 (S.D.N.Y. 1994).

46.     As discussed above, Lead Bank has failed to comply with their obligations pursuant to the 2004 Order and/or the Document Production Order attached thereto and served upon them.

47.     To date, the Debtors have received no compliance with the 2004 Order. Lead Bank has referred the Debtors to an allegedly independent "third-party service provider…Revolut."

13

48.    While the Debtors are seeking a Rule 2004 Examination of Revolut (ECF Docket No. 336) there is simply no reasonable excuse for Lead Bank's continuing refusal to comply with the Debtors' discovery demands.  Rather, said non-compliance is clearly willful in nature and appears to be improperly intended to thwart the Debtors' investigation of the Transfers. The Debtors are expected to take Lead Bank's counsel's word for it that "the money's gone" and "that's the way it works in crypto." For the Court to accept this as the final word would be to give license to the fraudulent phishing schemes sweeping the country.

49.    Accordingly, it is respectfully submitted that the Court should enter an Order: (a) directing Lead Bank to fully comply with the 2004 Order and the Subpoena served pursuant thereto by producing all of the documents responsive to the discovery demands, to the extent that they are within their possession, custody, or control (including any documents which they can reasonably obtain from third-party sources), to Debtors' counsel by a fixed date established by this Court; and (b) delineating consequences for Lead Bank's non-compliance.

50.    Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

51.    Movant submits that the relief request, pursuant to Rule 2004 and as supplemented by § 105(a), is reasonable and proper and well within Movants' rights. The relief requested also is in the best interests of the Debtors' estates.

### Proposed Order

52.    A proposed Order is annexed as Exhibit "5".

14

**WHEREFORE,** the Debtors request that this Motion be granted, for which no previous request has been made, and for such other and further relief this Court deems just and proper.

Dated: New York, New York
February 24, 2026

DAVIDOFF HUTCHER & CITRON LLP

/s/ James B. Glucksman

By: _____

James B. Glucksman
605 Third Avenue
New York, New York 10158
(212) 557-7200
jbg@dmlegal.com

*Attorneys for the Debtors and Debtors in Possession*

15

EXHIBIT "1"

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of ___New York_____
                    Eastern

In re _____     Case No. ___25-72421-las_____
            Sound Vision Care, Inc. et. al.
                        Debtor                       Chapter _____11_____


### SUBPOENA FOR RULE 2004 EXAMINATION

To: _____
        Lead Bank        by a person designated - FRCP 30(b)(6) & FRBP 7030

_(Name of person to whom the subpoena is directed)_


☐ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE   Davidoff Hutcher & Citron LLP, 120 Bloomingdale Road White Plains NY 10605, (914) 381-7400 | DATE AND TIME   March 9,2026 @ 10:00 a.m. |
|---|---|

The examination will be recorded by this method: _____Stenographic transcription_____

☒ _Production:_ You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
     See annexed schedule, subject to amendment


     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___2/10/2026___

                    CLERK OF COURT

                                              OR
                                                    /s/ James B. Glucksman
          _____        _____
          _Signature of Clerk or Deputy Clerk_        _Attorney's signature_


The name, address, email address, and telephone number of the attorney representing _(name of party)_
___Sound Vision Care, Inc. et. al.__who issues or requests this subpoena, are:

   James B. Glucksman, Davidoff Hutcher & Citron LLP, 120 Bloomingdale
   Road, White Plains NY 10605, (914) 381-7400


### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT "3"**

**DOCUMENT LIST FOR RULE 2004 ORDER**

1) Any and all written records of each transfer that to or from the account of any of the Debtors from September 16, 2025 to the date of this Order ("Transfer" or "Transfers");
2) The debtor account from which each Transfer was made;
3) Any information identifying the recipient of each Transfer;
4) The name of the person or institution receiving the Transfer or Transfers;
5) The bank account number and to the extent known into which each Transfer was made.
6) The bank account number and to the extent known from which each Transfer was received.
7) The account number of the transferee of each Transfer.
8) The amount of each Transfer; and
9) With respect to any communication to Flagstar requesting each transfer:
   a) The time such communication was received;
   b) Whether the communication was oral, written or otherwise received; and
   c) Whether any request was made to the Debtors for oral confirmation of authority for the transfer
10) Any other information in possession of or known to Wells Fargo with respect to each Transfer or Transferee.
11) Any agreements that the Debtors entered into with Wells Fargo.

