UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

In re:                                                                          Chapter 11 Case

SOUND VISION CARE, INC., *et al.*,                               Case No.: 25-72421 (LAS)

Debtors.[1]                                     (Jointly Administered)

--------------------------------------------------------------------------x

### ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING DEBTORS TO ISSUE SUBPOENAS DIRECTING EXAMINATION AND PRODUCTION OF DOCUMENTS

Upon the motion, filed February 24, 2026 (the "Motion") [ECF No. 336], of the above-captioned Debtors (the "Movant") for an order pursuant to Fed. R. Bankr. P. 2004 seeking authorization to issue subpoenas directing (i) the production of documents by Revolut Technologies Inc. (the "Discovery Party"), responsive to the requests set forth on the schedule attached as Exhibit "5" to the Motion (the "Requests") and (ii) the oral examination, under oath, of the Discovery Party; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a); and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold, LLC (4232), and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

1. The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination, under oath, of the Discovery Party.

2. The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents responsive to the Requests and attendance for the foregoing examination without prejudice to the right of the Discovery Party to object in accordance with the applicable rules.

3. Unless otherwise agreed by the Movant and the Discovery Party, or subsequently ordered by the Court, the Discovery Party shall produce documents (including electronically stored information) in its possession, custody or control responsive to the Requests not later than twenty (20) days after the service of such subpoena, the Motion, and a copy of this Order. Responsive documents shall be delivered to Movant's counsel, Davidoff Hutcher & Citron LLP, Attn: James B. Glucksman, Esq., 605 Third Avenue, New York, NY 10158, email: jbg@dhclegal.com.

4. The Discovery Party shall appear for the foregoing examination at the offices of Movant's counsel, or via remote procedures acceptable to the parties, not later than thirty (30) days after the date of service of such subpoena, the Motion, and a copy of this Order.

5. The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld based on an asserted privilege, the Discovery Party shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6. The Discovery Party shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree

on appropriate search terms.

7.     All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the parties of the argument date.

8.     This Order is without prejudice to the right of Movant to seek further discovery pursuant to Fed. R. Bankr. P. 2004 or otherwise of the Discovery Party or any other person or entity.

9.     The terms and conditions of this Order shall be effective immediately and enforceable upon entry.

10.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.



Dated: February 24, 2026
  Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge