DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
James B. Glucksman
jbg@dhclegal.com
*Attorneys for Sound Vision Care, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                                       Chapter 11

SOUND VISION CARE, INC., *et. al*.,                Case No. 25-72421 (LAS)

                                   Debtors.[1]
--------------------------------------------------------X

**MOTION OF DEBTORS FOR ORDER DIRECTING: (I) EXAMINATION PURSUANT
TO BANKRUPTCY RULE 2004 AND § 105(a) OF THE BANKRUPTCY CODE, (II) THE
EXAMINATION OF BANK OF AMERICA AND (III) THE PRODUCTION OF
DOCUMENTS, ALONG WITH RELATED RELIEF**

**TO THE HONORABLE LOUIS A. SCARCELLA,
UNITED STATES BANKRUPTCY JUDGE:**

Sound Vision Care, Inc., the above captioned debtors and debtors-in-possession (the

"Debtors" or "Movants"), by their undersigned counsel, Davidoff Hutcher & Citron LLP, as and

for its motion, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and section105(a) of Title 11 of the United States Code, as amended, for an

order directing the examination of Bank of America (including its affiliates "Bank of America")

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care,
       Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows,
       LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), and (vii) SVC of Southold,
       LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

647893v.1

for the production of documents and deposition on oral examination (this "Rule 2004 Examination"), represents and says:

**PRELIMINARY STATEMENT**

On September 17, 2025, Vamshi Reddy Madagula ("Madagula"), Nagabhushanam Chalagalla ("Chalagalla"), Bhargav S Roy Sagi ("Sagi"), Faheem Mohmmed ("Mohmmed"), Sure-H (UK) Ltd. ("Sure-H"), and John Doe Nos. 1-10 (Madagula, Chalagalla, Sagi, Mohmmed, Sure-H, and John Doe Nos. 1-10 collectively, the "Alleged Fraudsters") and other parties not affiliated with the Debtors perpetrated a conspiracy to defraud the Debtors, with the unwitting or witting assistance of Bank of America. The Alleged Fraudsters, by themselves or through other individuals, elicited from the Debtors' representative confidential banking and bank account information concerning Plaintiffs' accounts maintained at Flagstar Bank, N.A. ("Flagstar") by means of false representations, and then using such confidential banking and bank account information to withdraw or otherwise surreptitiously extract from Debtors' Flagstar bank accounts no less than $500,000.00 without the Debtors' authorization. These funds were then conveyed through unauthorized wire transfers to Bank of America and other banks. In particular 1) on September 17, 2025 the amount of $49,000.00 was wired from Debtor SVC of Coram LLC, Acct. No. #6941 to Chalagalla, whose account was at Bank of America, ABA No. xxxxx9593, Bank of America Acct No. xxxxxxxx6690 (the "Bank of America - Chalagalla Transfer"); and 2) the amount of $79,000.00 was wired from Debtor SVC of Manhasset LLC, Acct. No. #6941 to bhargav s roy sagi ("Sagi"), whose account was at Bank of America, ABA No. xxxxx9593, Bank of America Acct No. xxxxxxxx 4873 (the "Bank of America - Sagi Transfer").  Through this Rule 2004 Examination, the Debtors seek information in order to recover these wrongfully converted funds (to the extent not already recovered), including but not limited to the Bank of America -

2

Chalagalla Transfer and the Bank of America - Sagi Transfer (collectively, where appropriate, the "Bank of America Transfers"), and hold accountable all persons and entities that engaged in the malfeasance or misfeasance that resulted in the foregoing theft.

## JURISDICTION

1.     This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Reference" of the United States District Court for the Eastern District of New York issued pursuant to 28 U.S.C. § 157 Administrative Order 601, (the "Order of Reference") (Amon, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Rule 2004 Examination is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein Rule 2004 of the Bankruptcy Rules and section 105 of the Bankruptcy Code. The Chapter 11 proceedings are currently pending before Hon. Louis A. Scarcella, U.S.B.J., of the United States Bankruptcy Court for the Eastern District of New York.

