DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone:  (914) 381-7400
Robert L. Rattet, Esq.
Craig M. Price, Esq.
John D. Molino, Esq.

*Counsel to the Debtors and Debtors in Possessi*

*Hearing Date: March 19, 2026*
*Hearing Time: 10:00 a.m. (EST)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

SOUND VISION CARE, INC, *et. al*.,

Debtors.[1]

---/

Chapter 11 Case

Case No.: 25-72421 (LAS)

(Jointly Administered)

## NOTICE OF HEARING ON DEBTORS' 9019 MOTION

**PLEASE TAKE NOTICE,** that upon the annexed Debtors' Motion (the "Motion") for Approval of a Stipulation of Settlement (the "Stipulation"), a copy of which is attached to the Motion as Exhibit "1," the Debtors will move for approval of the Stipulation settling the claims among Lend Bug LLC, the Debtors and Jeffrey Williams Jr. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion") before the Honorable Louis A. Scarcella, United States Bankruptcy Judge for the Eastern District of New York, 290 Federal Plaza, Courtroom 970, Central Islip, New York 11722 at **10:00 a.m. (EST) on April 9, 2026** for entry of an Order approving the Stipulation.

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693); (ii) SVC of Coram, LLC (7727); (iii) SVC of East Setauket, LLC (4510); (iv) SVC of Riverhead, LLC (9996); (v) SVC of Southold, LLC (4232); (vi) SVC of Fresh Meadows, LLC (4333); (vii) SVC of Manhasset, LLC (7234); and (viii) SVC of Murray Hill[,] LLC. The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Frier Application, shall be considered at the hearing and may also be made in writing, filed with the Court on the Court's Electronic Case Filing System at www.ecf.nyeb.uscourts.gov (Login and password required) no later than **April 2, 2026** at **4:00 p.m. (EST).**

**PLEASE TAKE FURTHER NOTICE,** all attorneys and unrepresented parties are required to register for the hearing(s) at least two (2) business days in advance of the scheduled hearing by using the Court's eCourt Appearances platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. If for some reason you are not able to use the eCourt Appearances platform, you must email the Courtroom Deputy at: las_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing and state that a reasonable effort to use the platform has been made. You must include your name, the case number(s), who you represent if you are an attorney, and the date of the hearing. Your email must include in the Re line "I am not able to register using eCourt Appearances." You will then be provided with the dial in / log in information. If you do not have internet access you may call the Courtroom Deputy with this information at (631) 712-6278.

Conduct during audio only hearings:

- Announce your name each time before speaking.
- Speak up and enunciate so that you can be heard and understood.
- Avoid the use of a speaker phone (use a landline, if possible).
- If you are not speaking, keep your phone muted.

Dated: March 19, 2026
White Plains, New York

Respectfully submitted,

By: /s/ James B. Glucksman
Robert L. Rattet, Esq.
James B. Glucksman, Esq.
Craig M. Price, Esq.
John D. Molino, Esq.

DAVIDOFF HUTCHER & CITRON LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Telephone: (914) 381-7400
Email:  rlr@dhclegal.com
        cmp@dhclegal.com
        jdm@dhclegal.com

*Counsel to the Debtors*
*and Debtors in Possession*

DAVIDOFF HUTCHER & CITRON, LLP
Attorneys for Debtors
605 Third Avenue
New York, New York 10158
(646) 428-3236

JAMES B. GLUCKSMAN

HEARING   DATE:   4/9/2024
@10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

SOUND VISION CARE, INC. ET. AL.,

Debtors[1].
------------------------------------------------------------x

Chapter 11

Case No. 25-72421 (LAS)
(Jointly administered)

### DEBTORS' 9019 MOTION TO APPROVE SETTLEMENT WITH LEND BUG LLC

TO THE HONORABLE LOUIS A. SCARCELLA, BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this Motion to Approve a Settlement by and between the Debtors, Lend Bug LLC ("Lend Bug")

and Jeffrey Williams Jr. (the "Guarantor") pursuant to the terms set forth in the Stipulation and

