DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtors*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.

*Hearing Date*:  *April 9, 2026*
*Hearing Time*:  *10:00 a*.m. (EST)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————

In re:

SOUND VISION CARE, INC, *et. al*.,

Debtors.[1]

———————————————————————————/

Chapter 11 Case

Case No.: 25-72421 (LAS)

(Jointly Administered)

**NOTICE OF HEARING OF MOTION FOR ORDER
EXTENDING DEBTOR SVC OF MURRAY HILL SVC'S
TIME TO ASSUME OR REJECT ITS UNEXPIRED
<u>COMMERCIAL LEASE</u>**

**PLEASE TAKE NOTICE**, that on April 9, 2026, the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>"), by its attorneys, Davidoff Hutcher & Citron LLP, filed a motion (the "<u>Motion</u>") with respect to a nonresidential commercial lease (the "<u>Lease</u>"[2]) between Debtor SVC of Murray Hill LLC ("Murray Hill") and Landlord Mastic Associates of New York LLC (the "Landlord") for premises located at 458 Third Avenue, New York, New York 10016 (the "Premises") seeking the entry of an order (the "Order") to extend Debtor's time to assume or reject the Lease for an additional period of ninety (90) days, through July 15, 2026.

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Riverhead, LLC (9996), (v) SVC of Southold, LLC (4232), (vi) SVC of Fresh Meadows, LLC (4333), (x) SVC of Manhasset, LLC (7234). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY.

[2]    A copy of which is annexed as Exhibit "A" to Mastic Associate of New York LLC's Motion to Lift the Automatic Stay, ECF Docket No. 263

**PLEASE TAKE FURTHER NOTICE,** that a hearing will be held to consider the Motion before the Honorable Louis A. Scarcella, United States Bankruptcy Judge for the Eastern District of New York, 290 Federal Plaza, Courtroom 970, Central Islip, New York 11722 at **10:00 a.m. (EDT) on April 9, 2026**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion, shall be considered at the hearing and may also be made in writing, filed with the Court on the Court's Electronic Case Filing System at www.ecf.nyeb.uscourts.gov (Login and password required) no later than **April 2, 2026** at **4:00 p.m. (EDT).**

**PLEASE TAKE FURTHER NOTICE** that Judge Louis A. Scarcella conducts hearings telephonically and by videoconference. All participants must register with Zoom for Government in advance of all telephonic and videoconference appearances. Zoom for Government registration is required by both attorneys and non-attorney participants. Attorneys with a CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF. Those without CM/ECF accounts may access the program on the website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Once registered, Zoom for Government will email the telephone number and/or video link for your hearing.

**PLEASE TAKE FURTHER NOTICE** that you may register for hearings weeks in advance, but the telephone number and/or video link will not be emailed to you until forty-eight (48) hours before the hearing date. Those registering with eCourt Appearances less than 48 hours in advance of the hearing should allow up to fifteen (15) minutes after registration to receive the email with the telephone number and/or video link.

**PLEASE TAKE FURTHER NOTICE** that those unable to access Zoom for Government must email Judge Louis A. Scarcella Courtroom Deputy at las_hearings@nyeb.uscourts.gov at

least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE** that Judge Louis A. Scarcella hearings are open to the press and the general public. Any person who desires to listen to a hearing as a nonparticipant need not register using Zoom for Government, but should email Judge Louis A. Scarcella Courtroom Deputy at las_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing to obtain the telephone number and/or video link.

Dated:  White Plains, New York
        March 24, 2026

        DAVIDOFF HUTCHER & CITRON LLP
        *Attorneys for the Debtors and Debtors-in*
        *Possession*
        120 Bloomingdale Road, Suite 100
        White Plains, New York 10605
        (914) 381-7400

        By: */s/ Robert L. Rattet*
            Robert L. Rattet, Esq.

3

DAVIDOFF HUTCHER & CITRON, LLP
Attorneys for Debtors
605 Third Avenue
New York, New York 10158
(914( 381-7400

HEARING   DATE:   4/9/2024
@10:00 a.m.

JAMES B. GLUCKSMAN

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:

SOUND VISION CARE, INC. ET. AL.,

Debtors[1].
----------------------------------------------------------------x

Chapter 11 Cases

Case No. 25-72421 (LAS)
(Jointly administered)

### DEBTORS' MOTION FOR EXTENSION OF TIME TO ASSUME OR REJECT ITS UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY TO 458 THIRD AVENUE, NEW YORK, NEW YORK 10016 UNDER SECTION 365(d)(4) OF THE BANKRUPTCY CODE

The above captioned debtors and debtors in possession (the "Debtors") in the above-captioned

Chapter 11 cases (the "Chapter 11 Case"), by its undersigned counsel, hereby files this motion

("Motion") for entry of an order under section 365(d)(4) of title 11 of Chapter 11 of the United States

Code, 11 U.S.C. §§101-1532, *et seq.* (the "Bankruptcy Code") with respect to a nonresidential

commercial lease (the "Lease"[2]) between Debtor SVC of Murray Hill LLC ("Murray Hill") and

Landlord Mastic Associates of New York LLC (the "Landlord") for premises located at 458 Third

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold, LLC (4232), and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2]    A copy of which is annexed as Exhibit "A" to Mastic Associate of New  York LLC's Motion to Lift the Automatic Stay, ECF Docket No. 263.

