UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                    Chapter 11 Cases

SOUND VISION CARE, INC., *et al.*,                        Case No. 25-72421 (LAS)

              Debtors[1].                 (Jointly Administered)

-----------------------------------------------------------x

## STIPULATION AND ORDER REJECTING UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE BETWEEN MASTIC ASSOCIATES OF NEW YORK LLC AND SVC OF MURRAY HILL LLC

### RECITALS

**WHEREAS**, on December 17, 2025 (the "Petition Date") SVC of Murray Hill LLC ("Murray Hill") filed a voluntary Chapter 11 petition in this Court.

**WHEREAS**, Murray Hill continues to be in possession of its property and management of its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, committee, or examiner has been appointed heretofore.

**WHEREAS**, the Debtors' Chapter 11 Cases have been procedurally consolidated and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF Docket No. 14].

**WHEREAS**, Murray Hill, one of the Debtors, operates a retail optician and eyeglass boutique at the Premises located at and known as street level store at 458 Third

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold, LLC (4232), and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901 (collectively, the "Debtors").

Avenue, New York, New York 10016 (the "Premises") and provides optometry services to the public. Murray Hill's headquarters is at the Related Debtors' location at 1224 Ostrander Avenue, Riverhead, New York 11907.

**WHEREAS**, Murray Hill occupies the Premises pursuant to the Lease between Mastic Associates of New York LLC (the "Landlord") and the predecessor in interest to Debtor Murray Hill, as tenant, as assigned, assumed and/or modified by Consent to Assignment of Lease dated as of October 26, 2020. Murray Hill leased the Premises for a lease term expiring on August 31, 2029 (the "Lease").

**WHEREAS**, the Lease, which has not expired, is therefore an executory contract for nonresidential real property subject to assumption or rejection pursuant to Section 365 of the Bankruptcy Code.

**WHEREAS**, on or about March 6, 2025, the Landlord commenced a summary nonpayment proceeding against Murray Hill in Civil Court, New York County.

**WHEREAS**, on or about May 5, 2025, the Civil Court issued a judgment of possession and a monetary judgment in favor of Landlord and against Murray Hil in the amount of $47,549.92.

**WHEREAS**, a warrant of eviction was issued to City Marshal Richard Capuano on May 29, 2025, and a Notice of Eviction, dated December 3, 2025, was served by the City Marshall on Murray Hill. The eviction was stayed by the filing of Murray Hill's bankruptcy petition.

**WHEREAS**, Murray Hill has paid certain rent charges for the post-petition period from Murray Hill's filing date of December 17, 2025 through March 31, 2026, and

the Debtors and the Landlord are resolving, under this Stipulation, all claims for post-petition rent.

**WHEREAS**, the Lease is an unexpired lease within the meaning of Section 365 of the Bankruptcy Code; and

**WHEREAS**, upon due consideration, the Debtors have determined in their business judgment to reject the Lease, because Murray Hill maintains that: (1) the leased Premises are not necessary for the Debtor's reorganization; and (2) the Debtors are attempting to cut their operating expenses in order to aid their reorganization efforts.

**WHEREAS**, the Lessor agreed and consented to the rejection of the Lease.

NOW, THEREFORE, it is hereby STIPULATED, AGREED and ORDERED as follows:

1.      The foregoing recitals are incorporated herein by reference.

2.      Upon entry of this Stipulation and Order, the Lease shall be rejected as of April 30, 2026.

3.      The Debtors hereby acknowledge that the sum of $101,679.32 was due for rent, additional rent and other charges due and unpaid under Murray Hill's lease as of the Filing Date, as represented by Claim No. 39 as filed in the main case, No. 25-72421-las, and upon Murray Hill's rejection of the Lease, Landlord is entitled to an additional lease rejection claim in the amount of $110,732.32, for a total claim of $212,411.64 ("Landlord's Total Claim"). Debtors agree and stipulate that same shall be allowed as a general unsecured claim in the Debtors' estate.

4.      The Debtors hereby stipulate to pay, as post-petition rent required under 11 U.S.C. § 365(d)(3), the following sums (if not already paid): a) base rent in the

3

amount of $6,785.64 for April 2026 rent; b) air conditioning charges in the amount of $624.89 for February through April 2026; and c) Real Estate taxes in the amount of $13,402.34 for January 2026, for a total of $20,812.87, by or before April 17, 2026 ("post-petition rent").

5.        The Debtors waive all claim for return of Murray Hill's security deposit in the amount of $14,627.25 (the "Security Deposit"), held under the Lease, and agree to release the Security Deposit in full to Landlord. Upon the Court's approval of this Stipulation, the automatic stay shall be deemed modified to permit Landlord to retain the security deposit in full.

