**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th floor
New York, NY 10019
(212) 440-4400
Christopher P. Schueller, Esq.
*Attorneys for Bank of America, N.A.*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Sound Vision Care, Inc., *et al.*, | : | Case No. 25-72421 |
| | : | |
| Debtor.¹ | : | (Jointly Administered) |
| | : | |

## PROTECTIVE ORDER

**THIS PROTECTIVE ORDER** applies to the discovery subject to the Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing the Debtors to Issue Subpoenas Directing Examination and Production of Documents dated March 23, 2026 [ECF 363] (the "**2004 Order**") and Subpoena by 2004 Examination dated March 23, 2026 ("**Subpoena**") which relates to certain discovery served by the Debtors (collectively, "**Debtors**" or the "**Requesting Party**") on Bank of America, N.A. ("**BANA**" or the "**Producing Party**") in the above-captioned bankruptcy case (the "**Bankruptcy Case**").

1. The 2004 Order requires that BANA produce documentation which contains confidential and private information regarding its other borrowers (collectively, the "**Other Borrowers**"), including, without limitation, the identity of the Other Borrowers, information

---

¹ The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi). SVC of Riverhead, LLC (9996), and (vii) SVC of Southold, LLC (4232). The Debtors' mailing address is 1224 Ostrander Avenue Riverhead, NY 11901.

which could lead to identifying the Other Borrowers and other financing or account information relating to the Other Borrowers (collectively, the "**Other Borrower Information**").

2.  The Court hereby orders the Debtors in the Bankruptcy Case (each individually a "**Debtor**" and collectively the "**Debtors**") and BANA (BANA, together with Debtors, each a "**Party**" and collectively the "**Parties**") to proceed with discovery concerning the Other Borrowers as set forth herein.

3.  The term "**Highly Confidential Information**" consists solely of unredacted documents, materials or testimony relating to Other Borrower Information.    The term "**Confidential Information**" consists of redacted documents, materials or testimony relating to Other Borrower Information.

4.  The Producing Party shall produce its documents to the Receiving Party's counsel in a manner acceptable under the Federal Rules of Civil Procedure in an unredacted form.

5.  The Receiving Party's counsel shall review the documents produced as Highly Confidential Information and in good faith designate which documents it intends to use in this Bankruptcy Case.  After receiving the designations of the Receiving Party, the Producing Party shall redact the designated documents and only the redacted documents may be used in the Bankruptcy Case.

6.  This Protective Order shall not apply to any Highly Confidential Information or Confidential Information that the Producing Party discloses to the public or which was or becomes generally available to the public other than as a result of a disclosure by a Receiving Party or a Permitted Person (as such term is defined below).  This Protective Order shall not apply to any documents or information that the Receiving Party receives from sources independent from the Producing Party's discovery production.

7.     The Receiving Party shall not give, show, reveal, communicate, disclose, make available or otherwise make known any Highly Confidential Information to any person or entity other than counsel of record in this action for the Receiving Party and its employees assigned to and necessary to assist such counsel in the preparation or trial of this Bankruptcy Case (collectively "**Debtors' Attorneys**").

8.     The Receiving Party agrees not to give, show, reveal, communicate, disclose, make available or otherwise make known any Confidential Information to any person or entity other than "**Permitted Persons**," which are defined as the following:

(a)     Counsel of record in this action for the Receiving Party and its employees assigned to and necessary to assist such counsel in the preparation or trial of this Bankruptcy Case;

(b)     Independent experts and consultants retained by counsel for the Receiving Party whose assistance is necessary for the preparation of trial of this specific Bankruptcy Case; and

(c)     Witnesses at any deposition or trial taken in connection with this Bankruptcy Case (and their counsel).

9.     The Receiving Party (including, without limitation, any present or former officer or employee of any Receiving Party or counsel of record for the Receiving Party) shall not contact, subpoena or otherwise communicate with any of the Other Borrowers without leave of Court after filing a motion showing a compelling need for such contact.

10.     Permitted Persons (other than counsel of record for the Receiving Party) shall execute the Certification attached as Exhibit 1 before receiving Highly Confidential Information or Confidential Information.

3

11.     Highly Confidential Information may be disclosed only to Debtors' Attorneys and specifically may not be disclosed to any Party or present or former officer or employee of any Party or to any other persons.

12.     Confidential Information may be disclosed only to those persons designated in Paragraph 8.

13.     If the Receiving Party objects to the redactions of any Highly Confidential Information, it may, after making a good faith effort to resolve any such objection, seek a ruling by conference or motion vacating the inclusion.    While such an application is pending, the information in question shall be treated as Highly Confidential Information pursuant to this Protective Order.    The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

14.     In the event a Party wishes to file any Highly Confidential Information or Confidential Information with the Court for any purpose, such party shall first file a motion with the Court for an order permitting the filing of such material under seal.    With the Court's approval, the Party shall file the Highly Confidential Information or Confidential Information with the Court in a sealed envelope:

(a)     Bearing (i) the date of this Order; (ii) the name, address and telephone number of filing counsel; (iii) the caption of this Bankruptcy Case; and (iv) a legend stating the following:

FILED UNDER SEAL AND SUBJECT TO CONFIDENTIALITY AGREEMENT ENTERED IN CASE NO.: 25-72421.    This envelope, containing [Highly Confidential Information or Confidential Information] filed in this case by [name of Party], is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court.

and,

4

(b)     Including a copy of this Order in the sealed envelope.

