**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 25-72421 (LAS) |
| SOUND VISION CARE, INC., *et. al.*, | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

**AMENDED ORDER (A) APPROVING THIRD AMENDED DISCLOSURE
STATEMENT; (B) ESTABLISHING TREATMENT OF CLAIMS FOR NOTICE
AND VOTING PURPOSES; (C) ESTABLISHING DEADLINES AND PROCEDURES
FOR TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES;
(D) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR
DISTRIBUTION; (E) APPROVING FORM OF BALLOTS; (F) ESTABLISHING
VOTING DEADLINE AND PROCEDURES FOR TABULATION OF VOTES;
(G) SCHEDULING HEARING ON CONFIRMATION OF PLAN;
(H) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION
HEARING AND PROCEDURES FOR FILING OBJECTIONS TO
CONFIRMATION OF THIRD AMENDED PLAN; AND (I) GRANTING
RELATED RELIEF**

Upon the filing of the *Debtors' Third Amended Disclosure Statement*,[2] dated April 10,

2026 [ECF No. 399] (the "Disclosure Statement"), Sound Vision Care, Inc. and the other above-

referenced debtors and debtors in possession (collectively, the "Debtors"), by its counsel, Davidoff

Hutcher & Citron LLP, for entry of an order (this "Order") approving the Disclosure Statement,

and granting relating relief with respect to the Debtors' *Third Amended Chapter 11 Plan*, dated

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693); (ii) SVC of Coram, LLC (7727); (iii) SVC of East Setauket, LLC (4510); (iv) SVC of Riverhead, LLC (9996); (v) SVC of Southold, LLC (4232); (vi) SVC of Fresh Meadows, LLC (4333); (vii) SVC of Manhasset, LLC (7234); and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[2] At the hearing on April 9, 2026 to consider the adequacy of the Debtor's Disclosure Statement dated February 18, 2026 [ECF No. 312], as amended on March 24, 2026 [ECF No. 366] and April 8, 2026 [ECF No. 396], counsel for the Debtors and counsel for U.S. Eagle Federal Credit Union stated on the record certain modifications to be made to the Debtor's Second Amended Disclosure Statement dated April 8, 2026. The Court approved the Debtor's Disclosure Statement with the amendments to be made as stated on the record and as reflected in the Debtor's Third Amended Disclosure Statement dated April 10, 2026 [ECF No. 399].

April 10, 2026 (the "Plan") [ECF No. 398][3]; and on April 9, 2026, the Court having held a hearing on the Disclosure Statement (the "Disclosure Statement Hearing"); and it appearing that notice of the Disclosure Statement Hearing was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record of the Disclosure Statement Hearing; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.  Approval of Disclosure Statement.  The Disclosure Statement contains "adequate information" within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and is approved. The Disclosure Statement may be amended or modified to fill in blanks and incorporate any modifications that do not materially affect the rights of any party in interest. The Debtors are authorized, pursuant to section 1125 of the Bankruptcy Code and as set forth herein, to solicit acceptances or rejections of the Plan from the holders of Impaired Claims against the Debtors who are entitled to vote on the Plan.

2.  Non-Voting Classes Designated by the Debtors.  For the purposes of voting, the Debtors have designated the holders of Claims and Interests in Class 1 and Class 7 as  Unimpaired and presumed to have accepted the Plan (the "Non-Voting Classes").

3.  Voting Classes Designated by the Debtors.  For the purposes of voting, the Debtors have designated the holders of Claims and Interests in Classes 2, 3, 4, 5, and 6 as Impaired and entitled to vote on the Plan (the "Voting Classes"). The Debtors will solicit votes from the Voting Classes.[4]

---

[3] Capitalized terms not defined herein shall have the meanings as ascribed to such terms in the Plan.

[4] Notwithstanding any language to the contrary in the Disclosure Statement or Plan, the Court does not make any findings in this Order with respect to any class or holder of a claim, which does not vote on the Plan—in other words, on the issue of whether a non-vote constitutes a deemed acceptance of the Plan.  The Court will address such issue, if necessary, at the Confirmation Hearing upon application to the Court by the Debtors and after an opportunity to brief the issue has been given to the parties.

