

# DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW

120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

FIRM OFFICES

NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

**WRITER'S DIRECT: 646-428-3236**
**E-MAIL: jbg@dhclegal.com**

June 12, 2026

**Via Email (diane_corsini@nyeb.uscourts.gov)**
Hon. Louis A. Scarcella, U.S.D.J.
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

> **Re:    Chapter 11, Eastern District of New York, *In re Sound Vision Care, Inc.*, Lead Case No. 25-72421, *et al.* (Chapter 11 filings)**
>
> **Rejecting ballot of Kapitus Servicing, Inc. as authorized sub-servicing agent of Kapitus LLC**

Dear Judge Scarcella:

This letter is written with reference to the hearing on confirmation scheduled for June 25, 2026 in the above-referenced matter. Specifically, this letter concerns the rejecting ballot of Kapitus Servicing, Inc. as authorized sub-servicing agent of Kapitus LLC (the "Kapitus Ballot").

The Debtors intend to reject this ballot in calculating acceptances and rejections of the Third Amended Plan of Reorganization (the "Plan"). 11 U.S.C. § 502(a) provides as follows:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, **unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.** (emphasis supplied).

On November 13, 2025 the Debtors filed a proceeding entitled <u>Sound Vision Care Inc., et. al. v. Kapitus LLC, et. al</u>. (the "Adversary Proceeding") seeking in part to disallow Kapitus' claim. The Adversary Complaint ("Adversary Complaint," Adversary Proceeding ECF Docket No. 1) serves as an objection to the Kapitus Claim. For reasons of judicial economy the Debtors

June 12, 2026
Sound Vision Care, Inc. *et. al.*
Page 2

included objections to claims against all MCA Lenders, including Kapitus Servicing, Inc. as authorized sub-servicing agent of Kapitus LLC and Kapitus LLC (collectively, "Kapitus").

Paragraph 83 of the Adversary Complaint states:

83. This Adversary Proceeding serves as an objection to the Kapitus Claim under 11 U.S.C. § 502(a) and Fed.R.Bankr.P. Rule 3007(b).

Paragraph 118 of the Adversary Complaint states in relevant part:

118. In addition to the relief sought against All MCA Lenders as described below, Plaintiffs seek, with regard to Kapitus and Kapitus Servicing the following relief:

d) Disallowing the Kapitus Claim under 11 U.S.C. § 502(b)(2) or reducing same on the basis that the Kapitus Claim represents in whole or in part unmatured interest;  and

f) Reclassifying the Kapitus Claim as a general unsecured Claim.

Paragraphs 320 and 321 of the Adversary Complaint state:

320. Section 502(d) of the Bankruptcy Code provides that to the extent creditor retains preferential and/or fraudulent transfers, it does not hold a claim.

321. The Debtors seek the disallowance of any claim filed by the MCA Lenders or otherwise asserted against the Estates.

Fed.R.Bankr.P. Rule 3007(b) specifically permits an objection to claim to be made in the form of an adversary proceeding, stating:

(b) Demanding Relief That Requires an Adversary Proceeding Not Permitted. In objecting to a claim, a party in interest must not include a demand for a type of relief specified in Rule 7001 but may include the objection in an adversary proceeding.

Since the Debtors have objected to the Kapitus Claim and by extension a separate claim filed later in the case SVC of Murray Hill LLC, Case No. 25-72458 the Debtors notify the Court and counsel for Kapitus, copied on this letter, that the Debtors are not including the Kapitus Claim in its tabulation of ballots. This notice is as suggested by the Court in In re Motel Assocs. of Cincinnati, 50 B.R. 196 (Bankr. S.D.N.Y. 1985) which states as follows:

2. Particularly where a disputed vote could control the outcome of balloting, it is inappropriate to disenfranchise a creditor who has duly filed a ballot

June 12, 2026
Sound Vision Care, Inc. *et. al.*
Page 3

> rejecting a plan without notifying the creditor in advance of the hearing on confirmation that its vote would be challenged at that hearing.
>
> 3. Pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure, a plan may be accepted or rejected by any creditor whose claim is deemed allowed pursuant to § 502 of the Code. After notice and a hearing the court may temporarily allow a claim to which an objection is interposed in an amount which the court deems proper for the purpose of accepting or rejecting a plan.
>
> In re Motel Assocs. of Cincinnati, 50 B.R. 196, 199 (Bankr. S.D.N.Y. 1985)

Kapitus has filed a Motion to Compel Arbitration and Stay this Proceeding (Adv. Proc. Docket No. 62), which is awaiting oral argument. Despite the notice explicitly given to Kapitus that the Debtors would seek to disallow Kapitus's vote as relief in the Adversary Proceeding, Kapitus did not seek provisional allowance of its claim pursuant to Fed.R.Bankr.P. Rule 3018(a)(4), or for determination of an amount for temporary allowance under 11 U.S.C. § 502(c).

For the foregoing reasons, the Debtors wish the Court to disallow, for voting purposes, the Kapitus Claim.

Thank you for your attention to these matters and your assistance. If you have any questions or concerns, please do not hesitate to contact this office.

Respectfully submitted,

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Debtors-Plaintiffs*

/s/ James B. Glucksman
By:＿＿/s/ James B. Glucksman＿＿＿
       James B. Glucksman

June 12, 2026
Sound Vision Care, Inc. *et. al.*
Page 4

Cc (via ECF Service):

-and-

Matthew V. Spero, Esq.
Rivkin Radler
By email to matthew.spero@rivkin.com

Elizabeth Uphaus, Esq.
Windels Marx LLP
By email to euphaus@windelsmarx.com

Robert J. Malatak, Esq.
Windels Marx LLP
rmalatak@windelsmarx.com