UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                                    Chapter 11

SOUND VISION CARE, INC., et al.,                          Case No. 25-72421 (LAS)
                                                          (Jointly Administered)

                                Debtors[1].

---------------------------------------------------------------x

### STIPULATION AND ORDER SETTLING CLAIM OF CAPITAL DOMAIN LLC AGAINST THE DEBTORS, NON-DEBTORS CORPORATION AND GUARANTOR JEFFREY WILLIAMS

**WHEREAS**, on June 23, 2025 (the "Sound Vision Filing Date"), the Debtors, other than SVC of Murray Hill LLC filed the following Chapter 11 petitions (i) Sound Vision Care, Inc. (25-72421), (ii) SVC of Coram, LLC (25-72422), (iii) SVC of East Setauket, LLC (25-72423), (iv) SVC of Fresh Meadows, LLC (25-72424), (v) SVC of Manhasset, LLC (25-72425), (vi) SVC of Riverhead, LLC (25-72426), and (vii) SVC of Southold, LLC (25-72428) filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Sound Vision Filings"), and (viii) SVC of Murray Hill LLC filed a voluntary petition on December 17, 2025, Case No. 25-74829 (the "Murray Hill Case") (the "Sound Vision Filings" and the "Murray Hill Case" collectively, where appropriate the "Chapter 11 Cases").

**WHEREAS**, the Debtors have continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory committee has been appointed.

---

[1]    The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Sound Vision Care, Inc. (0693), (ii) SVC of Coram, LLC (7727), (iii) SVC of East Setauket, LLC (4510), (iv) SVC of Fresh Meadows, LLC (4333), (v) SVC of Manhasset, LLC (7234), (vi) SVC of Riverhead, LLC (9996), (vii) SVC of Southold, LLC (4232), and (viii) SVC of Murray Hill, LLC (8674). The Debtors' mailing address is 1224 Ostrander Avenue, Riverhead, NY 11901.

**WHEREAS**, CBIZ has been retained as the accountants for the Debtors and are performing certain Financial Advisors functions in the Chapter 11 Cases.

**WHEREAS**, the Debtors operate retail optician and eyeglass boutiques in Long Island and New York City and provide optometry services to the public. The retail optician and eyeglass boutiques supply the community with optometry services.  Debtors operate eight (8) locations, and its headquarters is at its location in Riverhead, New York.

**WHEREAS,** the Debtors are limited liability companies organized in the State of New York. Sound Vision Care, Inc. is a New York corporation.

**WHEREAS,** a detailed description of the Debtors' business, and the facts and circumstances supporting this Motion and the Debtors' Chapter 11 case, are set forth in the *Declaration of Jeffery Williams, Jr. Pursuant to Local Bankruptcy Rule 1007-4* [Docket No. 15] (the "Rule 1007-4 Declaration").  The Rule 1007-4 Declaration is incorporated by reference as if set forth herein.

**WHEREAS**, as set forth and annexed to Proof of Claim No. 27 in the Chapter 11 proceeding of Sound Vision Care, Inc. ("Sound Vision Claim No. 27") the Debtors and other non-debtor parties entered into a Future Receivables Sale and Purchase Agreement (the "Agreement") dated April 3, 2024, under which Capital Domain LLC purchased a portion of Defendants' future receivables in exchange for an upfront payment of $190,000.00.

**WHEREAS,** on November 14, 2025 the Debtors filed an Adversary Complaint in the U.S. Bankruptcy Court, Eastern District of New York, Sound Vision Care of New York, Inc. v. Kapitus LLC et. al., Adv. Proc. No. 25-08112 (Main Case ECF No. 182, Adv. Proc. ECF No. 1, the "Nature, Extent Proceeding"), in which the Debtors alleged claims, *inter alia*, seeking to disallow and expunge any claim filed by parties providing financing under the MCA Agreements, including

but not limited to Capital Domain, on various grounds, including usury, unconscionability and in the alternative to subordinate such claims to the claims of other creditors under 11 U.S.C. § 510(c).

**WHEREAS**, Sound Vision Claim No. 27 was filed by Capital Domain LLC on behalf of Capitaldomain LLC a/k/a Capital Domain ("Capital Domain") and two other entities, Panthers Capital LLC and Advance Service Group LLC d/b/a Inadvance Working Capital Now (Sound Vision Claim No. 27").

**WHEREAS**, the Complaint commencing the Nature, Extent Proceeding was served on the address provided in Sound Vision Claim No. 27 on: 1) Capital Domain; 2) Panthers Capital LLC ("Panthers"); and 3) Advance Service Group ("Advance"), all care of CAPITAL DOMAIN LLC, ATTN: JORDAN MORRISON, 749 GATEWAY, STE. G-601, ABILENE, TX 79602.

**WHEREAS**, Anthony Giuliano, Esq. contacted counsel for the Debtors as counsel for Capital Domain in the Nature Extent Proceeding.