648051v.1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re:                                                                          Chapter 11 Case

SOUND VISION CARE, INC., *et al.*,                       Case No.: 25-72421 (LAS)

                    Debtors.[1]                              (Jointly Administered)

------------------------------------------------------------------------x

### ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING DEBTORS TO ISSUE SUBPOENAS DIRECTING EXAMINATION AND PRODUCTION OF DOCUMENTS

Upon the motion, dated February 4, 2026 (the "Motion") [ECF No. 275], of the above-captioned Debtors (the "Movant") for an order pursuant to Fed. R. Bankr. P. 2004 seeking authorization to issue subpoenas directing (i) the production of documents by Lead Bank (the "Discovery Party"), responsive to the requests set forth on the schedule attached as Exhibit "3" to the Motion (the "Requests") and (ii) the oral examination, under oath, of the Discovery Party; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a); and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold, LLC (4232), and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

1.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination, under oath, of the Discovery Party.

2.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents responsive to the Requests and attendance for the foregoing examination without prejudice to the right of the Discovery Party to object in accordance with the applicable rules.

3.      Unless otherwise agreed by the Movant and the Discovery Party, or subsequently ordered by the Court, the Discovery Party shall produce documents (including electronically stored information) in its possession, custody or control responsive to the Requests not later than twenty (20) days after the service of such subpoena, the Motion, and a copy of this Order. Responsive documents shall be delivered to Movant's counsel, Davidoff Hutcher & Citron LLP, Attn: James B. Glucksman, Esq., 605 Third Avenue, New York, NY 10158, email: jbg@dhclegal.com.

4.      The Discovery Party shall appear for the foregoing examination at the offices of Movant's counsel, or via remote procedures acceptable to the parties, not later than thirty (30) days after the date of service of such subpoena, the Motion, and a copy of this Order.

5.      The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld based on an asserted privilege, the Discovery Party shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6.      The Discovery Party shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree

on appropriate search terms.

7.      All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the parties of the argument date.

8.      This Order is without prejudice to the right of Movant to seek further discovery pursuant to Fed. R. Bankr. P. 2004 or otherwise of the Discovery Party or any other person or entity.

9.      The terms and conditions of this Order shall be effective immediately and enforceable upon entry.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.



Dated: February 9, 2026
    Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge

EXHIBIT "2"

| From: | Jeffrey Spector |
|---|---|
| To: | Glucksman, James B. |
| Cc: | Rosie Torres; Jenny Bezis; Rattet, Robert L.; Molino, John D.; Mark D; Caddie Lai |
| Subject: | Re: Lead Bank Subpoena No.: Case No.: 25-72421 (LAS) |
| Date: | Tuesday, February 17, 2026 4:28:41 PM |
| Attachments: | image002.png |

**CAUTION: EXTERNAL MAIL. DO NOT CLICK ON LINKS OR OPEN ATTACHMENTS YOU DO NOT TRUST**

James,

Thank you for that information.  To the extent non-privileged documents exist that are responsive to your subpoena, they would be maintained by Lead Bank's third-party service provider, Revolut Technologies, Inc. ("Revolut").  Revolut has its own systems of record and custodians; their records are not within Lead Bank's possession, custody, or control. If you would like to serve the subpoena to Revolut, you can do so via the following address:

Revolut Technologies Inc.
c/o Cogency Global Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

By furnishing this response, Lead Bank is not waiving any objections, defenses, arguments, and/or privileges available to it in connection with the court order or any pending or future administrative, state, or federal proceedings. All rights, objections, defenses, arguments and/or privileges are expressly reserved.

Please confirm receipt of this email.  Thank you in advance.

**Jeffrey Spector**
Assistant General Counsel
O: (816) 874-4909
jeffrey@lead.bank



On Tue, Feb 17, 2026 at 2:40 PM Glucksman, James B. <jbg@dhclegal.com> wrote:

This is the account number:

ABA: 9644
ACCT# redacted 3899
BANK: LEAD BANK



| Sep 17 | OUTGOING WIRE | | 80,000.00 |
| REF# | redacted 3122 | | |
| TO: | sure,h uk ltd | ABA: redacted 9644 | |
| BANK: LEAD BANK | | ACCT# redacted 3899 | |

When can we expect compliance with the subpoena?