## BACKGROUND
### The Bankruptcy Case

2.     Debtors Sound Vision Care, Inc. ("SVC"), (ii) SVC of Coram, LLC ("SVC Coram"), (iii) SVC of East Setauket, LLC ("SVC East Setauket"), (iv) SVC of Riverhead, LLC ("SVC Riverhead"), (v) SVC of Southold, LLC ("SVC Southold"), (vi) SVC of Fresh Meadows, LLC ("SVC Fresh Meadows") and, (vii) SVC of Manhasset, LLC ("SVC Manhasset") (SVC, SVC Coram, SVC East Setauket, SVC Riverhead, SVC Southold, SVC Fresh Meadows, and SVC Manhasset, collectively, "Debtors"), filed their Chapter 11 petitions on June 23, 2025 (the "Petition Date").

3.     The Debtors are operating as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

3

4.      On June 26, 2025, this Court ordered the Debtors' Chapter 11 proceedings to be jointly administered for procedural purposes only under Case No.: 25-72421. *See* ECF Dkt. No. 10.

5.      On September 8, 2025, this Court entered an Order Granting Application to Employ the undersigned law firm, Davidoff Hutcher & Citron LLP ("DHC") as attorneys for the Debtors, effective as of June 23, 2025. *See* ECF Dkt. No. 105.

## THE ALLEGED FRAUDSTERS

6.      Upon information and belief, Madagula is a natural person who resides in a jurisdiction outside of the United States.

7.      Upon information and belief, Chalagalla is a natural person who resides in a jurisdiction outside of the United States.

8.      Upon information and belief, Sagi is a natural person who resides in a jurisdiction outside of the United States.

9.      Upon information and belief, Mohmmed is a natural person who resides in a jurisdiction outside of the United States.

10.      Upon information and belief, Sure-H is a limited corporation organized under the laws of the United Kingdom with a principal address located at 10 Meadway Precinct, Tilehurst, Reading, England, RG30 4AA.

11.      The Fraudsters engineered the transfer of the Debtors' funds (the "Transferred Funds"), the details of which the Debtors are investigating. The Alleged Fraudsters, upon information and belief, are outside of the United States and are not readily accessible to the Debtors.

12.      Certain of the Transferred Funds are, upon information and belief, currently held by Bank of America and are or should be "frozen."

## THE FRAUDULENT TRANSFERS

13.      Shortly after the Petition Date, and in accordance with section 346 of the Bankruptcy Code and the United States Trustee operating guidelines, the Debtors transferred the substantial entirety of the contents of their bank accounts maintained at Wells Fargo to new debtor-in-possession accounts maintained at Flagstar.

14.      As of September 17, 2025, Plaintiffs maintained the following initial account balances in the corresponding bank accounts (collectively, the "SVC Accounts") at Flagstar:

SVC held a balance $143,718.92 of in its account ending in 6917;

SVC Coram held a balance of $64,831.03 in its account ending in 6925 ;

SVC East Setauket held a balance of $43,063.56 in its account ending in 6941;

SVC Riverhead held a balance of $191,558.72 in its account ending in 6933;

SVC Southold held a balance of $33,050.67 of in its account ending in 6968;

SVC Fresh Meadows held a balance of $32,510.66 in its account ending in 7137; and

SVC Manhasset held a balance of $80,293.27 in its account ending in 7145.

15.      On September 17, 2025, the Alleged Fraudsters caused the Transferred Funds, believed to be in the aggregate amount of approximately $589,000.00 from the Debtors' debtor in possession accounts at Flagstar.

16.      According to a police report filed by Kristin Biggs and Jeffrey A. Williams Jr., a copy of which is annexed hereto as **Exhibit 1**, these funds were removed from the Debtors' Flagstar debtor in possession business accounts ending in 6917, 6925, 6933, 6941, 7137, 7145,

5

6938, 2535 and 6968 in over sixteen (16) wire transfer transactions (the "Transfers" or individually "Transfer").

17.    Ms. Biggs reported receiving a phone call (the "Fraud Call") from a male who presented themselves as "Simon Larson" from Wells Fargo's Fraud department. Mrs. Biggs was then introduced to a second man via a phone call who presented himself as "Grant" from Flagstar's fraud department. Both subjects gave Ms. Biggs a web address to use to login to the Debtors' Flagstar business account. After logging in to the web address given, the two unknown subjects removed the funds via wire transfers and debit transfers. The Debtors recorded the phone call with the Alleged Fraudsters. A transcript of the Fraud Call is available from Debtors' counsel on request.