Order attached hereto as Exhibit 1 (the "Settlement Agreement"), and respectfully states as

follows:

### PRELIMINARY STATEMENT

1.      By this Motion, the Debtors seek approval of a settlement that fully resolves (a) the

alleged liabilities of the Debtors to Lend Bug under a merchant cash advance agreement with the

---

[1]     The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold, LLC (4232), and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

Debtors (the "Lend Bug MCA Agreement"), whereby Lend Bug advanced certain sums as described below to the Debtors, in consideration of the purchase of receivables from the Debtors, (b) all outstanding and disputed issues that may arise between the parties concerning the Debtors' forthcoming plan of reorganization, (c) claims which may asserted by Lend Bug against Guarantor and by Guarantor against Lend Bug, and (d) the Debtors' Chapter 11 cases as a whole.  Approval of the settlement will facilitate the ability of the Debtors to promptly emerge from Chapter 11 and thereby greatly benefits the Debtors and all of their creditors.

2.      Pursuant to the Settlement Agreement, (a) all pending and potential litigation and claims between Lend Bug, the Debtors and Guarantor in the Chapter 11 cases are resolved, and Lend Bug shall be dismissed from the pending Nature/Extent Proceeding (defined below), and (b) Lend Bug will vote its claims in favor of and affirmatively support any chapter 11 plan of reorganization filed by the Debtors that is consistent with the terms of the Settlement Agreement ("Plan"), which support will assist the Debtors in avoiding a contested Plan confirmation process (as well as potential post-confirmation claims-related litigation with Lend Bug) and the Debtors' expeditious and efficient emergence from Chapter 11 to the benefit of the Debtors and all of their various creditors.

3.      Lend Bug will (a) vote its claims in favor of and (b) affirmatively support any chapter 11 plan of reorganization filed by the Debtors that is consistent with the terms of this Settlement Agreement, regardless of the distribution on the Lend Bug Claim as allowed by Paragraph 1 of the Settlement Agreement, which may be de minimus, depending on unrelated developments in the Chapter 11 cases.

4.      The Settlement Agreement is set forth in the Stipulation and Order attached hereto as **Exhibit 1**.  As discussed in more detail below, the Debtors submit that the settlement is in the

best interests of the Debtors, all creditors and the estates at large and falls well above the lowest range of reasonableness standard set forth in the prevailing case law in this Circuit. The Debtors therefore request that the Court enter the proposed Stipulation and Order attached hereto as **Exhibit 1** approving the Settlement Agreement.

## JURISDICTION

5.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

6.    The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019.

## FACTUAL BACKGROUND

7.    On June 23, 2025 (the "Sound Vision Filing Date"), the Debtors, other than SVC of Murray Hill LLC filed the following Chapter 11 petitions (i) Sound Vision Care, Inc. (25-72421), (ii) SVC of Coram, LLC (25-72422), (iii) SVC of East Setauket, LLC (25-72423), (iv) SVC of Fresh Meadows, LLC (25-72424), (v) SVC of Manhasset, LLC (25-72425), (vi) SVC of Riverhead, LLC (25-72426), and (vii) SVC of Southold, LLC (25-72428) filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Sound Vision Filings"), and (viii) SVC of Murray Hill LLC filed a voluntary petition on December 17, 2025, Case No. 25-74829 (the "Murray Hill Case") (the "Sound Vision Filings" and the "Murray Hill Case" collectively, where appropriate the "Chapter 11 Cases").

8.    The Debtors have continued as debtors in possession of their property and the management of their business affairs as a debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory committee has been appointed.

- 3 -

9.    The Debtors and other non-debtor parties entered into a Future Receivables Sale and Purchase Agreement (the "MCA Agreement") dated November 8, 2024, under which Lend Bug LLC purchased a portion of Debtors' future receivables in exchange for an upfront payment that Lend Bug would likely to assert is in the amount of $160,000.00 (the "Lend Bug Obligation").