Avenue, New York, New York (the "Premises") for an additional period of ninety (90) days, through July 15, 2026. In support of this Motion, the Debtor respectfully states as follows:

## INTRODUCTION

1.      On December 17, 2025 (the "<u>Petition Date</u>") Murray Hill filed a voluntary Chapter 11 petition in this Court.

2.      Murray Hill continues to be in possession of its property and management of its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, committee, or examiner has been appointed heretofore.

3.      The Debtors' Chapter 11 Cases have been procedurally consolidated and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF Docket No. 14].

4.      A summary of the facts and circumstances supporting this Motion are set forth in the Declaration of Jeffrey Williams in Support of the Debtors' Chapter 11 Petition and First Day Pleading in the Murray Hill case (ECF No. 17, Case No. 25-74829, the "First Day Declaration"),[3]

5.      Murray Hill operates a retail optician and eyeglass boutique at the Premises and provides optometry services to the public. The Debtor's headquarters is at the Related Debtors' location at 1224 Ostrander Avenue, Riverhead, New York 11907.

6.      As set forth the Motion of the Landlord for Relief from the Automatic Stay (the "Lift Stay Motion," Main Case ECF Docket No. 263) Murray Hill occupies the Premises

---

[3]     A description of the Debtors' businesses for the related cases Sound Vision Care Inc., Case No. 25-72421 et. seq. (the "Related Debtors"), the reasons for commencing these Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into Chapter 11 are set forth in the Declaration of Jeffrey Williams, Jr. to Local Bankruptcy Rule 1007-2 and 9077 [Docket No. 15, Case No. 25-72421] (the "Williams Declaration"), incorporated herein by reference.

pursuant to the Lease between the Landlord and the predecessor in interest to Debtor Murray Hill, as tenant, as assigned, assumed and/or modified by Consent to Assignment of Lease dated as of October 26, 2020, Murray Hill leased the Premises for a lease term expiring on August 31, 2029.

7.      The Lease, which has not expired, is therefore an executory contract for nonresidential real property subject to assumption or rejection pursuant to Section 365 of the Bankruptcy Code.

8.      The Related Debtors and Murray Hill (collectively, where appropriate, the "Debtors") eventually took recourse to loans from Merchant Cash Advance ("MCA") companies, on highly oppressive terms.

9.      Upon information and belief, on or about March 5, 2025, the Landlord commenced a summary nonpayment proceeding against Murray Hill in Civil Court, New York County.

10.      Upon information and belief, on May 5, 2025, the Court issued a judgment of possession and a monetary judgment in the amount of $47,549.92.

11.      Upon information and belief, the warrant issued and a Notice of Eviction, dated December 3, 2025, was served by the City Marshall on Murray Hill. The eviction was stayed by the filing of Murray Hill's bankruptcy petition.

12.      Murray Hill has paid all rent for the post-petition period from Murray Hill's filing date of December 17, 2025 through March 31, 2026.

3

## REQUEST TO EXTEND TIME TO ASSUME OR REJECT LEASE

13.    On February 18, 2026, the Debtors filed their Plan (ECF Docket No. 311) and Disclosure Statement (ECF Docket No. 312).

14.    The hearing on approval of the Disclosure Statement is scheduled for April 9, 2026, concomitantly with the hearing on this Motion.

15.    11 U.S.C. §  365(d)(4) requires that:

(4)(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lease shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
(i)    the date that is 120 days after the date of the order for relief; or
(ii)    the date of the entry of an order confirming a plan.

16.    Murray Hill's period within which to assume or reject the Lease expires on April 16, 2026.  Murray Hill therefore seek entry of an order further extending Murray Hill's time to assume or reject the Leases through July 15, 2026. This represents an enlargement of the Assumption Rejection Period by ninety (90) days, in accordance with the limit proscribed by 11 U.S.C. § 365(d)(4)(B)(i).

17.    Pursuant to section 365(d)(4) of the Bankruptcy Code, a debtor has an initial one hundred twenty (120) day period following the filing of a bankruptcy petition in which to elect to assume or reject unexpired leases of non-residential real property under which it is a lessee. *Id*. Such period may be extended by an additional ninety (90) days upon a motion for "cause", with any further extensions requiring the prior written consent of the lessors under such leases. *Id*.

18.    Courts have recognized that "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the

4

assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." Channel Home Ctrs., 989 F.2d 682, 689 (3d Cir. 1993).

19.      While "cause" is not defined in the Bankruptcy Code, the Second Circuit looks at a variety of factors to determine whether "cause" for extending 120-day period exists, including the following:

a)      whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a plan of reorganization;

b)      whether reversion will produce a windfall to the landlord;

c)      whether the cases are complex and involve a large number of leases;

d)      whether the debtor's continued occupation could damage the lessor beyond compensation available under the Bankruptcy Code;

e)      whether the lessor continues to receive postpetition rental payments;

f)      whether the debtor has had insufficient time to develop a plan; and

g)      any other facts showing a lack of reasonable time to decide whether to assume or reject.