6.        Murray Hill agrees to vacate and surrender possession of the Premises to Landlord on or before April 30, 2026, and to leave the Premises vacant, free of all occupants, property, equipment and debris, in accordance with its surrender obligations under the Lease. The Parties further agree that the automatic stay shall be deemed modified as against Landlord in order to permit Landlord and the City Marshal enforce Murray Hill's surrender obligations under this Stipulation and the Warrant issued against Murray Hill in regard to the Premises, such that Landlord may reschedule and pursue Murray Hill's eviction from the Premises after April 30, 2026, in the event that Murray Hill does not timely vacate and surrender possession of the Premises to Landlord in accordance with this Stipulation.

7.        The Landlord hereby waives all claims other than those provided in Paragraph 3, 4 and 5 of the Stipulation, for base rent under the Lease, if any, against the Debtor and its estate with respect to the Lease and its rejection herein.

8.        In consideration of the premises contained herein, and except as to (i)

4

Debtors' obligations set forth in this Stipulation; and (ii) any indemnification and/or insurance-related claims initiated by a third party against either party hereto claiming personal injury or property damage within or about the Premises, which shall be governed by the insurance and indemnification provisions of the parties' lease, Landlord and its shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities (collectively, the "Landlord Releasing Parties"), shall be deemed to hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge the Debtors and any guarantors or affiliated Debtors and their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands related to any transactions between the Debtors, Guarantor, and affiliated parties, known or unknown, foreseen or unforeseen, in law or equity, from the beginning of the world to the date of this release, including any claims the Landlord may have had or claim to have had, or now have or claim to have, or hereafter may have or claim to have, or could have

asserted against the Debtors or Guarantors.  For purposes of clarity, Landlord is preserving the following claims, which are not subject to the Release set forth in this paragraph:  (1) pre-petition allowed claims for rent arrears totaling $101,679.32 and lease rejection damages totaling $110,732.32, for a total allowed claim in the amount of $212,411.64 (per paragraph 3 above); (2) post-petition rent claim in the amount of $20,812.87 (per paragraph 4 above); and (3) release of Murray Hill's security deposit to Landlord (per paragraph 5 above).

9.      In consideration of the terms and conditions of this Stipulation, upon execution of this Stipulation, the Debtors and Guarantor and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge the Landlord and its shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities (the "Landlord Released Parties", of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands

6

whatsoever, known or unknown, foreseen or unforeseen, in law or equity, from the beginning of the world to the to the date of this release, including any claims the Debtors and/or Guarantors may have had or claim to have had, or now have or claim to have, or hereafter may have or claim to have, or could have asserted.

10.     The Landlord will withdraw its objection to the First Amended Disclosure Statement (Case No. 25-72421-las, ECF Docket No. 385), and consent to approval of any Disclosure Statement that is consistent with the terms of this agreement and transactions contemplated by this Stipulation.

11.     The Landlord will (a) vote its claims in favor of and (b) affirmatively support any chapter 11 plan of reorganization filed by the Debtors that is consistent with the terms of this Settlement Agreement provides the unsecured creditors, including the Landlord, customary treatment for an unsubordinated and unsecured creditor, other than special provisions applicable to creditors with a perfected lien and are doing ongoing business with the Debtors, regardless of the distribution on the Landlord as allowed by Paragraph 3 of this Stipulation, which may be de minimus, depending on unrelated developments in the Chapter 11 cases.

12.     This Settlement Agreement is subject to approval by the Bankruptcy Court pursuant to Bankruptcy Rule 9019, pursuant to this Stipulation and Order.

13.     This Stipulation and Order shall be binding upon and shall inure to the benefit of the parties and their successors and assigns.

14.     This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

7

15.     This Stipulation and Order contains the entire understanding of the parties hereto with respect to the subject matter herein and supersedes any prior written or oral agreements with respect thereto.

**DAVIDOFF HUTCHER & CITRON LLP**          Date: April 7, 2026
*Counsel to the Debtors*

         /s/ James B. Glucksman

By:_____
         Robert L. Rattet
         James B. Glucksman
         605 Third Avenue, New York, NY 10158
         (212) 557-7200

**BELKIN . BURDEN . GOLDMAN, LLP**          Date: April 7, 2026
*Counsel to Mastic Associates of New York LLC*

By:__/s/ Jay B. Solomon_____
         Jay Solomon
         One Grand Central
         60 E. 42nd Street
         16th Floor
         New York, NY 10165
         (212) 867-4466

**SO ORDERED.**

**Dated: April 8, 2026**
    **Central Islip, New York**



*Louis A. Scarcella*
**Louis A. Scarcella**
**United States Bankruptcy Judge**