15.     Any and all Highly Confidential Information or Confidential Information which has been obtained by a Receiving Party during the course of this Bankruptcy Case shall only be used for the purposes of the Bankruptcy Case and any appeal in this Bankruptcy Case, and not for any business or other purposes whatsoever.

16.     Within sixty (60) days after the final conclusion of this Bankruptcy Case, including all appeals, all Highly Confidential Information and Confidential Information, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed. If the documents are destroyed, counsel shall advise opposing counsel in writing of their destruction within sixty (60) days that such destruction has occurred.  This provision does not apply to the attorneys for the Parties, who may maintain such documents consistent with the rules regulating the bar.

17.     This Protective Order shall survive the final conclusion of this Bankruptcy Case, and the Court presiding over this Bankruptcy Case shall retain jurisdiction of the Parties.

18.     Nothing in this Protective Order shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

19.     If a Receiving Party or a Permitted Person receives a subpoena or other compulsory process from a person or entity other than a Permitted Person (including civil or criminal discovery process, criminal investigative demands or regulatory demands) (collectively "**Compulsory Process**") seeking production or other disclosure of Highly Confidential Information or Confidential Information, the Receiving Party or such Permitted Person shall give written notice to the Producing Party within five (5) business days after receipt of the Compulsory Process, identifying the Confidential Information sought and enclosing a copy of

the Compulsory Process.  Such written notice shall be mailed, via overnight delivery, and faxed or e-mailed, to the following:

> Christopher P. Schueller, Esq.
> Buchanan Ingersoll & Rooney, PC
> 640 5th Avenue, 9th floor
> New York, NY  10019
> Email: christopher.schueller@bipc.com
>
> James B Glucksman, Esq.
> Davidoff Hutcher & Citron LLP
> 605 Third Avenue, New York, NY 10158
> Email: jbg@dhclegal.com

Except for providing notice as provided above, neither the Receiving Party nor any Permitted Person shall have any obligation to oppose the Compulsory Process unless the Producing Party has had fewer than five (5) business days' notice of the Compulsory Process.  If there are fewer than five (5) business days between the date the Receiving Party or Permitted Person served with Compulsory Process notifies the Producing Party and the return date of the subpoena, the Receiving Party or Permitted Person served with Compulsory Process shall object to production based on this Protective Order.  Subject to the foregoing, compliance by a Receiving Party or a Permitted Person with any order directing production of any Highly Confidential Information or Confidential Information pursuant to Compulsory Process shall not constitute a violation of this Protective Order.

20.    This Protective Order shall be governed by and construed in accordance with federal law and the United States Bankruptcy Court for the Eastern District of New York shall have exclusive jurisdiction to hear and determine any claims or disputes pertaining to this Protective Order or any matter arising under or relating to it, however if that jurisdiction ends for

any reason, the parties consent to the United States District Court for the Eastern District of New York to have jurisdiction to resolve any dispute.

21.     This Protective Order shall apply only to the Other Borrower Information which the Producing Party has been ordered to produce under the 2004 Order.

CONSENTED TO AND AGREED:

| Dated: New York, New York<br>April 16, 2026 | Dated: White Plains, New York<br>April __, 2026 |
|---|---|
| BUCHANAN INGERSOLL &<br>ROONEY PC<br>640 Fifth Avenue – 9th Floor<br>New York, NY 10019<br>(212) 440-4400<br><br>BY: _____<br>CHRISTOPHER P. SCHUELLER<br>Email:<br>christopher.schueller@bipc.com | DAVIDOFF HUTCHER & CITRON LLP<br>Attorneys for Debtors<br>120 Bloomingdale Road<br>White Plains, New York 10605<br>(914) 381-7400<br><br>/s/ James B. Glucksman<br>BY: _____<br>JAMES B. GLUCKSMAN<br>jbg@dhclegal.com |

7

## **Exhibit 1 to Protective Order**

## **CERTIFICATION**

I, the undersigned, hereby certify that (i) I have read the Protective Order entered in Case No. 8-25-72421-las, pending in the United States Bankruptcy Court for the Eastern District of New York (the "**Protective Order**"), (ii) I am executing this Certification and bind myself to comply with the Protective Order in order to have access to Highly Confidential Information or Confidential Information (as defined therein), and (iii) I agree to be fully bound by the provisions of the Protective Order and shall not use or disclose Highly Confidential Information or Confidential Information except as permitted by the Protective Order.

Date: _____

Print Name:_____

Address: _____
_____
_____

8