4. <u>Transmittal of Confirmation Hearing Notice and Solicitation Packages (Including Ballots)</u>. The date of entry of this Order shall be the record holder date ("<u>Record Holder Date</u>") for voting purposes. Ballots in substantially the form annexed to this Order as **Exhibit A** (the "<u>Ballots</u>") are approved. The notice of the Confirmation Hearing (defined herein) substantially in the form attached to this Order as **Exhibit B** (the "<u>Confirmation Hearing Notice</u>") is approved. On or before **May 8, 2026**, the Debtors shall mail or cause to be mailed by first class mail an information and solicitation package (the "<u>Solicitation Package</u>") to the holders of Claims in the Voting Classes at such holder's address as of the Record Holder Date. The Solicitation Package shall contain a copy or conformed printed version of: (a) the Disclosure Statement, including a copy of the Plan as an exhibit, (b) a copy of the order approving the Disclosure Statement, and (c) a Ballot with instructions appropriate for the specific creditor, (d) the Confirmation Hearing Notice, and (e) a pre-addressed, postage-prepaid return envelope. On or before **May 8, 2026**, the Debtors shall also serve by first-class mail, postage prepaid, the Solicitation Package, excluding the Ballots and pre-addressed, postage-prepaid return envelope, to (i) the United States Trustee, (ii) the Non-Voting Classes; and (iii) the parties who have filed a notice of appearance in this case.

5. .<u>Balloting Agent</u>.  Davidoff Hutcher & Citron LLP is hereby approved as the agent for the tallying of all votes of holders of Impaired classes of Claims and reporting those results to the Court (the "<u>Balloting Agent</u>").

6. <u>Voting Deadline for Receipt of Ballots</u>. To be counted, Ballots for accepting or rejecting the Plan must be actually received by the Balloting Agent on or before **5:00 p.m. (Prevailing Eastern Time) on June 5, 2026** (the "<u>Voting Deadline</u>").

7. <u>Voting Procedures</u>. For the purpose of voting only, each claim within the Voting Classes shall be temporarily allowed in an amount equal to the amount of such claim set forth in the Debtors' schedules or the Debtors' records, subject to the following provisions:

(a)     If a claim was listed in the Debtor's schedules as contingent, unliquidated, or disputed or in a zero or an unknown amount, and a proof of claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c);

(b)     If a proof of claim was timely filed in an amount that is liquidated, noncontingent, and undisputed, such claim is temporarily allowed in the amount set forth on the proof of claim;

(c)     If a claim for which a proof of claim has been timely filed is unliquidated, contingent, or disputed, such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution; and

(d)     If a claim is listed in the Debtor's schedules or on a timely filed proof of claim as partially contingent, unliquidated, or disputed, such claim is temporarily allowed in the amount that is non-contingent, liquidated, and undisputed for voting purposes only, and not for purposes of allowance or distribution; and

(e)     Notwithstanding the above subparagraphs (a)–(d), if a claim has been resolved pursuant to a stipulation or order entered by the Court before the Voting Deadline, such claim is temporarily allowed in the amount pursuant to such stipulation or order for voting purposes only, and not for purposes of allowance or distribution.

8. <u>Rule 3018(a) Motions.</u>  If any creditor seeks to challenge the allowance or disallowance of its claim for voting purposes, the creditor must file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes in a different amount (each, a "Rule 3018(a) Motion"). Upon the filing of any such motion, the creditor's Ballot shall be counted in accordance with the above-designated guidelines unless temporarily allowed in a different amount by an order of the Court entered at or prior to the Voting Deadline. All Rule 3018(a) Motions shall be filed with the Court and served upon the Notice Parties (defined below) by no later than **May 29, 2026 at 5:00 p.m. (Prevailing Eastern Time)**.