**WHEREAS**, Anthony Giuliano, Esq. does not represent Panthers and/or Advance, and Debtors' counsel is moving by separate application for relief under Fed.R.Civ.P. Rule 55(b)(2) against those parties.

**WHEREAS**, after the date of the filing of the petitions, the sum of $7,188.00 was debited by Capital Domain from the Debtors' accounts.

**WHEREAS,** the Debtors executed one or more security agreements to secure the Debtors' payment of the Capital Domain.

**WHEREAS**, Jeffrey Williams Jr. (the "Guarantor") individually guaranteed the Capital Domain Obligation.

**WHEREAS,** Capital Domain recorded a UCC Financing Statement in the Office of the Secretary of State, State of New York. The Debtors assert that Capital Domain's claim is unsecured inasmuch as it is junior to the secured claims of U.S. Eagle, Flushing Bank and BofA.

**WHEREAS**, the Debtors encountered financial difficulties which resulted in part from the financial stress of performing under MCA Agreements with Capital Domain and other MCA parties.  As a result, the Debtors filed the Chapter 11 Cases.

**WHEREAS**, Capital Domain's Claim (the "Capital Domain Claim") was timely filed, in combination with the claims of Panthers and Advance Services, and the parties have agreed on the amount of the debt due to Capital Domain as an unsecured claim (the "Capital Domain Claims") and to allow the amount of $114,600.00 as an unsecured claim. The $114,600.00 amount represents Capital Domain's sole and standalone allowed claim and is not a combined or shared amount with Panthers Capital LLC or Advance Service Group LLC, whose claims are being addressed separately by the Debtors under Fed.R.Civ.P. Rule 55(b)(2).

**WHEREAS,** on December 17, 2025 SVC of Murray Hill LLC filed the Murray Hill Case.

**WHEREAS,** Capital Domain commenced negotiations with the Debtors.

**WHEREAS**, the Debtors assert that it has potential preference claims against Capital Domain in the amount of $43,084.00 for payments within ninety days of the Filing Date (the "Ninety Day Payments").

**WHEREAS**, the Debtors assert that it has claims for avoidance and recovery of the $7,188.00 in post-petitions transfers to the Debtors.

**WHEREAS**, Capital Domain is likely to assert that the Ninety Day Payments were made in the ordinary course of business or financial affairs of the Debtors and Capital Domain.

**WHEREAS**, the Debtors has asserted, in the Nature, Extent Proceeding that the Capital Domain MCA Agreement was in fact a disguised loan, and subject to defenses such as usury and unconscionability, as well as equitable subordination.

**WHEREAS**, Capital Domain is likely to assert that the Capital Domain MCA Agreement was in fact a purchase of accounts receivable and the Capital Domain Obligation of the Debtors and Guarantor were valid and subsisting obligations.

**WHEREAS,** Capital Domain is likely to assert claims against the Guarantor for the Capital Domain Obligation.

**WHEREAS,** Guarantor is likely to assert claims against and defenses to the Capital Domain Obligation.

**WHEREAS**, the Debtors and Guarantor, on the one hand, and Capital Domain on the other (the Debtors, Capital Domain and the Guarantor, collectively, the "Parties") wish to avoid the cost, risk, and expense of further litigation on the Capital Domain Claim and related claims between and among the Debtors, Guarantor and Capital Domain (collectively, the "Claims"), and/or in connection with the plan process in the Chapter 11 case, and after arms' length negotiation, the Parties have reached a settlement resolving the Claims on the terms set forth below.

**NOW, THEREFORE, IN CONSIDERATION OF THE ABOVE STATED PREMISES, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED AND ORDERED AS FOLLOWS:**

1.      Capital Domain's claim shall be treated as amended to the status of an unsecured claim, and said claim shall be allowed as an unsecured claim solely in favor of Capital Domain LLC in the amount of $114,600.00 (the "Revised Claim Amount"), which amount is not subject to any reduction, contribution, or offset on account of any disposition of the claims of Panthers

Capital LLC or Advance Service Group LLC.

2.      Capital Domain agrees to the reduction of its distribution/dividend payable under the Debtors' contemplated plan by $7,188.00, representing the post-petition avoidable transfers, such reduction to be applied first against any initial distribution payable to Capital Domain, with any unrecovered balance applied against subsequent distributions until the full $7,188.00 has been recovered. Upon full recovery of the $7,188.00 by such offset, the Debtors and the Debtors' estates shall have no further claim against Capital Domain on account of the post-petition transfers under 11 U.S.C. § 549, § 542, or otherwise.

3.      The Debtors waive and release all claims for disallowance and/or subordination of the Capital Domain Claim.

4.      The Nature, Extent Proceeding will be dismissed with prejudice as to Capital Domain only pursuant to Fed.R.Civ.P. Rule 41(a)(2).