Since this message has been sent from my iPhone, please forgive any typographical or dictation errors.

James B. Glucksman
(914) 482-4033
(LinkedIn Profile)

================================

Below disclosures are for legal messages only:

********************************************************
STATEMENT OF CONFIDENTIALITY
*The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify us immediately by email reply to sender or by telephone to Davidoff Hutcher & Citron LLP at (800) 793-2843, ext. 3284, and destroy all copies of this message and any attachments.*

*IRS DISCLOSURE NOTICE*
*In accordance with Internal Revenue Service Circular 230, we inform you that any discussion of a federal tax issue contained in this*

*communication (including any attachments) is not intended or written to be used, and it cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters*

Thank you

On Feb 12, 2026, at 11:53 AM, Rosie Torres <rosie@lead.bank> wrote:

**CAUTION: EXTERNAL MAIL. DO NOT CLICK ON LINKS OR OPEN ATTACHMENTS YOU DO NOT TRUST**

Attorney Glucksman,

Thanks for your response. Please feel free to call my colleague, Jeffrey Spector at (816) 874-4909. He is also included in this email.

Thanks,
Rosangeliz

On Thu, Feb 12, 2026 at 9:17 AM Glucksman, James B. <jbg@dhclegal.com> wrote:

We will search. I am copying other counsel in the matter and the debtor is accountants. Please provide me with telephonic contact information.

Please also admit Service and we will work out a methodology.

Since this message has been sent from my iPhone, please forgive any typographical or dictation errors.

James B. Glucksman
(914) 482-4033
(LinkedIn Profile)

===================
Below disclosures are for legal messages only:

**************************************************
STATEMENT OF CONFIDENTIALITY
*The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify us immediately by email reply to sender or by telephone to Davidoff Hutcher & Citron LLP at (800) 793-2843, ext. 3284, and destroy all copies of this message and any attachments.*

IRS DISCLOSURE NOTICE
*In accordance with Internal Revenue Service Circular 230, we inform you that any discussion of a federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters*

Thank you

On Feb 12, 2026, at 9:10 AM, Rosie Torres <rosie@lead.bank> wrote:

**CAUTION: EXTERNAL MAIL. DO NOT CLICK ON LINKS OR OPEN ATTACHMENTS YOU DO NOT TRUST**

Good morning,

Lead Bank has received subpoena Case No.: 25-72421 (LAS). Based on the information provided, we are

EXHIBIT "3"



## DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

FIRM OFFICES

NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

**WRITER'S DIRECT: 646-428-3236**
**E-MAIL: JBG@DHCLEGAL.COM**

February 18, 2026

_**Via email jeffrey@lead.bank**_

Jeffrey Spector, Esq.
Lead Bank
1801 Main St
Kansas City, MO 64108

> Re: _**In re Sound Vision Care Inc**_**, Case No. 25-72421-LAS (Bankr. E.D.N.Y.)**
> **Lend Bug LLC v. SVC of Port Jefferson LLC et. al., Adv. Proc. No. 26-08020**
> **(Removed Proceeding)**

This office represents Sound Vision Care, Inc. and associated Debtors (the "Debtors"). This letter is written in response to your email of 2/17/2026 at 4:28 p.m. EST. The Debtors respond as follows:

1) If, as you allege, Revolut Technologies, Inc. ("Revolut") is your "third-party service provider" they are acting as Lead Bank's agent and Lead Bank is the disclosed principal. Under the terms of the subpoena you must direct Revolut to deliver any information to you for delivery to this office, or direct Revolut to do so;

2) You provided an address for Revolut, but documents need to be served to an actual person. Please provide the name of the person directing Revolut; and

3) In your discussion you stated "the money's gone" and "that's the way it works in crypto." My clients did not lose $80,000 in crypto by the illicit transfer to Lead bank Account No. xxxxxxx3899; they lost actual dollars, the loss of which the Debtors assert that Lead Bank is accountable. You stated that the subject accounts at Lead are "virtual accounts" or "virtual account numbers." We consider Lead Bank to be under obligation to know the actual identities of their account holders.

DAVIDOFF HUTCHER & CITRON LLP

Salene Mazur Kraemer
Mazurkraemer Business Law Group

February 18, 2026
Page 2

       The subpoena in question provided for a live deposition. Accordingly, we request that Lead Bank designate a knowledgeable person pursuant to Fed.R.Bankr.P. Rule 30(b)(6) to appear for deposition at our office. Absent a response, we will operate under the assumption that Lead Bank will appear at our office, as provided in the subpoena (copy attached) on March 9,2026 at 10:00 a.m.