18.    Over the course of the three-hour telephone call, Simon Larson successfully gained the trust of Ms. Biggs, who came to falsely believe that defendant Simon Larson was, in fact, a Wells employee and who was, in fact, investigating "suspicious" activity involving the Debtors' accounts.

19.    As a result of this false belief, and in response to his solicitations thereof, Ms. Biggs was fraudulently induced into orally divulging to Simon Larson certain confidential information concerning the Debtors' accounts, including information that could be, and which later was, used to authorize the transfer of funds within the Debtors' accounts to third-party bank accounts held by Alleged Fraudsters without the Debtors' authorization.

20.    As discussed above, on September 17, 2025 the Bank of America Transfers, in the collective amount of $138,000.00 was wired as described above.

21.    In order for the Debtors and its counsel, as officers of the Court, to perform their respective duties, the Debtors are requesting the following information with regard to each and

every transfer involving Bank of America, including but not limited to the Bank of America Transfer, made on or after September 17 and 18, 2025:

a) Any and all written records of each of the Bank of America Transfers;

b) The Bank of America account from which each of the Bank of America Transfers were made;

c) Any information identifying the transferor of each of the Bank of America Transfers;

d) Any information identifying the recipient of each of the Bank of America Transfers;

e) The name of the person or institution receiving the Transfer or Transfers;

f) The account application at Bank of America for Bank of America Acct No. xxxxxxxx3899;

g) The account application at Bank of America for Bank of America Acct No. xxxxxxxx3899;

h) The history of transfers from Bank of America Acct No. xxxxxxxx6690;

i) The history of transfers to Bank of America Acct No. xxxxxxxx6690;

j) The history of transfers from Bank of America Acct No. xxxxxxxx4873;

k) The history of transfers to Bank of America Acct No. xxxxxxxx4873;

l) The account number of the transferee of each of the Bank of America Transfers, including but not limited to the Bank of America Transfer.

m) The amount of each of the Bank of America Transfers, including but not limited to each of the Bank of America Transfers;

n) Any other information in possession of or known to Bank of America with respect to each Transfer or Transferee.

o) Any agreements that the Debtors entered into with Bank of America;

p) Any agreements that the transferee(s) of the Bank of America Transfers entered into with Bank of America and

q) With respect to any communication to BofA requesting each Transfer, including but not limited to each of the Bank of America Transfers:

   i. The time such communication was received;

   ii. Whether the communication was oral, written or otherwise received; and

   iii. Whether any request was made to the Debtors for oral or written confirmation of authority for each of the Bank of America Transfers.

22.    In addition, the Debtors seek a copy of any agreements that any of the alleged Fraudsters, including but not limited to Chalagalla and/or Sagi, entered into with Bank of America.

23.    There are, upon information and belief, other funds that have been removed from the Debtors' Accounts that will be the subject of additional requests under Rule 2004 of the Bankruptcy Rules.

24.     These thefts have caused serious consequences to the Debtors' business operations. The Debtors are under mandate, by both bankruptcy court orders and by the provisions of the Bankruptcy Code, to remain current on post-petition obligations, pay rent, and make other payments pursuant to court orders.

25.     The Debtors require these funds to pay post-petition obligations and ultimately fund a plan of reorganization.

26.     Similarly, the Debtors may face difficulty in purchasing needed inventory and compensating their employees and other parties providing services to the Debtors.

27.     In short, the absence of liquidity is seriously and perhaps irreparably harming the Debtors.

28.     The Debtors require an examination under Rule 2004 of the Bankruptcy Rules to streamline the administration of the estates and determine which litigation alternatives are appropriate.

**RELIEF REQUESTED**

29.     Movants seek to examine Bank of America pursuant to Bankruptcy Rule 2004.

30.     Prior to this examination, Bank of America should be required to produce the documents as listed in **Exhibit "2"** and as may be amended.

31.     Accordingly, Movants request the entry of an Order directing Bank of America (i) to produce documents and (ii) to appear for an examination, under oath, upon reasonable notice.

32.     Specific areas of examination will include but not be limited to:

a.   The identity of the Alleged Fraudsters; and

b.   Transactions involving the Alleged Fraudsters.