10.    During the 90 day period prior to the Sound Vision Filing Date, the Debtors repaid $24,000.00 to Lend Bug.

11.    The Debtors executed several security agreements to secure the Debtors' payment of the Lend Bug Obligation.

12.    Guarantor individually guaranteed the Lend Bug Obligation.

13.    Lend Bug recorded a UCC Financing Statement in the Office of the Secretary of State, State of New York. The Debtors assert that Lend Bug's claim is unsecured inasmuch as it is junior to the secured claims of U.S. Eagle, Flushing Bank and Bank of America.

14.    The Debtors encountered financial difficulties which resulted in part from the financial stress of performing under MCA Agreements with Lend Bug and other MCA parties.  As a result, the Debtors filed the Chapter 11 Cases.

15.    Lend Bug filed Proof of Claim No. 16 in the Sound Vision Care, Inc. Case in the amount of $59,606.91 (the "Lend Bug Claim Amount"), and identical proofs of claim in the remaining Sound Visions Filings (collectively, the "Lend Bug Claims").

16.    On November 12, 2025 Lend Bug filed a Complaint in Supreme Court, Kings County, Index No. 539856/2025 (the "State Court Action") with respect to the Lend Bug Obligation naming as party defendants SVC of Port Jefferson Station LLC d/b/a SVC of Port Jefferson Station, LLC, SVC of Elmhurst, LLC d/b/a SVC of Elmhurst, SVC of Forest Hills One, LLC D/B/A SVC of Forest Hills One, SVC of Murray Hill LLC d/b/a SVC of Murray Hill, SVC

- 4 -

of Mastic, LLC d/b/a SVC of Mastic, SVC of The Hamptons, LLC d/b/a SVC of The Hamptons, SVC of West Islip, LLC d/b/a SVC of West Islip, SVC of Yorkville, LLC d/b/a SVC of Yorkville, SVC RE Holdings, LLC d/b/a SVC RE Holdings, and Guarantor. All of the parties to the State Court Action, at the time of the filing of the State Court Complaint, were non-debtor parties

17.     On November 14, 2025 the Debtors filed an Adversary Complaint in the U.S. Bankruptcy Court, Eastern District of New York, Sound Vision Care of New York, Inc. v. Kapitus LLC et. al., Adv. Proc. No. 25-08112 (Main Case ECF No. 182, Nature Extent Adv. Proc. ECF No. 1, the "Nature, Extent Proceeding"), in which the Debtors alleged claims, inter alia, seeking to disallow and expunge any claim filed by parties providing financing under the MCA Agreements, including but not limited to Lend Bug, on various grounds, including usury, unconscionability and in the alternative to subordinate such claims to the claims of other creditors under 11 U.S.C. § 510(c).

18.     On December 17, 2025 SVC of Murray Hill LLC filed the Murray Hill Case.

19.     On January 9, 2026 SVC of Murray Hill LLC filed a Notice of Removal of the State Court Action to the U.S. District Court, Eastern District of New York (the "District Court"), Case 2:26-cv-00122-JMA-ST (the "District Court Case").

20.     On February 4, 2026 the District Court referred the District Court Case to this Court, where it was assigned Adversary Proceeding No. 26-8020 (the "Lend Bug Removed Proceeding").

21.     On February 20, 2026 Lend Bug filed an Answer to the Nature, Extent Proceeding (ECF Docket No.66).

22.     On February 23, 2026 Guarantor filed an Answer to the Lend Bug Removed Proceeding, ECF Docket No. 7 in the Lend Bug Removed Proceeding.

- 5 -

23.     The Debtors assert that it has potential preference claims against Lend Bug in the amount of $24,000.00 for payments within ninety days of the Sound Vision Filing Date (the "Ninety Day Payments").

24.     Lend Bug is likely to assert that the Ninety Day Payments were made in the ordinary course of business or financial affairs of the Debtors and Lend Bug.