See S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 760–61 (2d Cir. 1996); In re 611 Sixth Avenue Corp., 191 B.R. 295, 298 (Bankr. S.D.N.Y. 1996); In re Wedtech Corp., 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987).

20.      These factors are non-exhaustive and bankruptcy courts may consider other factors based on the particular facts of the case. See In re Wedtech, 72 B.R. at 472. Indeed, the decision to grant or deny a motion to extend the 120-day period is within the bankruptcy court's discretion based on the particular facts of the case. See In re Adelphia Commc'ns Corp., 291

5

B.R. 283, 292 (Bankr. S.D.N.Y. 2003) (citing In re Burger Boys, 94 F.3d at 760).

21.    The Debtors' Chapter 11 Cases are heading towards successful reorganization. Accordingly, the Debtors believe that the requested extension is warranted. Moreover, the extension will not prejudice the Landlord as Murray Hill is current with all post-petition lease payments.

22.    The Debtors have acted in good faith, have been diligent in its prosecution of these Chapter 11 Cases, have fully complied with all operating guidelines of the Court and the U.S. Trustee and Murray Hill is current in the payment of all post-petition rent on the Lease, as well as the filing of all monthly operating reports.

23.    It is therefore respectfully submitted that the relief requested herein is made in good faith, is reasonable under the circumstances at bar and is clearly in the best interests of the Debtors and their estates.

24.    This Motion is being made and is returnable prior to the expiration of the initial 120-day period as required by section 365(d)(4)(B)(i) of the Bankruptcy Code.

25.    A copy of a proposed Order granting this relief is annexed hereto as Exhibit "1".

26.    No prior request for the relief sought herein has been made to this or any other court.

27.    Notice of this Motion has been provided to the Landlord, the Office of the United States Trustee, and all parties filing notices of appearance in this Chapter 11 Case by ECF service. The Debtors submit that such notice is adequate, sufficient, and proper.

**WHEREFORE,** the Debtors respectfully requests entry of the proposed Order annexed hereto as Exhibit "1" extending Murray Hill's time to assume or reject the Lease through July 15, 2026, pursuant to section 365(d)(4) of the Bankruptcy Code, together with such other and further relief as is just and proper under the circumstances.

Dated:  White Plains, New York
        March 24, 2026

> DAVIDOFF HUTCHER & CITRON LLP
> *Attorneys for the Debtors and Debtors-in Possession*
> 120 Bloomingdale Road, Suite 120
> White Plains, New York 10605
> (914) 381-7400
>
>
> By: */s/ Robert L. Rattet*
>      Robert L. Rattet, Esq.

7

EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

SOUND VISION CARE, INC, *et. al.*,

Debtors.[1]

/

Chapter 11 Case

Case No.: 25-72421 (LAS)

(Jointly Administered)

## (PROPOSED) ORDER EXTENDING
## SVC OF MURRAY HILL LLC'S TIME TO ASSUME OR
## REJECT ITS UNEXPIRED COMMERCIAL LEASE

**UPON** the motion (the "Motion")[2] of Debtor SVC of Murray Hill LLC ("Murray Hill"), with respect to a nonresidential commercial lease (the "Lease"[3]) between Debtor Murray Hill and Landlord Mastic Associates of New York LLC (the "Landlord") for premises located at 458 Third Avenue, New York, New York 10016 (the "Premises") for an additional ninety (90) days, by its attorneys, Davidoff Hutcher & Citron LLP, seeking entry of, *inter alia*, an Order pursuant to section 365(d)(4) of the Bankruptcy Code, extending the Debtors time to assume or reject the Lease (as defined in the Motion) through July 16, 2026, the date that is two-hundred and ten (210) days after the order for relief in the Debtors Chapter 11 Case; and the Court having held a hearing to consider the Motion on April 9, 2026, and upon due deliberation thereon it appearing that adequate notice having been given, and good and sufficient cause having been shown, it is hereby

---

[1]  The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Riverhead, LLC (9996), (v) SVC of Southold, LLC (4232), (vi) SVC of Fresh Meadows, LLC (4333), (x) SVC of Manhasset, LLC (7234). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY.

[2]  Capitalized terms not defined herein shall have the meanings as set forth in the Motion.

[3]  A copy of which is annexed as Exhibit "A" to Mastic Associate of New York LLC's Motion to Lift the Automatic Stay, ECF Docket No. 263

**ORDERED**, that Murray Hill's time in which to assume or reject the Lease, respectively, is hereby extended through and including July 15, 2026, without prejudice to Murray Hill's right to seek a further extension of same upon consent of the Landlord to the Lease; and it is further

**ORDERED,** that this Order is without prejudice to the Landlord to the Lease seeking an order terminating or shortening Murray Hill's time to assume or reject the Lease for cause.