9. <u>Procedures for Vote Tabulation - Votes Counted</u>. Any Ballot that is properly executed, is sent by hand or mail delivery, is timely received by the Balloting Agent (Attn.: Craig M. Price, Esq.), and is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

10. <u>Additional Procedures to be Used in the Tabulation of Votes</u>. The following procedures to be used in the tabulation of votes shall apply:

(a) Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, only the last, proper and timely Ballot received by the Balloting Agent shall be counted;

(b) Creditors shall not split their vote within a class; thus, each creditor shall vote all of its claim on one Ballot within a particular class either to accept or reject the Plan;

(c) Any Ballot that partially rejects and partially accepts the Plan shall not be counted;

(d) Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted;

(e) Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan shall not be counted; and

(f) Creditors that have filed duplicate claims against the Debtors that are classified under the Plan in the same Class will receive only one Ballot for voting their claims with respect to that Class.

11. <u>Certification of Vote</u>. The Balloting Agent shall file its voting certification (the "<u>Voting Certification</u>") on or before **June 12, 2026 at 5:00 p.m. (Prevailing Eastern Time)**.

12. <u>Confirmation Hearing Date</u>. The hearing (the "<u>Confirmation Hearing</u>") to consider confirmation of the Plan shall commence on **June 25, 2026 at 10:00 a.m. (Prevailing Eastern Time)** (the "<u>Confirmation Hearing Date</u>"), or as soon thereafter as counsel can be heard, before the Honorable Louis A. Scarcella, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722. The Confirmation Hearing may be continued from time to time by way of

5

announcement of such continuance in open court, without further notice to parties in interest.

13. Deadline and Procedures for Filing Objections to Confirmation. The deadline for filing and serving objections to confirmation of the Plan shall be **June 16, 2026 at 5:00 p.m. (Prevailing Eastern Time)** (the "Confirmation Objection Deadline"). In order to be considered, objections, if any, to confirmation of the Plan must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objector, and the nature and amount of any Claim or Interest asserted by the objector against or in the Debtors, their estates or their property; (d) state with particularity the legal and factual bases for the objection; (e) be filed with the Court; and (f) be served upon the following parties: (i) the Office of the United States Trustee, Eastern District of New York, 560 Federal Plaza, Central Islip, New York, attn.: William J. Birmingham, Esq., (ii) Davidoff Hutcher & Citron LLP, attorneys for the Debtors, 605 Third Avenue, New York, New York 10158, attn: Craig M. Price, Esq., and (iii) all parties that have filed notices of appearance in this case (collectively, the "Notice Parties"). Objections to confirmation of the Plan must be received by the Court and the Notice Parties no later than the Confirmation Objection Deadline. Any objections to confirmation of the Plan that are not timely filed and served in accordance with the foregoing requirements may not be considered by the Court at the Confirmation Hearing.

14. Reply to Objections. The Debtors shall file with the Court and serve on any objectors a reply, if any, to any objections to confirmation by no later than **June 19, 2026**.

15. Modification of Plan. The Plan may be modified without further notice at, prior to, or as the result of the Confirmation Hearing unless the modifications materially affect the rights

of any party in interest.  The Court shall determine whether the Debtors are required to re-solicit acceptance of such modified Plan from the parties affected by such modification.

16. <u>Service and Notice Adequate and Sufficient</u>.  Service of all notices and documents described herein in the time and manner as set forth herein shall constitute due, adequate, and sufficient notice of all matters addressed in this Order, the Plan, and the Disclosure Statement, and no other or further notice shall be necessary.

17. <u>Declarations and Memorandum in Support of Confirmation</u>.  By no later than **June 19, 2026**, Debtors shall file with the Court any declarations and memorandum in support of confirmation.

18. The Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

19. In the event of any inconsistency between the Disclosure Statement, the Plan, and this Order, this Order shall govern.