5.      In consideration of the allowance of the Capital Domain Claim, Capital Domain and its shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities (collectively, the "Capital Domain Releasing Parties"), shall be deemed to hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge the Debtors and all non-debtor guarantors of any of the obligations to Capital Domain and Guarantor (collectively, the "Obligor Released Parties") and their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs,

executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands related to any transactions between the Debtors, Guarantor, Obligor Released Parties and Capital Domain, known or unknown, foreseen or unforeseen, in law or equity, from the beginning of the world to the date of this release, including any claims the Capital Domain Releasing Parties may have had or claim to have had, on now have or claim to have, or hereafter may have or claim to have, or could have asserted against the Debtors or Guarantor.

6.      In consideration of the terms and conditions of this Stipulation, upon execution of this Stipulation, the Debtors and Guarantor and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge Capital Domain and its shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities, and each of their respective shareholders, partners, members, officers, directors, agents, heirs, executors, administrators, successors, assigns, affiliates, employees, and affiliated entities (the "Capital Domain Released Parties"), of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances,

trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands whatsoever, known or unknown, foreseen or unforeseen, in law or equity, from the beginning of the world to the date of this release, including any claims the Debtors and/or Guarantor may have had or claim to have had, or now have or claim to have, or hereafter may have or claim to have, or could have asserted.

7.      Capital Domain will consent to approval of any Disclosure Statement that is consistent with the terms of this agreement and transactions contemplated by this Stipulation.

8.      Capital Domain will (a) vote its claims in favor of and (b) not object to any chapter 11 plan of reorganization filed by the Debtors that is consistent with the terms of this Settlement Agreement and provides the unsecured creditors, including Capital Domain, customary treatment for an unsubordinated and unsecured creditor, other than special provisions applicable to creditors with a perfected lien and/or are doing ongoing business with the Debtors, regardless of the distribution on the Capital Domain Claim as allowed by Paragraph 1 of this Stipulation, which may be *de minimis*, depending on unrelated developments in the Chapter 11 cases.

9.      This Settlement Agreement is subject to approval by the Bankruptcy Court pursuant to Bankruptcy Rule 9019, pursuant to this Stipulation and Order.

10.     Capital Domain's obligations under the preceding paragraph shall terminate, and Capital Domain's right to vote and to object to any plan or disclosure statement shall be fully restored, upon the occurrence of any of the following: (i) conversion of any of the Chapter 11 Cases to a case under Chapter 7; (ii) the appointment of a Chapter 11 trustee in any of the Chapter 11 Cases; (iii) the dismissal of the Chapter 11 Case of any Debtor (other than the dismissal of a Debtor not then conducting business operations); (iv) if not already filed, the failure of the Debtors to file a chapter 11 plan within one hundred eighty (180) days from entry of the Order approving

this Stipulation; or (v) the filing of any chapter 11 plan that proposes treatment of the Capital Domain Claim less favorable than that provided in this Stipulation.

11.    In the event the Bankruptcy Court declines to approve this Stipulation under Bankruptcy Rule 9019, this Stipulation shall be null and void *ab initio*, the Parties' respective rights, claims, defenses, and counterclaims shall be fully restored to the status quo ante, and nothing contained herein shall be admissible in any subsequent proceeding for any purpose. This provision shall be operative only upon a final denial of approval of this Stipulation.

12.    Capital Domain represents and warrants that it is the sole owner of the Capital Domain Claim, that it has not assigned, sold, transferred, hypothecated, or pledged the Capital Domain Claim or any portion thereof to any other person or entity, and that the undersigned has full power and authority to execute this Stipulation on behalf of Capital Domain and to grant the releases contained herein.

**STIPULATED AND AGREED TO**:

Dated: New York, New York
          May 12 2026

**SOUND VISION CARE, INC. and all Debtors in Chapter 11 Cases as Defined and all Non-Debtors Litigation Defendants**

By: *Jeffrey Slaney Williams, Jr.*
      Jeffrey Slaney Williams, Jr. (May 12, 2026 15:16:11 EDT)

      Jeffrey Slaney Williams Jr., Managing Member
          And President of Sound Vision Care Inc.

/s/ Anne Penachio

_____

ANNE PENACHIO, ESQ.

*Jeffrey Slaney Williams, Jr.*
Jeffrey Slaney Williams, Jr. (May 12, 2026 15:16:11 EDT)

Jeffrey Slaney Williams Jr., Guarantor

**DAVIDOFF HUTCHER & CITRON LLP**

By: */s/James B. Glucksman*_____
      Robert L. Rattet
      James B. Glucksman

605 Third Avenue
New York, New York 10158

Telephone:  (914) 381-7400
Email:       rlr@dhclegal.com
             jbg@dhclegal.com

*Bankruptcy Counsel to the Debtors*
*and Debtor in Possession*

**GIULIANO LAW, PC**
Attorneys for Defendants

*/s/ Anthony F. Giuliano*
Anthony F. Giuliano, Esq.
445 Broadhollow Rd. Ste. 25
Melville, NY 11747
(516) 792-9800

CAPITAL DOMAIN LLC

BY: */s/ Avi Ulano*
      Managing Member

**SO ORDERED.**

Dated: June 12, 2026
       Central Islip, New York



Louis A. Scarcella
United States Bankruptcy Judge