       By furnishing this response, the Debtors are not waiving any objections, defenses, arguments, and/or privileges available to it in connection with the court order or any pending or future administrative, state, or federal proceedings. All rights, objections, defenses, arguments and/or privileges are expressly reserved.

       Please confirm receipt of this correspondence.  This letter is without prejudice to any and all of the Debtors' rights, remedies, and defenses at law and in equity, all of which are expressly reserved.

Very truly yours,

*/s/ James B. Glucksman*
James B. Glucksman, Esq.

cc:    Marc D'Agostino
       Kristin Biggs
       Dr. Jeffery Willams Jr

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of _____New York_____

In re ____Sound Vision Care, Inc. et. al.____    Case No. ____25-72421-las_____

Debtor

Chapter ____11_____

### SUBPOENA FOR RULE 2004 EXAMINATION

To: ____Lead Bank_____by a person designated - FRCP 30(b)(6) & FRBP 7030_____

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE Davidoff Hutcher & Citron LLP, 120 Bloomingdale Road White Plains NY 10605, (914) 381-7400 | DATE AND TIME March 9,2026 @ 10:00 a.m. |
|---|---|

The examination will be recorded by this method: ____Stenographic transcription_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
   See annexed schedule, subject to amendment

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____2/10/2026____

CLERK OF COURT

OR

_____                         /s/ James B. Glucksman
*Signature of Clerk or Deputy Clerk*            _____
                                                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ____Sound Vision Care, Inc. et. al.__who issues or requests this subpoena, are:

   James B. Glucksman, Davidoff Hutcher & Citron LLP, 120 Bloomingdale Road, White Plains NY 10605, (914) 381-7400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  \$ _____ .

 My fees are \$ _____ for travel and \$_____ for services, for a total of \$_____ .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "3"

## DOCUMENT LIST FOR RULE 2004 ORDER

1) Any and all written records of each transfer that to or from the account of any of the Debtors from September 16, 2025 to the date of this Order ("Transfer" or "Transfers");
2) The debtor account from which each Transfer was made;
3) Any information identifying the recipient of each Transfer;
4) The name of the person or institution receiving the Transfer or Transfers;
5) The bank account number and to the extent known into which each Transfer was made.
6) The bank account number and to the extent known from which each Transfer was received.
7) The account number of the transferee of each Transfer.
8) The amount of each Transfer; and
9) With respect to any communication to Flagstar requesting each transfer:
   a) The time such communication was received;
   b) Whether the communication was oral, written or otherwise received; and
   c) Whether any request was made to the Debtors for oral confirmation of authority for the transfer
10) Any other information in possession of or known to Wells Fargo with respect to each Transfer or Transferee.
11) Any agreements that the Debtors entered into with Wells Fargo.

648051v.1

EXHIBIT "4"

## About us

# We change the way you do money

Revolut helps you spend, send, and save smarter. Welcome to your new favourite way to do all things money.

Try Revolut now

## 70+ million

personal
customers,
globally

## 500k+

business
customers,
globally

## 140+

countries and
regions
supported

## 25+

in-app
currencies
supported



About us | Revolut United States

# Revolut

| Security & Protection | Daily Finances | Help | Company |
|---|---|---|---|
| How We Protect Your Money | Cards | System Status | About Us |
| Learn About Fraud & Scams | International Transfers | Developers API | Culture |
| Security Bugs | Send & Receive | Site Map | Diversity & Inclusion |
| Report Lost Device | Money Management | Help Center | Code of Conduct |
| | | Consumer Security Insight Report | Sustainability |
| **Lifestyle** | **Plans** | | Careers |
| | | **Portfolio** | Working at Revolut |
| **Lifestyle** | **Plans** | | |
| Shops | Standard | **Portfolio** | Relocation with Revolut |
| Donations | Premium | Stocks | Talent Programmes |
| Insurance | Metal | Automated Investing | Talent Programmes STEM Champions |
| | Compare Plans | **Savings & Funds** | News & Media |
| | | **Savings & Funds** | Affiliates |
| | | High Yield Savings | Annual Report 2024 |
| | | | Reports and results |
| | | | Contact Us |