8

33.     Bankruptcy Rule 2004 empowers this Court to order the examination of any person, including the debtor, upon written motion as "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004. The scope of inquiry under Rule 2004 is intended to be very broad, unfettered and in the nature of a fishing expedition. *See, e.g.* In re Orion Healthcorp, Inc., 596 B.R. 228, 235 (Bankr. E.D.N.Y. 2019) ("The scope of a Bankruptcy Rule 2004 examination is 'unfettered and broad.'") (citing In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (internal citations and quotations omitted). "Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." Id. (internal citations and quotations omitted); St. Clair v. Cadles of Grassy Meadows II, L.L.C., 550 B.R. 655, 668 (E.D.N.Y. 2016) ("As a general proposition, Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate, ..., and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'"); In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (same); In re Hughes, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) (same); In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("The scope of an examination permitted by Rule 2004 may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the bankruptcy estate. Fed. R. Bankr.P. 2004(b)."); In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984) (same); In re GHR Cos., 41 B.R.. 655, (Bankr., D. Mass, 1983) (same); In re Vantage Petroleum Corp, 34. B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (same). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004

9

investigation."  In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

34.      Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

35.      Movant submits that the relief request, pursuant to Rule 2004 and as supplemented by § 105(a), is reasonable and proper and well within Movants' rights.  The relief requested also is in the best interests of the Debtors' estates.

**Proposed Order**

36.      A proposed Order is annexed as **Exhibit 3**.

37.      Inasmuch as the Debtors are continually gathering more information, the proposed Order permits the Debtors to amend the list of documents sought.

38.      The Debtors will serve an appropriate subpoena with this Order.

39.      Counsel for Bank of America has consented to accept service of this Order and Subpoena.

**WHEREFORE,** the Debtors request that this motion be granted, for which no previous request has been made, and for such other and further relief this Court deems just and proper.

Dated: New York, New York
          March 19, 2026

DAVIDOFF HUTCHER & CITRON LLP

/s/ James B. Glucksman
By: _____
James B. Glucksman
605 Third Avenue
New York, New York 10158
(212) 557-7200
jbg@dmlegal.com
*Attorneys for the Debtors*

10

EXHIBIT "1"




# Riverhead Town Police Department
### ACCREDITED LAW ENFORCEMENT AGENCY
As of Thu Sep 18 17:17:14 EDT 2025
## *Incident Report*

| CC#<br>RV25029481 | Pct<br>RPD | Sector<br>602 | Car<br>RVDESK | Incident Type<br>Larceny - Grand Larceny | Classification<br>Incident GEF |
|---|---|---|---|---|---|

## INCIDENT

| Report Date<br>09/17/2025 | Report Time<br>21:13 | Report Day<br>Wed | Date (Occurred on/from)<br>09/17/2025 | Time<br>13:00 | Day<br>Wed | Date (Occurred to) | Time |
|---|---|---|---|---|---|---|---|

| Business name and type<br>- - | | | | | | Town Code<br>T/RIVERHEAD - 5255 |
|---|---|---|---|---|---|---|

Incident address
1224 OSTRANDER AVE, RIVERHEAD, SUFFOLK NY USA 11901

## OFFENSES

| No. | Law | Name of offense | Deg | Art/Section | Sub | Cat | Att |
|---|---|---|---|---|---|---|---|
| 1 | PL | Grand Larc-2nd:Property Value Exceeds $50,000 | 2 | 155.40 | 01 | F | C |

## ASSOCIATED PERSONS

Person Type: C=Complainant V=Victim E=Aided A=Arrested S=Suspect M=Missing Person W=Witness P=Person Interviewed O=Other

| Per | Type | Name | D.O.B. | Sex | Race | | Offense |
|---|---|---|---|---|---|---|---|
| 1 | C | JEFFREY SLANEY WILLIAMS | [redacted] | M | WhiteNon-Hispanic | | |

| Address<br>175 1ST ST, LAUREL, New York, 11948 | Home Tel #<br>[redacted] | Work Tel # | Cell Tel #<br>[redacted] |
|---|---|---|---|

| Per | Type | Name | D.O.B. | Sex | Race | | Offense |
|---|---|---|---|---|---|---|---|
| 2 | C | KRISTIN BIGGS | [redacted] | F | WhiteNon-Hispanic | | |

| Address<br>175 1ST ST, LAUREL, New York, 11948 | Home Tel #<br>[redacted] | Work Tel # | Cell Tel #<br>[redacted] |
|---|---|---|---|