25.     The Debtors have asserted, in the Nature, Extent Proceeding that the Lend Bug MCA Agreement was in fact a disguised loan, and subject to defenses such as usury and unconscionability, as well as equitable subordination.

26.     Lend Bug is likely to assert that the Lend Bug MCA Agreement was in fact a purchase of accounts receivable and the Lend Bug Obligation of the Debtors and Guarantor were valid and subsisting obligations.

27.     Lend Bug has asserted claims against the Guarantor for the Lend Bug Obligation which are pending in the Removed Proceeding.

28.     Guarantor is likely to assert claims against and defenses to the Lend Bug Obligation.

29.     The Debtors and Guarantor, on the one hand, and Lend Bug on the other (the Debtors, Lend Bug and the Guarantor, collectively, the "Parties") wish to avoid the cost, risk, and expense of further litigation on the Lend Bug Claim and related claims between and among the Debtors, Guarantor and Lend Bug (collectively, the "Contested Claims"), and/or in connection with the plan process in the Chapter 11 cases, and after arms' length negotiation, the Parties have reached a settlement resolving the Claims on the terms set forth in the attached Stipulation and Order and summarized below.

**TERMS OF SETTLEMENT**

30.     Lend Bug shall amend its claim to be unsecured, and said claim shall be allowed as an unsecured claim in the amount of $50,000.00 (the "Revised Claim Amount").

31.     The Debtors waive and release all claims for disallowance and/or subordination of the Lend Bug Claim.

32.     The Lend Bug Removed Action will be dismissed with prejudice pursuant to Fed.R.Civ.P. Rule 41(a)(2). For avoidance of doubt the State Court Action will be discontinued with prejudice as well.

33.     The Nature, Extent Proceeding will be dismissed with prejudice as to Lend Bug only pursuant to Fed.R.Civ.P. Rule 41(a)(2).

34.     Lend Bug, the Debtors and Guarantors will release all claims held against each other, as described in the proposed Stipulation (**Exhibit "1"**), except that Lend Bug shall be allowed a single general unsecured claim in the reduced amount of $50,000.00 in the Debtors' estates.

35.     Lend Bug will consent to approval of any Disclosure Statement that is consistent with the terms of this agreement and transactions contemplated by this Stipulation.

36.     Lend Bug will (a) vote its claims in favor of and (b) affirmatively support any chapter 11 plan of reorganization filed by the Debtors that is consistent with the terms of this Settlement Agreement provides the unsecured creditors, including Lend Bug, customary treatment for an unsubordinated and unsecured creditor, regardless of the distribution on the Lend Bug Claim as allowed herein, which may be de minimus, depending on unrelated developments in the Chapter 11 cases.

**RELIEF REQUESTED**

37.     By this Motion, the Debtors seek approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.  Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor ... and to any other entity as the court may direct."  Fed. R. Bankr. P. 9019(a).

38.     A bankruptcy court has the authority to approve a settlement or compromise with a debtor under Bankruptcy Rule 9019 where the settlement "is supported by adequate consideration, is 'fair and equitable,' and is in the best interests of the estate." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993).

39.     As the Second Circuit has recognized,

> There is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion – and the judge will not be reversed if the appellate court concludes that the settlement lies with that range.

*Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

40.     The decision to accept or reject a compromise or settlement is within the sound discretion of the Bankruptcy Court.  *See In re Ionosphere Clubs, Inc.*, 156 B.R. at 426.

41.     The Court's exercise of discretion to approve a settlement is guided by its obligation to:

> [A]pprise himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic

> to this process in every instance, of course, is the need to compare
> the terms of the compromise with the likely rewards of litigation.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968).

42.     Thus, in evaluating a proposed settlement, courts within this jurisdiction have applied the *Iridium* factors, which are as follows:

> a.  the balance between the litigation's possibility of success and the settlement's future benefits;
> b.  the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay;
> c.  the paramount interests of creditors;
> d.  whether other parties in interest support the settlement;
> e.  the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing the settlement;
> f.  the nature and breadth of releases to be obtained by officers and directors; and
> g.  the extent to which the settlement is the product of arm's length bargaining.