20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: May 6, 2026
       Central Islip, New York

_Louis A. Scarcella_
Louis A. Scarcella
United States Bankruptcy Judge

**EXHIBIT A**

**Ballots**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
www.nyeb.uscourts.gov

|  |  |
|---|---|
| In re:<br><br>SOUND VISION CARE, INC.*, et. al.,*<br><br>Debtors.[5] | )<br>) Chapter 11<br>)<br>) Case No. 25-72421 (LAS)<br>)<br>) (Jointly Administered)<br>)<br>) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S**
**CHAPTER 11 PLAN OF REORGANIZATION**

Sound Vision Care, Inc. and the other above referenced debtors and debtors in possession (collectively, the "Debtors")[6] have filed the *Third Amended Chapter 11 Plan*, dated April 10, 2026 [ECF No. 398] (as may be amended, supplemented, or otherwise modified, the "Plan").  The Court has approved the *Third Amended Disclosure Statement* [ECF No. 399] with respect to the Plan (as may be amended, supplemented, or otherwise modified, the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from Davidoff Hutcher & Citron LLP, 605 Third Avenue, New York, NY 10605, attn.: Craig M. Price, Esq., telephone number (212) 557-7200, email cmp@dhclegal.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan referred to in this ballot can be confirmed by the United States Bankruptcy Court of the Eastern District of New York and thereby made binding on you if it is accepted by the holders of two-thirds of the aggregate amount of debt and more than one-half in number of claims in at least one impaired class. Under the Plan, your claim is in Class 2, 3, 4, 5, or 6. Classes of claims are entitled to vote on the Plan if their Claims are Impaired under the Plan. If the requisite acceptances are not obtained in each Impaired Class, the Court may confirm the Plan if it finds that the Plan accords fair and equitable treatment to the rejecting class. **For your vote to count, you must complete and return this ballot in the envelope provided so that it is received on or before June 5, 2026 at 5:00 p.m. (Prevailing Eastern Time) in accordance with the instructions on the next page.**

---

[5]  The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693); (ii) SVC of Coram, LLC (7727); (iii) SVC of East Setauket, LLC (4510); (iv) SVC of Riverhead, LLC (9996); (v) SVC of Southold, LLC (4232); (vi) SVC of Fresh Meadows, LLC (4333); (vii) SVC of Manhasset, LLC (7234); and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

[6]  Capitalized terms not defined herein shall have the same meanings as ascribed to such terms in the Plan.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.**

**The undersigned, the holder of a Class __ claim against the Debtors, in the amount of $_____ for voting purposes, casts its vote according to the ballot set forth below.**

**Dated: _____**

        **Print or type name:** _____

        **Signature:** _____

        **Title (if an entity):** _____

        **Address:** _____

<u>**INSTRUCTIONS**</u>

Please indicate below your acceptance or rejection of the Plan.

**The signatory above hereby casts its vote as follows:**

        **Accept**           **Reject**

        _____           _____

**This ballot must be <u>received</u> by Davidoff Hutcher & Citron LLP, 605 Third Avenue, New York, NY 10158, attn.: Craig M. Price, Esq. or via email to cmp@dhclegal.com on or before June 5, 2026 at 5:00 p.m. (Prevailing Eastern Time).**

**If your ballot is not timely received by Davidoff Hutcher & Citron LLP (Attn.: Craig M. Price) on or before June 5, 2026 at 5:00 p.m. (Prevailing Eastern Time) and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

2

**EXHIBIT B**

**Confirmation Notice**

DAVIDOFF HUTCHER & CITRON LLP          *Hearing Date: June 25, 2026 @ 10:00 a.m.*
*Attorneys for the Debtors*                           *Objection Deadline: 6/16/26 @ 5:00 p.m.*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
www.nyeb.uscourts.gov

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 25-72421 (LAS) |
| SOUND VISION CARE, INC., *et. al.*, | ) |  |
|  | ) | (Jointly Administered) |
| Debtors.[7] | ) |  |
|  | ) |  |