 United States

Website Terms      Legal Agreements      Privacy Portal      Complaints      Customer Vulnerability

California Collection Notice

Do not sell or share my personal information | Limit the use of my sensitive personal information

© Revolut Technologies Inc. 2026

Revolut Technologies Inc. 107 Greenwich Street, 20th Floor, New York, NY 10006

The Revolut Prepaid Visa® and Revolut Prepaid Mastercard® cards are issued by Lead Bank, Member FDIC, pursuant to respective licenses from Visa U.S.A. Inc. and Mastercard International and may be used everywhere Visa or Mastercard respectively are accepted. Banking services offered through the Revolut Prepaid Card are provided by Lead Bank, and are subject to the terms of a Cardholder Agreement. Revolut Technologies Inc. (Revolut) is a technology services provider and program manager of the card program.

Funds in your Revolut Prepaid Card Account will be transferred to and held by Lead Bank, an FDIC insured institution. Funds loaded onto your Lead Bank issued card will be insured up to the applicable limits whether your funds are held directly by Lead Bank or through one of its networked FDIC insured institutions.

Savings Vaults created on or prior to July 29, 2025 are provided by Sutton Bank, Member FDIC, and funds there are insured up to $250,000 in the event Sutton Bank fails.

Savings Vaults created after July 29, 2025 are provided by Cross River Bank, Member FDIC, insured up to $250,000.

Securities products and services provided by Revolut Securities Inc., member FINRA/SIPC. Securities products are not insured by the FDIC or any federal government agency, are not bank deposits, are not obligations of or guaranteed by any bank and are subject to investment risks, including possible loss of the principal amount invested.

Automated investing is provided by Revolut Wealth Inc., an SEC registered investment advisor. Information about operations, services, and fees is set forth in Revolut Wealth's current Form ADV Part 2 (Brochure), a copy of which is available upon request and at IAPD -- Investment Adviser Public Disclosure -- Homepage.

The Revolut Visa Credit Card is issued by Cross River Bank, Member FDIC. Revolut Personal Loans are made by Cross River Bank, Member FDIC. The Revolut Visa Credit Cards and Revolut Personal Loans are not deposit products.

The Revolut Secured Mastercard Credit Card is issued by Lead Bank, Member FDIC.

Travel insurance on Revolut's Metal plan is provided by Chubb Group.

For any questions, contact Revolut using the Revolut mobile application or by calling the number on the back of your card: (844) 744-3512, or write to Revolut at 107 Greenwich Street, 20th Floor, New York, NY 10006.

**Money Transfer:** Send money to India | Send money to Mexico | Send money to Philippines | Send money to South Africa | Send money to the UK

**Currency Converter:** Convert USD to INR | Convert USD to GBP | Convert THB to USD | Convert PLN to USD | Convert USD to MXN | Convert JPY to USD | Convert MXN to USD | Convert EUR to USD | Convert USD to EUR | Convert CAD to USD | Convert USD to CAD | Convert USD to JPY | Convert USD to PHP

EXHIBIT "5"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                                      Chapter 11 Case

SOUND VISION CARE, INC., *et al*.,                       Case No.: 25-72421 (LAS)

                       Debtors. [1]                       (Jointly Administered)

---------------------------------------------------------------    x

### ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO COMPEL COMPLIANCE WITH SUBPOENAS DIRECTING EXAMINATION AND PRODUCTION OF DOCUMENTS

Sound Vision Care, Inc., the other above captioned debtors and debtors-in-possession (collectively, the "Debtors" or "Movants") filed a Motion (the "Motion") for an order (this "Order"), pursuant to §105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), compelling Lead Bank to comply with a certain subpoena served upon them by the Debtors pursuant to an Order by a date certain as established by this Court or be held in civil contempt, and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and sufficient notice having been provided; and the Court having found and determined that the relief sought in the Motion is warranted; and the Court having determined at a hearing on March 10, 2026 that the Motion should be granted and that the legal and factual bases set forth in the Motion established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

647893v.1

1.      Lead Bank is hereby directed to fully comply with the 2004 Order and the Subpoena served pursuant thereto by producing *all* of the documents responsive to the discovery demands, to the extent that they are within their possession, custody or control (including any documents which they can reasonably obtain from third-party sources), to the Debtors' counsel by [date to be fixed by the Court]