## PROPERTY

| Per # | Quantity | Description | Property Status | Drug Type | Value | Damage Value |
|---|---|---|---|---|---|---|
| | | ELETRONIC FUNDS | Stolen | - | 500,000.00 | N/A |

## NARRATIVE

Kristin Biggs and Jeffrey Williams reports on September 17th 2025 between 1300 and 1700 hours approx $500,000 was removed from the Flagstar Bank D.I.P Business accounts ending in 6917, 6925, 6941, 7137, 7145, 6938, and 6968 over 16 wire transfer transaction. Mrs. Biggs reports receiving a phone call from 209-853-8513 from a male who presented themselves as "Simon Larson" from Well Fargo fraud department. Mrs. Biggs was then introduced to a second man via a phone call who presented himself as "Grant" from Flagstar fraud department. Both subjects gave Mrs. Biggs a web address to use to login to the Sound Vision Flagstar business account. After logging into the web address given the two unknown subjects removed the funds via wire transfers and debit transfers. All business financial accounts have since been frozen, no further personal information was compromised. Same wishes to pursue charges.

Victim did receive information on Victim's Rights and Services pursuant to NYS Law    ☐ Yes  ☒ No

## OFFICERS

| Name<br>TRIVELLI, JOSEPH | Rank<br>Police Officer | Badge #<br>PO/246 | Classification<br>Reporting officer; Dispatched officer |
|---|---|---|---|
| Name<br>RPD PATROL - SQUAD 5 | Rank | Badge # | Classification<br>Reporting unit |

## ADMINISTRATIVE

| Teletype No | Connected CC #'s |
|---|---|

| Status<br>Closed/cleared | Status Date<br>09/17/2025 | Confidential ☐ |
|---|---|---|

| CC#<br>RV25029481 | Reporting / Investigating Officer<br>PO/246 TRIVELLI, JOSEPH | Supervisor<br>SGT/46 CONYERS, KARLI Sergeant<br>Electronically approved |
|---|---|---|

EXHIBIT "2"

**FOR RULE 2004 SUBPOENA (Bank of America)**

**DEFINITIONS**

1.      The term "affiliate" shall have the meaning ascribed to such term by the Bankruptcy Code.

2.      The term "communication" shall include (without limitation) any written, electronic, verbal and non-verbal exchanges between any persons or entities, whether transmitted in meetings or by telephone, telegraph, telex, cable, tape records, computer or otherwise, and includes (without limitation) verbal conversations, telephone calls, letters, memoranda, reports, telegrams, facsimiles, e-mails, exhibits, drawings, and any other documents (as defined herein) that conform, constitute, or relate to the communications.

3.      The term "correspondence" shall mean any document that either constitutes a communication between two or more entities, persons, or things, or that records, memorializes, reflects, or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

4.      The terms "You" and "Your" shall mean the Bank of America and its agents, representatives, attorneys, and any other person responding to these requests on behalf of the Debtor.

5.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

6.      The term "person" shall mean (without limitation) any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body, or agency.

648051v.1

7.      The term "representative" shall mean, with respect to a person, any past or present officer, director, employee, agent, attorney, financial advisor, investment banker or accountant of that person, including (without limitation) a representative acting or purporting to act on such person's behalf or at the request or instruction of such person.

8.      The terms "all" and "any" shall include any and all.

9.      The terms "and" as well as "or" shall be construed conjunctively or disjunctively, and the singular shall be deemed to include the plural and vice-versa, as necessary to bring within the scope of this request all documents and information that might otherwise be construed to be outside its scope.

10.     The term "concerning" shall mean related to, referring to, with respect to, pertaining to, concerning, in connection with, describing, mentioning, evidencing, or constituting.

11.     "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern  District of New York.

12.     "Bankruptcy Cases" shall mean the voluntary chapter 11 bankruptcy cases of (i) Sound Vision Care, Inc., 25-72421 (ii) SVC of Coram, LLC, 25-72422 (iii) SVC of East Setauket, LLC 25-72423 (iv) SVC of Fresh Meadows, LLC, 25-72424; (v) SVC of Manhasset, LLC, 25-72425; (vi) SVC of Riverhead, LLC, 25-72426; (vii) SVC of Southold, LLC, 25-72428; and (viii); SVC of Murray Hill LLC, 25-74829.