*See Motorola, Inc. v. Official Comm. of Unsecured Creditors and JP Morgan Chase Bank, N.A. (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007).

43.     The Court should also be guided by "the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); *see Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are favored and, in fact, encouraged...."); *see also In re Lakeland Dev. Corp.*, 48 B.R. 85, 90 (Bankr. D. Minn. 1985) ("[T]he law favors compromise"), *aff'd*, 782 F.2d 1048 (8th Cir. 1985), *cert. denied*, 476 U.S. 1130 (1986).

44.     While a court must make its own considered judgment, it should not substitute its judgment for that of the debtor.  *See In re Carla Leather, Inc.*, 44 B.R. 457, 465 (S.D.N.Y. 1984).

45.     Additionally, section 105(a) of the Bankruptcy Code grants broad authority to a Court to enforce the provisions of the Bankruptcy Code under equitable common law doctrines. Section 105(a) provides, in relevant part, as follows:

> The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105.

46.     The Debtors submit that the settlement set forth in the Settlement Agreement falls well above the lowest point in the range of reasonableness and represents a fair resolution of the claims between the Parties. Approval of the Settlement Agreement eliminates any further litigation between the Parties and facilitates the Debtors' emergence from Chapter 11. Absent the settlement, the Chapter 11 Cases will be burdened with significant additional cost, delay, risk and uncertainty.

47.     The Settlement Agreement was negotiated at arms' length, by parties represented by competent and experienced counsel.  The Debtors submit that approval of the Settlement Agreement is in the best interest of the Debtors, their creditors and all other parties in interest.

48.     Accordingly, the Debtors submit that the terms contained in the Settlement Agreement are both reasonable and in the best interests of creditors and the estates at large and should therefore be approved.

## NOTICE

49. The Debtors submit that it has appropriately served notice of this Motion upon all parties in interest entitled to notice pursuant to Bankruptcy Rule 2002, and upon the creditors included on the list filed pursuant to Rule 1007(d), and that such notice was appropriate under the circumstances.

**WHEREFORE,** the Debtors respectfully request that the Court enter the Order docketed approving the Settlement Agreement together with such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 19, 2026

**DAVIDOFF HUTCHER & CITRON LLP**

By: */s/ J*ames B. Glucksman
      Robert L. Rattet
      James B. Glucksman

605 Third Avenue
New York, New York 10158
Telephone:   (914) 381-7400
Email:       rlr@dhclegal.com
           jbg@dhclegal.com

*Bankruptcy Counsel to the Debtors*
*and Debtors in Possession*

EXHIBIT "1"

DAVIDOFF HUTCHER & CITRON, LLP
Attorneys for SVC of MURRAY HILL. LLC
605 Third Avenue
New York, New York 10158
(646) 428-3236

JAMES B. GLUCKSMAN

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                    Chapter 11

SOUND VISION CARE, INC. ET. AL.,                          Case No. 25-72421 (LAS)
                                                          (Jointly administered)
                                          Debtors[1].
-----------------------------------------------------------------x

**STIPULATION AND ORDER SETTLING CLAIM OF LEND BUG LLC
AGAINST THE DEBTORS, NON-DEBTOR CORPORATION AND
GUARANTOR JEFFREY WILLIAMS**

**WHEREAS**, on June 23, 2025 (the "Sound Vision Filing Date"), the Debtors, other than

SVC of Murray Hill LLC filed the following Chapter 11 petitions (i) Sound Vision Care, Inc. (25-

72421), (ii) SVC of Coram, LLC (25-72422), (iii) SVC of East Setauket, LLC (25-72423), (iv)

SVC of Fresh Meadows, LLC (25-72424), (v) SVC of Manhasset, LLC (25-72425), (vi) SVC of

Riverhead, LLC (25-72426), and (vii) SVC of Southold, LLC (25-72428) filed voluntary petitions

for relief under Chapter 11 of the Bankruptcy Code (the "Sound Vision Filings"), and (viii) SVC

of Murray Hill LLC filed a voluntary petition on December 17, 2025, Case No. 25-74829 (the

"Murray Hill Case") (the "Sound Vision Filings" and the "Murray Hill Case" collectively, where

appropriate the "Chapter 11 Cases").