**NOTICE OF (A) CONFIRMATION HEARING WITH RESPECT TO DEBTORS'
THIRD AMENDED CHAPTER 11 PLAN, (B) CERTAIN PROVISIONS OF THE
PLAN, AND (C) THE DEADLINE TO OBJECT TO CONFIRMATION**

**PLEASE TAKE NOTICE,** that on April 10, 2026, Sound Vision Care, Inc. and the other

above-referenced debtors and debtors in possession (collectively, the "Debtors") filed the *Third*

*Amended Chapter 11 Plan* (as may be amended, supplemented or otherwise modified, the "Plan")

[ECF No. 398] as described in the *Third Amended Disclosure Statement* (the "Disclosure

Statement") [ECF No. 399], with the United States Bankruptcy Court for the Eastern District of

New York (the "Bankruptcy Court"). Capitalized terms used in this Notice, which are not defined

herein, have the meanings set forth in the Plan.

---

[7]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care,
Inc. (0693); (ii) SVC of Coram, LLC (7727); (iii) SVC of East Setauket, LLC (4510); (iv) SVC of Riverhead,
LLC (9996); (v) SVC of Southold, LLC (4232); (vi) SVC of Fresh Meadows, LLC (4333); (vii) SVC of
Manhasset, LLC (7234); and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224
Ostrander Avenue, Riverhead, NY 11901.

**PLEASE TAKE FURTHER NOTICE,** that on April 9, 2026, the Bankruptcy Court approved the Disclosure Statement and authorized the Debtors to solicit acceptances or rejections of the Plan from those holders of Impaired Claims who are (or may be) entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE,** that the Confirmation Hearing will be held before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, 290 Federal Plaza, Central Islip, New York 11722, on **June 25, 2026 at 10:00 a.m.** (Prevailing Eastern Time) or as soon thereafter as counsel can be heard, to consider the entry of an order confirming the Plan within the meaning of section 1129 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE,** that responses and objections, if any, to confirmation of the Plan (each a "Confirmation Objection") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"); (c) set forth the name of the objector, and the nature and amount of any claim against or interest in the Debtors asserted by the objector; (d) state with particularity the legal and factual bases for the Confirmation Objection; (e) be filed with the Bankruptcy Court; and (f) be served on the following parties: (i) the Office of the United States Trustee, Eastern District of NY, 560 Federal Plaza, Central Islip, NY 11722, attn.: William J. Birmingham, Esq., (ii) Davidoff Hutcher & Citron LLP, 605 Third Avenue, New York, New York 10158, attn.: Craig M. Price, Esq., and (iii) all parties that have filed notices of appearance in this case (collectively, the "Notice Parties"). **Confirmation Objections must be filed with the Bankruptcy Court and served on the Notice Parties so as to be received no later than June 16, 2026 at 5:00 p.m. (Prevailing Eastern Time).**

**CONFIRMATION OBJECTIONS THAT ARE NOT TIMELY AND DO NOT COMPLY WITH THE FOREGOING REQUIREMENTS MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AT THE CONFIRMATION HEARING.**

**PLEASE TAKE FURTHER NOTICE,** that the Disclosure Statement, the Plan, and the order approving the Disclosure Statement are or will be on file with and may be examined by any party in interest at the Office of the Clerk of the Court, United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722, during normal business hours or via the Court's website at www.nyeb.uscourts.gov (login and password required). In addition, a copy of the Disclosure Statement, the Plan, and the order approving the Disclosure Statement may be obtained by any party upon written request to the undersigned.

**PLEASE TAKE FURTHER NOTICE,** that non-material modifications to the Plan may be made, if necessary, pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE,** that the Plan provides that the distributions and other treatment afforded all holders of Allowed Claims and of Allowed Interests under the Plan shall be in full and complete satisfaction of all Claims against and Interests of the Debtors.

**PLEASE TAKE FURTHER NOTICE,** that if you have any questions regarding this Notice, please contact the undersigned.

Dated:    New York, New York
          [Date]

*[signature]*_____
Craig M. Price
DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for the Debtors*
605 Third Avenue
New York, New York 10158
(212) 557-7200