13.     "Petition Dates" shall mean June 23, 2026 for all Debtors other than SVC of Murray Hill, LLC.

14.     "Murray Hill Petition Date" shall mean December 17, 2026.

15.     "Debtors" shall mean (i) Sound Vision Care, Inc., 25-72421 (ii) SVC of Coram, LLC, 25-72422 (iii) SVC of East Setauket, LLC 25-72423 (iv) SVC of Fresh Meadows, LLC, 25-

2

72424; (v) SVC of Manhasset, LLC, 25-72425; (vi) SVC of Riverhead, LLC, 25-72426; (vii) SVC of Southold, LLC, 25-72428; and (viii); SVC of Murray Hill LLC, 25-74829.

16.     The term "Insider" shall have the meaning ascribed to such term by the Bankruptcy Code.

17.     "Flagstar Accounts" shall mean the Debtors' accounts maintained at Flagstar Bank, N.A. ("Flagstar").

18.     "Bank of America Receiving Transfers" shall mean wire transfers to Bank of America, consisting of transfers to accounts held by persons represented to be:

    i.    Nagabhushanam Chalagalla, ABA:   xxxxxx 9593 Bank: Bank of America, N.A., NY;  Acct # xxxxxx6690

    ii.    bhargav s roy sagi (sic)  ABA: xxxxxx 9593  Bank: Bank of America, N.A., NY  Acct# 435045854873

19.     "Bank of America Accounts" shall mean the accounts designated as:

    i.    Nagabhushanam Chalagalla, ABA:  xxxxxx 9593 Bank: Bank of America, N.A., NY;  Acct # xxxxxxx 6690

    ii.    bhargav s roy sagi (sic)  ABA: xxxxxx 9593  Bank: Bank of America, N.A., NY  Acct# xxxxxx 4873

20.     "Bank of America Outgoing Transfers" shall mean wire transfers from Bank of America to entities and accounts not known to the Debtors.

## INSTRUCTIONS

21.     You must provide supplemental answers to these requests within a reasonable period after any different or additional responsive information becomes available that renders any initial answers incomplete or inaccurate.

22.     No part of a request shall be left unanswered because an objection is interposed to another part of the request.

3

23.     Each request is to be answered separately and as completely as possible.  The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each request as fully as possible.  The omission of any name, fact or other item of information from the answers shall be deemed a representation that such name, fact or item was not known to You or Your counsel or other representatives at the time of service of the answers.

24.     In responding to the requests, furnish all information available to You, including information in the possession of Your attorneys or anyone acting on Your behalf, and not merely such information within Your own personal knowledge.

25.     If you object to any request and/or any information responsive to any request is withheld based on any claim of privilege or protection from discovery of any kind, describe generally the information withheld and state the privilege upon which You rely in withholding such information.

26.     When responding to a request, please (i) describe in detail the nature of the document and its contents, (ii) identify the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (iii) specify the date on which the document was prepared or transmitted, and (iv) specify the location of the original and all copies.

27.     These requests shall be deemed continuing so as to require further and supplemental information from You in the event that You receive or obtain additional responsive information. In addition, should You at any time after the service or filing of Your answers to these requests become aware of information that renders Your answers incomplete, inaccurate, or misleading in any respect, supplemental answers are required.

648051v.1

28.     Except as otherwise stated herein (and subject to the duty to supplement this request), the time period covered by these requests shall be from and after April 24, 2015.

29.     You shall produce all documents in the manner in which they are maintained in the usual course of Your business or You shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

30.     If and to the extent documents are maintained in a database or other electronic format, You shall produce along with the document(s) software that will enable access to the electronic document(s) or database as You would access such electronic document(s) or database in the ordinary course of Your business.

31.     Documents attached to each other should not be separated.

32.     The fact that a document is produced by another party does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical.

33.     In the event that You claim that a request is unduly burdensome, You shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is unduly burdensome.

34.     In the event that You claim that a request is overbroad, You shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is overbroad.