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care,
       Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows,
       LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold,
       LLC (4232), and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue,
       Riverhead, NY 11901.

**WHEREAS**, the Debtors have continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory committee has been appointed.

**WHEREAS**, CBIZ has been retained as the accountants for the Debtors and are performing certain Chief Restructuring Officer functions in the Chapter 11 Cases.

**WHEREAS**, the Debtor operate retail optician and eyeglass boutiques in Long Island and New York City and provide optometry services to the public. The retail optician and eyeglass boutiques supplies the community with optometry services.  Debtor operates eight (8) locations, and its headquarters is at its location in Riverhead, New York.

**WHEREAS,** the Debtors are limited liability companies organized in the State of New York. Sound Vision Care, Inc. is a New York corporation.

**WHEREAS,** a detailed description of the Debtor's business, and the facts and circumstances supporting this Motion and the Debtor's Chapter 11 case, are set forth in the *Declaration of Jeffery Williams, Jr. Pursuant to Local Bankruptcy Rule 1007-4* [Docket No. 15] (the "Rule 1007-4 Declaration").  The Rule 1007-4 Declaration is incorporated by reference as if set forth herein.

**WHEREAS**, the Debtors and other non-debtor parties entered into a Future Receivables Sale and Purchase Agreement (the "Agreement") dated November 8, 2024, under which Lend Bug LLC purchased a portion of Defendants' future receivables in exchange for an upfront payment of either $150,000.00 or $160,000.00.

**WHEREAS**, during the 90 days prior to the filing, the Debtors repaid $24,000.00 to Lend Bug.

**WHEREAS,** the Debtors executed several security agreements to secure the Debtor's payment of the Lend Bug Obligation.

**WHEREAS**, Jeffrey Williams Jr. (the "Guarantor") individually guaranteed the Lend Bug Obligation.

**WHEREAS,** Lend Bug recorded a UCC Financing Statement in the Office of the Secretary of State, State of New York. The Debtors assert that Lend Bug's claim is unsecured inasmuch as it is junior to the secured claims of U.S. Eagle, Flushing Bank and BofA.

**WHEREAS**, the Debtors encountered financial difficulties which resulted in part from the financial stress of performing under MCA Agreements with Lend Bug and other MCA parties.  As a result, the Debtors filed the Chapter 11 Cases.

**WHEREAS**, Lend Bug filed Proof of Claim No. 16 in the Sound Vision Care, Inc. Case in the amount of Lend Bug LLC $59,606.91 (the "Lend Bug Claim Amount"), and identical proofs of claim in the remaining Sound Visions Filings (collectively, the "Lend Bug Claims").

**WHEREAS,** on November 12, 2025 Lend Bug filed a Complaint in Supreme Court, Kings County, Index No. 539856/2025 (the "State Court Action") with respect to the Lend Bug Obligation naming as party defendants SVC of Port Jefferson Station LLC d/b/a SVC of Port Jefferson Station, LLC, SVC of Elmhurst, LLC d/b/a SVC of Elmhurst, SVC of Forest Hills One, LLC D/B/A SVC of Forest Hills One, SVC of Murray Hill LLC d/b/a SVC of Murray Hill, SVC of Mastic, LLC d/b/a SVC of Mastic, SVC of The Hamptons, LLC d/b/a SVC of The Hamptons, SVC of West Islip, LLC d/b/aa SVC of West Islip, SVC of Yorkville, LLC d/b/a SVC of Yorkville, SVC RE Holdings, LLC d/b/a SVC RE Holdings (all parties except SVC of Murray Hill LLC and Jeffrey Slaney Williams Jr. "Non-Debtor Litigation Defendants"), and Jeffrey Slaney Williams Jr., defined above as the "Guarantor."