35.     The past tense shall include the present tense and vice versa.

36.     Singular nouns shall include plural forms and vice versa.

5

648051v.1

**DOCUMENT LIST FOR RULE 2004 SUBPOENA (Bank of America)**

a) Any and all written records of each of the Bank of America Transfers;

b) The Bank of America account from which each of the Bank of America Transfers were made;

c) Any information identifying the transferor of each of the Bank of America Transfers;

d) Any information identifying the recipient of each of the Bank of America Transfers;

e) The name of the person or institution receiving the Transfer or Transfers;

f) The account application at Bank of America for Bank of America Acct No. xxxxxxxx3899;

g) The account application at Bank of America for Bank of America Acct No. xxxxxxxx3899;

h) The history of transfers from Bank of America Acct No. xxxxxxxx6690;

i) The history of transfers to Bank of America Acct No. xxxxxxxx6690;

j) The history of transfers from Bank of America Acct No. xxxxxxxx4873;

k) The history of transfers to Bank of America Acct No. xxxxxxxx4873;

l) The account number of the transferee of each of the Bank of America Transfers, including but not limited to the Bank of America Transfer.

m) The amount of each of the Bank of America Transfers, including but not limited to each of the Bank of America Transfers;

n) Any other information in possession of or known to Bank of America with respect to each Transfer or Transferee.

o) Any agreements that the Debtors entered into with Bank of America;

p) Any agreements that the transferee(s) of the Bank of America Transfers entered into with Bank of America and

q) With respect to any communication to BofA requesting each Transfer, including but not limited to each of the Bank of America Transfers:

    The time such communication was received;

    Whether the communication was oral, written or otherwise received; and

    Whether any request was made to the Debtors for oral or written confirmation of authority for each of the Bank of America Transfers.

6

648051v.1

EXHIBIT "3"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                              Chapter 11 Case

SOUND VISION CARE, INC., *et al.*,                                  Case No.: 25-72421 (LAS)

            Debtors. [1]                                            (Jointly Administered)

------------------------------------------------------------------- x

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AUTHORIZING DEBTORS TO ISSUE
SUBPOENAS DIRECTING EXAMINATION AND PRODUCTION OF
DOCUMENTS**

Upon the application, dated October 10, 2025  (the "Application"), of the above-captioned

Debtors (the "Movant") for an order pursuant to Fed. R. Bankr. P. 2004 seeking authorization to

issue subpoenas directing (i) the production of documents by Bank of America N.A. (the

"Discovery Party"), responsive to the requests set forth on the schedule attached as Exhibit "3" to

the Application (the "Requests") and (ii) the oral examination, under oath, of the Discovery Party;

and the Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States

District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as

amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. §

157(a); and, after due deliberation, the Court having concluded that the Movant has established

sufficient cause for the relief granted herein; and no additional notice being required except as

specified herein; now, therefore, it is hereby ORDERED that:

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound
Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510),
(iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead,
LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander
Avenue, Riverhead, NY 11901.

1.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination, under oath, of the Discovery Party.

2.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents responsive to the Requests and attendance for the foregoing examination without prejudice to the right of the Discovery Party to object in accordance with the applicable rules.

3.      Unless otherwise agreed by the Movant and the Discovery Party, or subsequently ordered by the Court, the Discovery Party shall produce documents (including electronically stored information) in its possession, custody or control responsive to the Requests not later than twenty (20) days after the service of such subpoena, the Application, and a copy of this Order. Responsive documents shall be delivered to Movant's counsel, Davidoff Hutcher & Citron LLP, Attn: James B. Glucksman, Esq., 605 Third Avenue, New York, NY 10158, email: jbg@dhclegal.com.

4.      The Discovery Party shall appear for the foregoing examination at the offices of Movant's counsel, or via remote procedures acceptable to the parties, not later than thirty (30) days after the date of service of such subpoena, the Application, and a copy of this Order.

5.      The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld based on an asserted privilege, the Discovery Party shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6.      The Discovery Party shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

7.      All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding

five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the parties of the argument date.

8.    This Order is without prejudice to the right of Movant to seek further discovery pursuant to Fed. R. Bankr. P. 2004 or otherwise of the Discovery Party or any other person or entity.

9.    The terms and conditions of this Order shall be effective immediately and enforceable upon entry.

10.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.