**WHEREAS,** on November 14, 2025 the Debtors filed an Adversary Complaint in the U.S. Bankruptcy Court, Eastern District of New York, <u>Sound Vision Care of New York, Inc. v. Kapitus LLC et. al.</u>, Adv. Proc. No. 25-08112 (Main Case ECF No. 182, Adv. Proc. ECF No. 1, the "<u>Nature, Extent Proceeding</u>"), in which the Debtor alleged claims, *inter alia*, seeking to disallow and expunge any claim filed by parties providing financing under the MCA Agreements, including but not limited to Lend Bug, on various grounds, including usury, unconscionability and in the alternative to subordinate such claims to the claims of other creditors under 11 U.S.C. § 510(c).

**WHEREAS,** on December 17, 2025 SVC of Murray Hill LLC filed the Murray Hill Case.

**WHEREAS,** on January 9, 2026 SVC of Murray Hill LLC filed a Notice of Removal of the State Court Action to the U.S. District Court, Eastern District of New York (the "District Court"), Case 2:26-cv-00122-JMA-ST (the "District Court Case").

**WHEREAS,** on February 4, 2026 the District Court referred the District Court Case to this Court, where it was assigned Adversary Proceeding No. 26-8020 (the "Lend Bug Removed Proceeding").

**WHEREAS,** on February 20, 2026 Lend Bug filed an Answer to the Nature, Extent Proceeding (ECF Docket No.66).

**WHEREAS,** on February 23, 20256 Jeffrey Slaney Williams Jr. filed an Answer to the Lend Bug Removed Proceeding, ECF Docket No. 7 in the Removed Proceeding.

**WHEREAS**, the Debtor asserts that it has potential preference claims against Lend Bug in the amount of $24,000.00 for payments within ninety days of the Filing Date (the "Ninety Day Payments").

**WHEREAS**, Lend Bug is likely to assert that the Ninety Day Payments were made in the ordinary course of business or financial affairs of the Debtors and Lend Bug.

**WHEREAS**, the Debtor has asserted, in the Nature, Extent Proceeding that the Lend Bug MCA Agreement was in fact a disguised loan, and subject to defenses such as usury and unconscionability, as well as equitable subordination.

**WHEREAS**, Lend Bug is likely to assert that the Lend Bug MCA Agreement was in fact a purchase of accounts receivable and the Lend Bug Obligation of the Debtor and Guarantor were valid and subsisting obligations.

**WHEREAS,** Lend Bug has asserted claims against the Guarantor for the Lend Bug Obligation which are pending in the Removed Proceeding.

**WHEREAS,** Guarantor is likely to assert claims against and defenses to the Lend Bug Obligation.

**WHEREAS**, the Debtor and Guarantor, on the one hand, and Lend Bug on the other (the Debtor, Lend Bug and the Guarantor, collectively, the "Parties") wish to avoid the cost, risk, and expense of further litigation on the Lend Bug Claim and related claims between and among the Debtor, Guarantor and Lend Bug (collectively, the "Claims"), and/or in connection with the plan process in the Chapter 11 case, and after arms' length negotiation, the Parties have reached a settlement resolving the Claims on the terms set forth below.

**NOW, THEREFORE, IN CONSIDERATION OF THE ABOVE STATED PREMISES, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED AND ORDERED AS FOLLOWS:**

1.      Lend Bug Claim shall amend its claim to unsecured, and said claim shall be allowed as an unsecured claim in the amount of $50,000.00 (the "Revised Claim Amount").

2.      The Debtors waive and release all claims for disallowance and/or subordination of the Lend Bug Claim.

3.      The Lend Bug Removed Action will be dismissed with prejudice pursuant to Fed.R.Civ.P. Rule 41(a)(2). For avoidance of doubt the State Court Action will be discontinued with prejudice as well.

4.      The Nature, Extent Proceeding will be dismissed with prejudice as to Lend Bug only pursuant to Fed.R.Civ.P. Rule 41(a)(2).

5.      In consideration of the allowance of the Lend Bug Claim, Lend Bug and its shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities (collectively, the "Lend Bug Releasing Parties"), shall be deemed to hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge the Debtors, all defendants in the Lend Bug Removed Proceeding, and the now-removed State Court Action (the "Obligor Released Parties") and Guarantor and their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands related to any transactions between the Debtors, Guarantor, Obligor Released Parties and Lend Bug, known or unknown, foreseen or unforeseen, in law or equity, from the beginning of the world to the date of this release,

including any claims the Lend Bug Releasing Parties may have had or claim to have had, on now have or claim to have, or hereafter may have or claim to have, or could have asserted against the Debtor or Guarantor.

6.      In consideration of the terms and conditions of this Stipulation, upon execution of this Stipulation, the Debtors and Guarantor and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge Lend Bug and its shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities (the "Lend Bug Released Parties", of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands whatsoever, known or unknown, foreseen or unforeseen, in law or equity, from the beginning of the world to the to the date of this release, including any claims the Debtor and/or Guarantor may have had or claim to have had, or now have or claim to have, or hereafter may have or claim to have, or could have asserted.

7.      Lend Bug will consent to approval of any Disclosure Statement that is consistent with the terms of this agreement and transactions contemplated by this Stipulation.

8.      Lend Bug will (a) vote its claims in favor of and (b) affirmatively support any chapter 11 plan of reorganization filed by the Debtor that is consistent with the terms of this Settlement Agreement provides the unsecured creditors, including Lend Bug, customary treatment for an unsubordinated and unsecured creditor, other than special provisions applicable to creditors with a perfected lien and are doing ongoing business with the Debtors, regardless of the distribution on the Lend Bug Claim as allowed by Paragraph 1 of this Stipulation, which may be de minimus, depending on unrelated developments in the Chapter 11 cases.

9.      This Settlement Agreement is subject to approval by the Bankruptcy Court pursuant to Bankruptcy Rule 9019, pursuant to this Stipulation and Order.

**STIPULATED AND AGREED TO**:

Dated: New York, New York
        March 18, 2026

**SOUND VISION CARE, INC. and all Debtors
in Chapter 11 Cases as Defined and all
Non-Debtor Litigation Defendants**

By:_____
        Jeffrey Slaney Williams Jr., Managing Member
        And President of Sound Vision Care Inc.

_____
Jeffrey Slaney Williams Jr., Guarantor

**DAVIDOFF HUTCHER & CITRON LLP**

By: /s/James B. Glucksman_
        Robert L. Rattet (*pro hac vice*)
        James B. Glucksman (*pro hac vice*)

Robert L. Rattet
James B. Glucksman

605 Third Avenue
New York, New York 10158
Telephone:  (914) 381-7400
Email:       rlr@dhclegal.com
              jbg@dhclegal.com


*Bankruptcy Counsel to the Debtor
and Debtor in Possession*


/s/ Salene Mazur Kraemer
Salene Mazur Kraemer
(NY Bar Id. 5228580)
447 Broadway 2nd Floor
New York City, New York 10013
Tel: (412) 427-7075

LEND BUG LLC


BY:_____
     Managing Member

**DAVIDOFF HUTCHER & CITRON LLP**

By: /s/_____
    Robert L. Rattet (*pro hac vice*)
    James B. Glucksman (*pro hac vice*)


605 Third Avenue
New York, New York 10158
Telephone:  (914) 381-7400
Email:       rlr@dhclegal.com
             jbg@dhclegal.com


*Bankruptcy Counsel to the Debtor
and Debtor in Possession*



_____
Salene Mazur Kraemer
(NY Bar Id. 5228580)
447 Broadway 2nd Floor
New York City, New York 10013
Tel: (412) 427-7075

LEND BUG LLC

BY:_____
    Managing Member